**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 13-CV-3963 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| JON BURGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Motion by plaintiff James Kluppelberg to appoint special administrator on behalf of deceased defendants and for extension of time to serve defendant Vega (#57) is granted in part and denied in part. The motion is granted as to the extension of time to serve defendant Vega and denied as to the appointment of a special administrator. Plaintiff is given until January 9, 2014 to serve defendant Vega. See statement.

**STATEMENT**

Plaintiff James Kluppelberg has moved to appoint a "special administrator"[1] for the purpose of representing defendants Dennis Guest, John Schmitz, William Foley, Thomas Ptak, and Francis Patrick Burns (collectively, "deceased defendants"). Plaintiff has also moved for a 30-day extension of time to serve defendant Victor Vega. Plaintiff's motion to extend time is granted; his motion to appoint a special administrator is denied.

Relying on 735 Ill. Comp. Stat. 5/2-1008(b)(2)[2] and 5/13-209(c),[3] plaintiff argues that the

---

[1] As clarified by the Illinois Supreme Court in *Relf* v. *Shatayeva*, ---N.E.2d----, 2013 IL 114925, at **10–11 (Oct. 18, 2013) (unpublished), the term "special administrator" is a misnomer. The appropriate term is either "personal representative" or "special representative." *Id.*

[2] Section 2-1008(b)(2) states,

> (b) Death. If a party to an action dies and the action is one which survives, the proper party or parties may be substituted by order of court upon motion as follows:
>
> ***
>
> (2) If a person against whom an action has been brought dies, and the cause of action

1

court has authority to appoint a "special administrator" to represent the interests of the deceased defendants. Section 2-1008(b)(2), however, only "applies where a party dies while a case is already pending . . . [and] may not be used where . . . a defendant dies before the action is instituted." *Relf* v. *Shatayeva*, ---N.E.2d----, 2013 IL 114925, at *11 (Ill. Oct. 18, 2013) (unpublished) (citing *Greene* v. *Helis*, 252 Ill. App. 3d 957, 961, 192 Ill. Dec. 202, 625 N.E.2d 162 (1993); *Sepeda* v. *LaBarre*, 303 Ill. App. 3d 595, 598, 237 Ill. Dec. 1, 708 N.E.2d 804 (1999)). From the record, it does not appear that any of the deceased defendants passed away while this case was pending and, as such, section 2-1008(b) does not apply.

Nor does section 5/13-209(c), which allows an action to proceed against a deceased

---

survives and is not otherwise barred, his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person bringing an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

735 Ill. Comp. Stat. 5/2-1008(b)(2).

[3] Section 13-209(c) states,

(c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

735 Ill. Comp. Stat. 5/13-209(c).

2

person's "personal representative" under certain circumstances, provide assistance. 735 Ill. Comp. Stat. 5/13-209(c). As explained by the Illinois Supreme Court, "a 'personal representative' refers to someone appointed pursuant to a petition for letters of office while 'special representative' designates someone appointed by the court in situations where no petition for letters of office for the decedent's estate [have] been filed[.]" *Relf*, 2013 IL 114925, at *10; *id.* at *8 ("Issuance of letters of office would therefore appear to be a hallmark of 'personal representatives' as that term is commonly understood when applied to situations involving estates which must be settled and distributed following a person's death."). The Probate Act of 1975 sets forth the procedure for the issuance of such letters, *see Relf*, 2013 IL 114925, at *8 (citing 755 Ill. Comp. Stat. 5/6-8 and 5/9-2), and that authority is vested squarely with the state court. As none of the deceased defendants are represented by a "personal representative" as the term is understood in *Relf*, section 13-209(c) does not apply.

Moreover, as effectively argued by defendants, plaintiff fails to identify any federal statutory or rule-based authority that would allow the court to appoint a "special administrator" as requested. Indeed, many of the cases plaintiff cites fail to identify the federal authority upon which they rely. *See Taylor* v. *Kachiroubas*, No. 12 C 8321, Dkt. #62 (N.D. Ill. July 16, 2013) (citing 735 Ill. Comp. Stat. 5/13-209(c)); *Lambersky* v. *Petritis*, No. 01 C 3544, 2002 WL 1285883, at *1 (N.D. Ill. June 11, 2002) (citing 735 Ill. Comp. Stat. 5/13-209(b)(2)); *see also United States* v. *Hyland*, No. C05-0266RSL, 2007 WL 836801, at *1 n.1 (W.D. Wash. Mar. 14, 2007) (stating that "the probate exception to federal court jurisdiction is unlikely to be implicated if the Court appoints a representative for the limited purpose of this litigation" but stating that "[t]he Court need not decide the issue at this time").

Other cases plaintiff[4] cites rely on Federal Rule of Civil Procedure 25, which states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a). This rule only applies when a party dies during the pendency of the lawsuit. Conversely, "[w]hen a person for whom substitution is sought has died before being named a party, substitution is not allowed." *Stanley* v. *Kenney on Behalf of Estate of Kenney*, No. 87 C 10822, 1988 WL 48240, at *1 (N.D. Ill. May 9, 1988); *see also Atkins* v. *City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) ("A motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them."). Finally, the remaining cases cited by plaintiff were abrogated by or distinguished by *Relf*. *See Gaddy* v. *Schulte*, 663 N.E.2d 119, 278 Ill. App. 3d 488, 215 Ill. Dec. 369 (1996) (abrogated by *Relf*, 2013 IL 114925, at *11 n.2 ("*Gaddy* has not been followed by the courts of Illinois and for the reasons discussed in this opinion, it is incorrect . . . ."); *Keller* v. *Walker*, 744 N.E.2d 381, 319 Ill. App. 3d 67, 253 Ill. Dec. 99 (2001) (distinguished by *Relf,* 2013 IL 114925, at *11 ("[T]he [*Keller*] court did not recognize, consider or discuss the significance of section 13–209(c)'s use of the term 'personal representative'; that a

---

[4] *See Tamburo* v. *Dworkin*, No. 04 C 3317, 2012 WL 104545, at *4 (N.D. Ill. Jan. 11, 2012) (citing Fed. R. Civ. P. 25(a)); *accord Rivera* v. *Lake Cnty.*, No. 12 C 8665, Dkt. #181 at 35 (N.D. Ill. Sept. 26, 2013) (relying on *Tamburo*).

special administrator would only qualify as a 'special representative,' not a 'personal representative'; or that under section 13–209(c) . . . a 'personal representative' refers specifically to an individual appointed to settle and distribute an estate pursuant to a petition for issuance of letters of office. . . . The decision is therefore of no value in the resolution of this case.").

      Given the Illinois Supreme Court's recent guidance in *Relf*, and plaintiff's failure to cite a controlling federal rule or statute, the court remains unconvinced that it has the authority to appoint a "special administrator" as requested. Plaintiff's motion to appoint a "special administrator" is denied.

Date: December 6, 2013

                                        U.S. District Judge Joan H. Lefkow