IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KLUPPELBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 3963 |
| v. ) | |
| ) | Magistrate Judge |
| JON BURGE, et al., ) | Maria Valdez |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This case alleging various violations of 42 U.S.C. § 1983 is before the Court on Plaintiff's Motion for HIPAA and MHDDCA Order [Doc. No. 122]. For the reasons that follow, Plaintiff's motion is denied.

### DISCUSSION

The parties agree that a protective order governing medical and mental health information is necessary, but they disagree about the logistics of producing those records. At oral argument, counsel expressed concern that Plaintiff's signing a broad HIPAA waiver would serve to waive the privilege as to all of his records, and thus Plaintiff would need to quash all of the providers' subpoenas individually. Plaintiff proposes an alternative procedure by which subpoenas of his medical providers will be returnable to his counsel, who will have a period of forty-eight hours in which to review the records to determine whether any privilege applies. If a privilege is found, counsel will provide a privilege log to Defendants. Defendants object to this procedure, arguing that because Plaintiff is not asserting only "garden

variety" emotional distress damages, he has already waived any privilege over his mental health records.

Federal law recognizes a psychotherapist privilege under Federal Rule of Evidence 501. *See Jaffee v. Redmond*, 518 U.S. 1, 12 (1996). However, the privilege is waived when a party affirmatively places his or her psychological state at issue in the case. *Flowers v. Owens*, 274 F.R.D. 218, 223 (N.D. Ill. 2011) (explaining that generalized, "garden variety" emotional distress damages do not result in a waiver of the privilege); *see also Caine v. Burge*, No. 11 C 8996, 2012 WL 6720597, at *2 (N.D. Ill. Dec. 27, 2012) (collecting cases and finding that most courts in this district "have found, consistent with *Flowers*, that a party waives the privilege by claiming damages in situations where that party plans to introduce evidence of psychological treatment in support of their damages claim at trial").

Plaintiff does not dispute that he is claiming more than "garden variety" emotional distress damages. He nevertheless contends that his proposed production scheme is necessary to ensure that any privileges are not waived. Plaintiff misunderstands that, by putting his psychological history at issue, he has *already* waived any such privileges related to his psychological records.[1] *Cf. Caine*, 2012 WL

---

[1] Some of counsel's comments during oral argument suggested that Plaintiff may believe that certain of his medical records are privileged as well. However, medical records are not privileged under federal law. *See Northwestern Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004) (explaining that state privileges do not govern in federal suits; Federal Rule of Evidence 501 "does not recognize a physician-patient (or hospital-patient) privilege"; and "[w]e do not think HIPAA is rightly understood as an Act of Congress that creates a privilege").

6720597, at *4 (allowing plaintiff to review records before subpoena because he had not yet made the "strategic decision whether to limit damages to 'garden-variety' and thereby maintain the psychotherapist-patient privilege"). To the extent that any subpoenas seek irrelevant material, Plaintiff may seek to quash them on that basis or at the appropriate time move to have the material deemed inadmissible at trial.

Furthermore, Plaintiff's concern that Defendant's proposed release is in violation of the Illinois Mental Health and Developmental Disabilities Confidentiality Act ("MHDDCA"), 740 Ill. Comp. Stat. § 110/5, is misplaced even if the MHDDCA applies to this case. *See Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *6 (N.D. Ill. Aug. 10, 2007) (applying *Northwestern* and holding that the MHDDCA does not apply to federal question litigation). Pursuant to the MHDDCA, "[o]nly information relevant to the purpose for which disclosure is sought may be disclosed. Blanket consent to the disclosure of unspecified information shall not be valid. Advance consent may be valid only if the nature of the information to be disclosed is specified in detail and the duration of the consent is indicated." 740 Ill. Comp. Stat. § 110/5(c). Defendant's proposed HIPAA release does list the type of health information to be disclosed, it specifies that the information is to be used for the purposes of the present litigation, and it limits the dates of treatment from January 1, 1984 through June 30, 2012. (Defs.' Resp. Ex. D.)

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for HIPAA and MHDDCA Order [Doc. No. 122], is denied, and Plaintiff is ordered to provide Defendants with all necessary releases, consistent with this opinion.

**SO ORDERED.**　　　　　　　　　　　**ENTERED:**

*Maria Valdez*

**DATE:　　April 10, 2013　　**　　　　_____
　　　　　　　　　　　　　　　　　　　　**HON. MARIA VALDEZ**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**