IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES KLUPPELBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13 C 3963 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| JON BURGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Defendant City of Chicago has moved to bar reference to plaintiff James Kluppelberg's certificate of innocence ("COI") obtained under what will be referred to as "the Statute," 735 Ill. Comp. Stat. 5/2-702, which facilitates a wrongly convicted individual to obtain remedial compensation from the State of Illinois. For reasons stated herein, the motion will be denied.

**I.   BACKGROUND FACTS**

The facts necessary to resolve this motion *in limine* are undisputed. In 1989, Kluppelberg was convicted of arson and murder in connection with a 1984 fire in Chicago. He was sentenced to life in prison. After the State moved to dismiss the charges against Kluppelberg by *nolle prosequi* in 2012, the Cook County Circuit Court vacated his conviction and released him from prison. (*See* dkt. 202, ex. C.) After his release, Kluppelberg applied for a COI under the Statute. The Circuit Court of Cook County granted his application on August 5, 2013. (*See* dkt. 188, ex. T.) The Illinois Court of Claims also ordered the State of Illinois to pay Kluppelberg $213,624, the maximum compensation he was entitled to under 705 Ill. Comp. Stat. 505/8(c). (*See id.*, ex. U.) Kluppelberg then filed this suit for malicious prosecution and deprivation of due process under 42 U.S.C. § 1983 against the City of Chicago ("the City") and certain Chicago police

detectives and arson investigators.  The City moved *in limine* to bar reference to Kluppelberg's COI in this suit.

## II. LEGAL FRAMEWORK

### A. 735 Ill. Comp. Stat. 5/2-702

The Statute, enacted in 2008, allows a person whose conviction is set aside to seek a COI from the court that convicted him.  To obtain the certificate, a petitioner must prove by a preponderance of the evidence that (1) he was convicted of a felony and was sentenced to and served a term of imprisonment, (2) the conviction was reversed or vacated or was unconstitutional, (3) he is innocent of the offenses charged, and (4) he did not bring about his own conviction.  735 Ill. Comp. Stat. 5/2-702(g).  Illinois courts have interpreted the Statute to require that the petitioner be found "actually innocent" rather than "not guilty."  *See, e.g. Rudy* v. *People*, 984 N.E.2d 540, 597, 2013 IL App (1st) 113449, 368 Ill. Dec. 594 (2013).  A petitioner who receives a COI under the Statute is entitled to compensation in the Court of Claims.  *See* 705 Ill. Comp. Stat. 505/8(c).

### B. Precedent

The parties have cited two cases in which this court has directly considered the admissibility in a subsequent civil rights suit of a COI or the fact that a COI was denied.[1]

In *Logan* v. *Burge*, No. 09 C 5471 (N.D. Ill. filed Sept. 3, 2009), the court denied the defendants' request to bar reference to the plaintiff's COI.  Order at 1, *id.*, ECF Dkt. No. 423

---

[1] Kluppelberg also cites to *Jimenez* v. *City of Chicago*, Case No. 09 C 8081 (N.D. Ill. filed Dec. 31, 2009), but, even with some independent research, the court could find no direct objection to or discussion of the admissibility of the COI.  It appears the defendants only requested that they be able to argue that the plaintiff sought the certificate solely to recover compensatory damages.  *See* Transcript of Proceedings (Dec. 7, 2011) at 1916-17, *Jimenez*, ECF No. 361.  Similarly, the parties cite cases in which courts have considered the issuance of a COI as support for the "indicative of innocence" element of a malicious prosecution claim.  *See, e.g, Patterson* v. *Dorrough*, No. 10 C 1491, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012).  Although these cases are instructive regarding the certificate's relevance, they do not directly address the admissibility of the COI.

2

(Oct. 19, 2012) ("*Logan* Order"). The court found the certificate "relevant at least to the 'indicative of innocence' element of plaintiff's malicious prosecution claim, as well as to his damages." *Id.* It concluded that it was able to take judicial notice of the certificate's issuance and that it fell within the scope of the public records exception to the hearsay rule. *Id.* at 2, citing *United States* v. *Jones*, 29 F.3d 1546, 1553 (11th Cir. 1994).[2] Finally, the court rejected the defendants' contention that the certificate's admission would result in unfair prejudice, citing to a comparable case dealing with admission of a governor's pardon. *Id.* at 2 (citing *Newsome* v. *McCabe*, No. 96 C 7680, 2002 WL 548725, at *6 (N.D. Ill. Apr. 4, 2002) (ruling on motion for new trial that § 1983 plaintiff's pardon was correctly admitted because exclusion would have misled the jury).

A different judge of the court addressed a similar question in *Fields* v. *City of Chicago*, No. 10 C 1168, (N.D. Ill. filed Feb. 22, 2010), where the state court had denied the plaintiff's application for a COI. The defendants argued that the denial precluded the plaintiff from pursuing his malicious prosecution claim because he could not prove that the underlying criminal proceedings were terminated in his favor. Order on Motions Concerning Certificate of Innocence Proceeding at 2-3, *id.*, ECF No. 551 (Mar. 10, 2014) ("*Fields* Order"). The court rejected this argument, finding no authority to suggest that an unsuccessful COI petition precludes a plaintiff from proving favorable termination of the underlying criminal proceeding. *Id.* As part of its ruling, the court barred all evidence relating to the COI application at the liability phase of trial, citing two reasons pertinent here. *Id.* at 3. First, the denial of the certificate was not relevant to whether the criminal proceedings were terminated in the plaintiff's

---

[2] *Jones* stated that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." It ruled that it was error to notice judicial findings of fact made in another case involving the same parties where the findings did not indisputably establish the fact sought to be judicially noticed. *Jones* also rejected the argument that the public records exception of Rule 803(8) applied to judicial findings or judgments.

3

favor because the plaintiff was found not guilty at re-trial. *Id.* Second, the court could not take judicial notice of the denial of the certificate "because judicial notice cannot be used to end-run the requirements of issue preclusion." *Id.* The court did not rule on whether the certificate could be admitted during the damages phase of the trial but stated that, if it were admissible at that time, none of the state court judge's underlying findings from the COI proceeding could be admitted. *Id.*

## III. ANALYSIS

The City raises three arguments in support of their motion to bar reference to Kluppelberg's COI: (1) that subsection (j) precludes use of the certificate in subsequent lawsuits; (2) that the COI is inadmissible hearsay; and (3) that introduction of the COI will violate the defendants' due process rights.

### A. The Statute

The statute does not bar evidentiary use of the certificate. Subsection (j) states that "[t]he decision to grant or deny a [COI] shall be binding only with respect to claims filed in the Court of Claims and shall not have a *res judicata* effect on any other proceedings." 735 Ill. Comp. Stat. 5/2-702(j). The City interprets this provision to mean that a COI cannot be *referenced* in any subsequent proceeding. (*See* dkt. 188 at 5 ("[T]he statutory text expressly prohibits use of a judgment under § 5/2-702 in any subsequent suit outside the Court of Claims.").)

Had the Illinois legislature intended to bar evidentiary use of the certificate in later proceedings, it could have expressly done so. *Compare, e.g.,* 820 Ill. Comp. Stat. 405/1900(B) ("No finding . . . issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act."); 725 Ill. Comp. Stat. 5/108-12 ("The decision of the court upon this hearing shall not be admissible as evidence in any other proceeding nor shall it be

4

res judicata of any question in any other proceeding."). The City suggests that the Statute does not explicitly preclude introduction of the certificate because civil judgments are generally inadmissible in subsequent proceedings under the rule against hearsay. Possibly members of the legislature were sufficiently keen on the rules of evidence to have reasoned on this basis. But where the evidentiary use of a COI in a civil rights case was raised in the legislative debate and the bill passed without the bar, the court concludes that the maxim *inclusio unius est exclusio alterius* applies.

B.      Relevance

Kluppelberg argues that the COI is relevant to an element of malicious prosecution, that the proceedings were terminated in his favor, that it is relevant to his due process claim that withheld evidence was material to his wrongful conviction, and that it is relevant to damages.

Both parties seem to assume that whether Kluppelberg was in fact guilty is relevant to whether the proceedings were terminated in his favor, such that if the jury were to be persuaded that he actually did commit the crime, he would fail this element of proof. The judgment of conviction was vacated and expunged. Kluppelberg was released from prison. As indicated in *Fields*, evidence of actual guilt is irrelevant to this issue. The parties should stipulate that the proceedings were terminated in Kluppelberg's favor.

Whether the COI is relevant to show that the withheld evidence was material is not as straightforward because there is no indication on the certificate that withholding of evidence bore on the determination that a COI could issue.[3] In *Newsome*, however, the plaintiff similarly

---

[3] Kluppelberg explains, "The higher standard of proof in the criminal trial compared with the COI proceeding only underscores the strength of [the withheld] evidence—if the formerly withheld evidence caused the trier of fact to conclude that a criminal defendant was innocent under a lower preponderance of the evidence standard, that evidence was likely sufficient to create a reasonable doubt that the defendant was guilty." (Dkt. 202 at 10.) This argument is speculative at best.

5

claimed that the defendant officers withheld material exculpatory evidence in violation of his due process right to a fair trial. *See* 256 F.3d. 747 (7th Cir. 2001) (interlocutory appeal of denial of qualified immunity). The district court ruled on a motion for new trial that it had been proper to admit the plaintiff's pardon because excluding it would have sent the message that the issue was whether the plaintiff was guilty (rather than whether the defendants withheld material evidence). 2002 WL 548725 at *6.[4] As in *Newsome*, the COI may be relevant to neutralizing potential unfair prejudice to the plaintiff.

Finally, the COI is relevant to damages because a jury may award damages based in part on whether Kluppelberg is actually innocent. *See Parish* v. *City of Elkhart, Ind.*, 702 F.3d 997, 1003 (7th Cir. 2012) (reversing for new trial where court excluded evidence of innocence and minimal damages indicated that jury believed the plaintiff had been guilty). In the damages phase of the trial the certificate could be very significant, as illustrated by *Parish*, if as anticipated the defense plans to minimize damages by showing evidence that Kluppelberg committed the crime.

### C. Hearsay

The City argues that introduction of the COI would violate the rule against hearsay. Kluppelberg responds that the certificate is not hearsay and, even if it is, it falls within the public records exception to the hearsay rule or may be judicially noticed. The circuit court's findings of fact cannot be judicially noticed because the fact of innocence is subject to reasonable dispute. *See* Fed. R. Ev. 201(b)(2); *Jones*, *supra* n. 2.

---

[4] "The issue in this case was not . . . whether Newsome was guilty or innocent of the crime. But that is what it would have become if the fact of Newsome's innocence—and it was a fact once he was pardoned, *see People v. Chiappa,* 368 N.E.2d 925, 926 (Ill.App.Ct.1977) (stating that "the guilt of the defendant is absolved by pardon . . . where the same states that it is based upon the innocence of the defendant")—had been kept from the jury. Excluding that evidence would have been highly prejudicial to Newsome. It would have invited the jurors to draw the impermissible inference that he was actually guilty, and, thus, absolve defendants of any misconduct."

There is authority, however, supporting admitting the finding of innocence under the public record exception of Rule 803(8), on which the court in *Logan* relied in part. In general, judicial findings of facts do not fall within the public record exception of that rule. *See, e.g.*, *Nipper* v. *Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *Cardinal* v. *Buchnoff*, No. 06 CV 0072, 2010 WL 3339509, at *2 (S.D. Cal. Aug. 23, 2010). This principle was acknowledged in *Greycas, Inc.* v. *Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987), stating that "civil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay." In *Greycas*, however, the court questioned the soundness of the rule and upheld the trial court's admission of a state court judgment determining the priority of liens as "some evidence of the degree to which [the defendant's] misconduct injured [the plaintiff]." *Id.*[5] This is certainly analogous to Kluppelberg's argument that his injury included the need to apply for and obtain the COI.

There are other such instances within this circuit, as well, in which judicial findings have been admitted under Rule 803(8). *See, e.g.*, *United States* v. *Lechuga*, 975 F.2d 397, 398-399 (7th Cir.1992) (holding hearsay in court order setting conditions of release, appearance bond, and minutes from several court proceedings admissible under Rule 803(8)); *Select Creations, Inc.* v. *Paliafito America, Inc.*, 852 F. Supp. 740, 744 (E.D. Wis. 1994) (arrest warrant admitted under Rule 803(8)); *In re Maurice*, 138 B.R. 890, 894 (N.D. Ill. 1992) (state court factual findings admissible under Rule 803(8)(C) to demonstrate nondischargeability of debt because of fraud). Because the application for the COI is part of the narrative of this case and because the Seventh Circuit in *Graycas* opened the door to expansion of admissibility of

---

[5] The court reasoned, "Since judgments are often given conclusive effect in subsequent litigation, through the doctrines of res judicata and collateral estoppel, it is a little hard to understand why they should not be allowed to have merely evidentiary effect, if for some reason not all the requirements of res judicata or collateral estoppel are fulfilled."

judicial findings, the court will allow the certificate of admissibility into evidence under Rule 803(8) as evidence of the extent of injury to the plaintiff.

Moreover, the COI may bear on the due process claim insofar as it is needed to keep the jury's focus on the materiality issue as opposed to Kluppelberg's actual guilt or innocence. Whether the court in *Newsome* relied on judicial notice or another basis for admission of the pardon is not reflected in the reported decision, but its concern that exclusion of the evidence would have been highly prejudicial to the plaintiff reflects the mandate of Rule 102 that the rules should be construed "to administer every proceeding fairly[.]" In this regard, the court reserves ruling. Should defendants offer evidence that Kluppelberg was actually guilty so as to negate the materiality of the allegedly withheld evidence, the COI would be relevant rebuttal evidence and admissible under Rule 803(8).

### D. Prejudice to Defendants

Defendants argue that admission of the COI would deprive them of due process of law because it would bind them to the outcome of a proceeding to which they were not parties. The COI makes no finding as to any act of any police officer involved in the case that would put them in the position of having to rebut a finding made in a proceeding to which they were not a party. To the contrary, due process is not denied to defendants by admission of this evidence. The Federal Rules of Evidence are rules of inclusion, not exclusion, with the ultimate purpose of "ascertaining the truth and securing a just determination." *See* Fed. R. Ev. 102; *Univac Dental Co.* v. *Dentsply Intern., Inc.*, 268 F.R.D. 190, 197 (M.D. Pa. 2010) ("This quality of inclusion embraced by the Federal Rules of Evidence, favoring the admission of potentially probative proof in all of its forms, is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms."); *United States* v. *Shonubi*, 895 F. Supp.

8

460, 492 (E.D.N.Y.,1995) (citing "strong federal policy favoring admissibility of, and reliance on, all helpful information"); *United States* v. *Lane*, 194 F.Supp.2d 758, 777 (N.D. Ill. 2002) ("Federal Rules of Evidence are essentially rules of inclusion with an end toward attaining [*sic*] the truth." (internal citation and quotation omitted)).

Although the COI is evidence supporting Kluppelberg's position that he did not commit the crime, evidence that he did commit the crime may also be admitted because it may be necessary for the jury to decide whether Kluppelberg likely committed the crime in order to decide whether the alleged wrongdoing of the defendants caused him injury and, if so, the extent of damages. The COI, like the initial guilty verdict, is evidence in the case. Our system of justice trusts the jury in its sound judgment to weigh all of the evidence in determining which party is entitled to a favorable verdict. The jury may be instructed that the COI is not conclusive of Kluppelberg's innocence but merely evidence to be weighed along with all of the evidence in the case.[6]

---

[6] A COI is not a civil judgment in the sense that it announces the outcome of an adversary proceeding. Under the Statute, the applicant provides the documentation required and the certificate is granted or denied based on the submission. § 5/2-702(c), (d). The applicant must serve the State's Attorney who prosecuted the applicant and the Attorney General, who are permitted to intervene as a party. § 5/2-702 (e). This strongly implies that the typical proceeding is *ex parte*, similar to assessment of probable cause for a warrant. If Kluppelberg's proceeding was *ex parte*, the jury may be so informed. The court is confident that the jury will be fully capable of understanding that the COI may be entitled to less weight as a result.

**ORDER**

The motion of Defendant City of Chicago to bar reference to plaintiff's 735 ILCS 5/2-702 certificate (dkt. 187) is denied.

Date: March 24, 2015

_U.S. District Judge Joan H. Lefkow_