IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO INTRODUCE THE CIRCUMSTANCES OF JON BURGE'S FEDERAL CONVICTION**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully requests that this Court permit him to introduce both the fact of and the circumstances underlying Jon Burge's 2010 federal conviction for perjury and obstruction of justice. In support thereof, Plaintiff states as follows:

**Introduction**

As this Court is uniquely aware, Defendant Jon Burge was convicted on June 28, 2010 of perjury and obstruction of justice. *See* Dckt No. 291, *United States v. Burge*, No. 08 CR 846. The basis for his conviction was that he lied under oath in interrogatory responses when he denied physically abusing suspects or being aware that physical abuse was being used by Chicago Police officers to secure confessions at Area 2. Among the allegations and evidence presented was that Burge and his subordinates beat false confessions out of Melvin Jones, Anthony Holmes, Andrew Wilson, and Shadeed Mu'Min, and that Burge was aware that officers under his command beat a false confession out of Gregory Banks.

The relevance and importance of both Burge's conviction and the circumstances underlying it to this litigation cannot be overstated. Among the questions that the jury will have

to answer at trial are: (a) whether Plaintiff was beaten into giving a false confession that was fabricated by Defendant Rolston; (b) whether Defendant Burge was aware that his subordinates, including Rolston, had a practice of beating suspects and fabricating confessions, including the confession of Plaintiff; and (c) whether Defendant Burge condoned or turned a blind eye to that misconduct. Defendant Burge's conviction, and the facts underlying it, are thus relevant and admissible to help answer those questions. This is particularly so because the answers are no longer subject to debate: Under the law, Defendant Burge should estopped from making any argument inconsistent with his convictions, thus permitting an inference that he was aware that the very sort of misconduct that befell Plaintiff was occurring at Bomb & Arson. Were there any doubt, the fact that Burge is refusing to testify – and thereby undermining Plaintiff's ability to prove claims on which he has the burden of proof – should tip the balance in favor of permitting this evidence.

I. **The Conviction Itself Is Admissible**

At a minimum, there can be no legitimate dispute that the fact of Burge's conviction can be introduced under Fed. R. Evid. 609(a)(2). Perjury and obstruction of justice are crimes of dishonesty, and Burge's conviction was within the last ten years.[1] Moreover, although Burge is invoking the Fifth Amendment in the instant litigation, his credibility will nonetheless be at issue at trial, and should be subject to impeachment by the usual, otherwise-applicable means. That is true for several reasons.

First, Plaintiff plans to call Burge to testify. Consistent with the procedures used by Plaintiff's counsel at trials in this District, including before this Court (in *Robinson v. Harvey*), Plaintiff's counsel intends to call the witness and establish a record of exactly which questions

---

[1] Unlike Fed. R. Evid. 609(a)(1), Fed. R. Evid. 609(a)(2) does not include a Fed. R. Evid. 403 balancing in its inquiry. To the contrary, the Rule explains that the conviction "must be admitted." *See also United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993).

the witness is invoking a privilege on and thereby triggering the adverse inference. Witness credibility is always an issue, and there is no reason, for example, why jurors should not be able to consider whether the privilege assertions are properly invoked (as opposed to motivated by the witnesses' mere desire not to answer them). The point is, Defendants on trial should not be allowed to escape impeachment of their credibility simply because they are enjoying the fruits of their Constitutional protections.

Second, and along the same lines, the adverse inference that can be drawn from invocation of the Fifth Amendment is only permissive, meaning the jury will have to decide whether or not to draw it – a determination that is based on the jury's perception of Burge's credibility. *See Daniels v. Pipefitters' Ass'n Loc. Union No. 597*, 983 F.2d 800, 802 (7th Cir. 1993) ("Adverse inferences are based upon the logic that '[s]ilence is often evidence of the most persuasive character.'") (quoting *United States ex. rel. BIlokumsky v. Tod*, 263 U.S. 149, 153-54 (1923)); *see also Harris v. City of Chicago*, 266 F.3d 750, 755–56 (7th Cir. 2001).

Third, because the Defendants will be putting on other evidence to negate Burge's liability, they will be putting his credibility as a witness at issue. This is an independently sufficient reason to permit the introduction of the conviction. *See United States v. Noble*, 854 F.2d 1324, 1330-32 (7th Cir. 1985) ("When Noble's counsel introduced the taped conversation into evidence containing the defendant's exculpatory hearsay statements, the defense counsel made the defendant's credibility an issue . . . Federal Rules of Evidence Rule 806 provides that when a hearsay statement has been admitted into evidence, the credibility of the declarant may

be attacked by evidence "which would be admissible for those purposes if declarant had testified as a witness."); *see also United States v. McClain*, 934 F.2d 822, 833–34 (7th Cir. 1991).[2]

## II. The Circumstances Surrounding Burge's Conviction Are Admissible

In addition to introducing the fact of the conviction, Plaintiff is also seeking to introduce the basis for that conviction. Plaintiff should be permitted to do so.

As an initial matter, it is worth noting that the evidence in question is conclusively established. By operation of law, Burge should be estopped from arguing that he neither physically abused nor knew that his subordinates physically abused suspects. In the Seventh Circuit, a criminal conviction "conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Cook County v. Lynch*, 560 F. Supp. 136, 138 (N.D. Ill. 1982). Here, Defendant Burge was convicted of perjuring himself when he stated in interrogatories that neither he nor his subordinates abused suspects. As such, Defendant Burge should be estopped from arguing (a) that he did not abuse suspects and (b) that he was not aware that those he supervised abused suspects. The Defendants only possible retort to the application of estoppel is that Burge's conviction relates to acts he took at Area 2 from 1972 to 1985 (the majority occurred in the 1980s). But there is no meaningful distinction between detectives from Area 2 under his command who physically abused suspects and those at Bomb and Arson who physically abused suspects.

---

[2] The conviction is also admissible because it helps explain why Burge (and Rolston) is taking the Fifth, an issue that is front and center in this trial. It is bad enough that Defendants are going to refuse to answer questions; Plaintiff should not be vulnerable to arguments by the Defendants (or even speculation by a juror) that there may have been innocent reasons why Burge would remain silent. The fact is, the circumstances surrounding this conviction directly bear on such reasoning, and the Court should exercise its discretion and let it in for that purpose as well.

Moreover, the facts underlying Burge's conviction are admissible because they satisfy Fed. R. Evid. 404(b). In *United States v. Gomez*, the Seventh Circuit modified the Fed. R. Evid. 404(b) test from its previous four-part analysis to focus instead on whether the evidence satisfied Rules 104, 401 and 402. *Id.* at 853 ("This change is less a substantive modification than a shift in paradigm that we hope will produce clarity and better practice in applying the rules of evidence."). To satisfy Rules 401 and 402, the other acts evidence must be relevant evidence, "which is both *probative* (having 'any tendency to make a fact more or less probable than it would be without evidence') and *material* (the fact must be 'of consequence in determining the action'). *Id.* (emphasis in original). In addition, pursuant to Fed. R. Evid. 104, there must be proof "sufficient to support a finding that the fact does exist." *Id.* Each of those criteria are established here.

### A. Evidence Relating to Burge's Conviction is Probative and Material

First, the evidence relating to Burge's conviction is both probative and material to Plaintiff's case. As described more fully above, Burge's conviction demonstrates Burge's intent to physically abuse suspects and knowledge that officers under his command were physically abusing suspects. Whether Plaintiff was coerced into providing a false confession will be a hotly contested issue at trial, and is relevant to demonstrate both that the Defendants fabricated evidence (and thus fabricated probable cause) and to show that Defendants instituted false charges out of malice toward Plaintiff. Both knowledge and intent are permissible uses of other acts evidence. *See* Fed. R. Evid. 404(b); *United States v. Conner*, 583 F.3d 1011, 1019 (2009).

Knowledge and intent are particularly important given Plaintiff's particular claim in this action against Defendant Burge. Plaintiff has alleged that Burge is liable as a supervisor because he was aware that Rolston was physically abusing Plaintiff, and/or aware that his subordinates

used physical abuse to elicit and fabricate false confessions. As such, Burge's knowledge that those under his command were using force, just as he was doing himself, helps establish Plaintiff's supervisor liability claim. Burge is going to be unable to argue, for example, that he never had any reason to suspect that his subordinate were engaging in "extreme" interrogation tactics.

Finally, the probative value of the circumstances of Burge's conviction far outweighs its prejudicial effect. In fact, if the evidence relating to Burge's conviction were not introduced, it is Plaintiff who would be prejudiced. The jury would be left with the misimpression that the perjury and obstruction of justice were for something unrelated, even minor – instead of for the very same conduct at issue here.

### B. The Evidence Relating to Burge's Conviction is Sufficient to Support a Finding That He Physically Abused Suspects and Knew His Subordinates Did Too

Second, pursuant to Fed. R. Evid. 104, the evidence is clearly sufficient to support a finding that Burge physically abused suspects and knew that his subordinates did the same. Indeed, the evidence forms the basis for Burge's conviction. *See* Ex. 6, Certified Copy of Conviction, *United States v. Burge,* No. 08 CR 846; Dckt. No. 1, Burge Indictment, *United States v. Burge*, No. 08 CR 846; Dckt No. 291, *United States v. Burge*, No. 08 CR 846.

Notably, while Burge has denied using physical abuse, he testified at his criminal trial consistent with both Gregory Banks and Plaintiff's allegations in this case; that he stood by and watched as his subordinates interrogated suspects. In particular, Defendant Burge testified that he would often look in and observe interrogations as they were happening. *See* Ex. 7, Burge Test., *United States v. Burge*, No. 08 CR 846, June 17, 2010 at 45-46; *see also* Ex. 8, Burge Dep., *Wilson v. City of Chicago*, No. 86 C 2360 (September 22, 1988), at 74 (he frequently observed

interrogations of suspects as they were happening by standing outside interview rooms, sometimes cracking doors open, and listening in).

### C. Any Claim by Defendant Burge That Rule 404(b) is Not Satisfied Should be Rejected

Defendant Burge may claim that Fed. R. Evid. 404(b) is not satisfied because the evidence underlying his conviction was too remote in time and in kind to be admissible. Such an argument should be rejected.

As an initial matter, *Gomez* jettisoned rigid reliance on either "similarity" or "timing." *Gomez*, 763 F.3d at 854-55. In particular, *Gomez* explained that "[t]he extent to which a proffered 'other crime, wrong or act' is close in time and similar to the conduct at issue in the case *may* have a bearing on its relevance . . . but the importance of testing for similarity and recency will depend on the specific purpose for which the other-act evidence is offered. The proponent of the other-act evidence should address its relevancy directly, without the straightjacket of an artificial checklist." *Id*. at 855.

Here, the purpose of the other-act evidence is two-fold: it estops Defendant Burge from arguing that he was not aware of his subordinates use of physical abuse, as well as to show his intent and knowledge of the same. The knowledge prong of a supervisor liability claim often includes multiple, similar allegations or complaints over a period of time. *See, e.g., Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (stating that "the two complaints against Fowler create a question of fact concerning whether price was individually aware of a pattern of problems with Fowler"); *Chapman v. Jarrell*, No. 2:04-0605, 2005 WL 3088422, *3-5 (S.D.W. Va. Nov. 17, 2005) (where "plaintiff primarily points to two occasions where Officer Jarrell allegedly used excessive force," a jury "could reasonably decide that Officer Jarrell's supervisors, had knowledge of his conduct"). That is exactly the case here. The allegations that

formed the basis of Burge's conviction spanned from 1972 to 1985, ending just three years before Plaintiff was beaten. *See United States v. Russo*, 87 CR 501, 1988 WL 90014, at *2 (N.D. Ill. Aug. 12, 1988) (similar acts within 10 to 12 years admissible).

Moreover, each of the allegations that formed the basis of Burge's conviction are sufficiently similar to Plaintiff's. All of the incidents involve Burge either abusing a suspect into confessing or watching as his subordinates abuse a suspect. That the specific beatings may have varied in technique is of no moment; the key is that he had knowledge that physical abuse was being used, making each allegation sufficiently similar to be admissible under Fed. R. Evid. 404(b). *Andrews*, 93 F.3d at 1073 (finding that prior complaint that officer had unlawfully entered a residential home was sufficiently similar to put the Chief of Police on notice that the subordinate might rape a young woman); *Donald*, 1992 WL 137190, at *1, *4 (finding that two prior complaints of racial harassment of subordinate sufficiently similar to allegation that subordinate forced her to move her truck beneath a tree that was being cut down and fell on her).

### D. The Circumstances Surrounding Burge's Conviction Are Relevant and Admissible to Show Notice

Finally, the evidence underlying Burge's conviction is also relevant to Plaintiff's *Monell* claim. Specifically, the evidence of the circumstances of Burge's conviction is admissible to show that the City had notice that Burge and those under his command were torturing people, fabricating evidence, including to cover up that torture, and withholding information, including about the torture and fabrication that would undermine the case against their chosen suspect. Each of the instances of torture that the government presented at Burge's trial occurred prior to Plaintiff's wrongful conviction: Anthony Holmes (1972); Shadeed Mu'Min (1985), Andrew Wilson (1982), Melvin Jones (1982) and Gregory Banks (1983). As such, given the number of instances of such torture, it is plain that the City would have had notice by 1988 of Burge's and

his subordinates' practices. *See Perkins v. Village of Lincolnshire*, No. 94-7745, 1996 WL 613159, \*7 (N.D. Ill. Oct. 22, 1996) (finding that allegations that the Plaintiffs rights were violated three times and that two other persons alleged their rights were violated sufficient to state a "pattern or practice" under *Monell*).

## Conclusion

For all of the reasons stated above, Plaintiff respectfully requests that he be permitted to introduce both the fact of and the circumstances surrounding Defendant Burge's 2010 conviction for perjury and obstruction of justice.

WHEREFORE, Plaintiff respectfully requests that this Court permit him to introduce both the fact of and the circumstances underlying Jon Burge's 2010 federal conviction for perjury and obstruction of justice.

Respectfully submitted,

/s/ Jon Loevy
One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

      I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                                                                     /s/ Jon Loevy