IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAMES KLUPPELBERG,                          )
                                            )
                    Plaintiff,              )        13 CV 3963
                                            )
            v.                              )        JUDGE LEFKOW
                                            )
JON BURGE et al.,                           )
                                            )
                    Defendants.             )        JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION *IN LIMINE* NO. 15 TO BAR CERTAIN TESTIMONY
FROM FORMER COOK COUNTY STATE'S ATTORNEYS**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy,

and respectfully moves this Court for an order barring certain testimony from former Cook

County State's attorneys. In support thereof, Plaintiff states as follows:

The Defendants have listed a number of former prosecutors as witnesses in this case.

Included among that list are a group of felony review prosecutors – Larry Axelrood, Patrick

Rogers, Jeffrey Warnick and William Gamboney – who were involved in approving charges

against Plaintiff, and Celeste Stack, who was a prosecutor assigned to both Plaintiff's post-

conviction and Certificate of Innocence proceedings. During their depositions, Warnick and

Rogers had no recollection of Kluppelberg or the Hermitage Fire. *See*, *e.g.*, Ex. 39, Warnick

Dep. at 28-29; Ex. 40, Rogers Dep. at 25. Indeed, attempts to refresh their recollection were

unsuccessful. *Id*. As such, these witnesses should be barred because they have no admissible

testimony.

Likewise, none of the felony review prosecutors should be permitted to opine about

whether there was probable cause to charge Plaintiff with arson-murder, which is an element of

Plaintiff's malicious prosecution claim. They should prohibited from doing so for multiple

reasons.  First, most of the prosecutors have no recollection of the Hermitage Fire whatsoever,

and thus are not really speaking from personal knowledge.  Second, none of the prosecutors were

listed as Fed. R. Civ. P. 26(a)(2) witnesses by the Defendants.  Third, and perhaps most

importantly, whether there was probable cause is not a proper basis for expert testimony

regardless. *See Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 4417257, at *6

(N.D. Ill. Aug. 19, 2016)("The Court agrees that Ryan cannot testify that there was probable

cause to arrest Sanders because it is a legal conclusion, which is outcome determinative because

probable cause is a necessary element of Sanders' common law malicious prosecution claim . . .

Also, Ryan cannot testify to the legal standards of what constitutes probable cause, including the

totality of the circumstances test . . . It is the jury's role to determine probable cause after the

Court carefully instructs them on the controlling law, and thus any such legal opinions are not

only inadmissible, but would have the tendency to confuse the jury as to their role in the

proceedings.") (internal citations and quotations omitted); *see also Jimenez v. City of Chicago*,

732 F.3d 710, 721 (7th Cir. 2013) (finding proper where expert "did not offer any opinion at trial

as to probable cause at any stage of the investigation of Morro's murder or the prosecution of

Jiminez" but "testified only about reasonable investigative procedures and ways in which

evidence from other witnesses did or did not indicate departures from those reasonable

procedures").

      Moreover, the prosecutors' testimony about their basis for probable cause would simply

duplicate the Defendants' testimony on the same topic. None of the prosecutors were privy to

any information outside the police investigation. The jury will decide whether the facts amounted

to probable cause to believe Plaintiff committed the charged crimes. Where the Defendants will

testify exhaustively about their purported basis for probable cause, nothing is added by having prosecutors repeat the same facts to the jury.

Plaintiff recognizes that Axelrood may have admissible testimony on non-probable cause related subjects because he took Plaintiff's oral, false confession, but the remainder of the prosecutor-witnesses either have no memory or no testimony germane to the trial. As a result, Rogers, Warnick and Gamboney should be barred.

Finally, Stack was one of the former Assistant State's Attorneys who litigated Plaintiff's post-conviction and COI proceedings. At her deposition, Stack (a) testified that she did not take part in the decision to *nolle prosequi* the arson-murder charges; (b) invoked the deliberative process privilege when asked why her office *nolle prosequi*'d the charges; (c) explained that she did not meet with witnesses; and (d) had no recollection of the COI proceedings. Ex. 41, Stack Dep. at 31-38. Given this set of facts, it is impossible to discern what admissible testimony Stack could provide at this trial. She should be barred as a witness as well.

WHEREFORE Plaintiff respectfully requests that this Court bar testimony from former and current prosecutors as described above.

Respectfully submitted,


/s/ Jon Loevy
One of Attorneys for Plaintiff


Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.


/s/ Jon Loevy