IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 20 TO INTRODUCE
JUDGE ROBERT COLLINS' RULING ON THE
MOTION TO SUPPRESS JAMES KLUPPELBERG'S CONFESSION**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully requests that the Court enter an order allowing Judge Collins' ruling on Plaintiff's motion to suppress during his murder trial. In support thereof, Plaintiff states as follows:

Plaintiff alleges that he was brutally beaten into giving a false confession. That confession was excluded from his criminal trial after Judge Robert Collins concluded that "[i]t is obvious the defendant was mistreated by the police." Exhibit 44, Trial Transcript, Nov. 15, 1988, at 38 (JGS 974). Although the statement was excluded at the criminal trial, Defendants seek to admit Plaintiff's coerced confession at this civil rights litigation, argue that it was voluntary, and further assert that it demonstrates Plaintiff's culpability for the Hermitage fire. But admitting the statement without explaining that it was suppressed, and why, would mislead the jury and present a one-sided story. Accordingly, the Court should admit the portions of the criminal trial transcript containing Judge Collins's findings through judicial notice or under the residual hearsay exception.

First, the Court may take judicial notice of the statements made by Judge Collins, since the suppression constitutes a judicial act. *See e.g.*, *Limestone Dev. Corp. v. Vill. of Lemont*, 473 F. Supp. 2d 858, 868 (N.D. Ill. 2007) ("a court has the power to take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.") (citations omitted); *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (allowing judicial notice of facts recited in a plea agreement); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (confirming that court documents *1082 from state proceeding are noticeable); *Philips Med. Sys. Int'l v. Bruetman*, 982 F.2d 211, 215 (7th Cir. 1992) (approving judicial notice of a related default judgment); see also *Locicero v. Leslie*, 948 F.Supp. 10, 12 (D.Mass. 1996) (taking judicial notice of settlement hearing transcript).

The Court may also admit statements through the residual hearsay exception if that statement satisfies four requirements: (1) "the statement has equivalent circumstantial guarantees of trustworthiness"; (2) "it is offered as evidence of a material fact"; (3) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"; (4) "admitting it will best serve the purposes of these rules and the interests of justice"; and (5) the party opposing has sufficient notice. Fed. R. Evid. 807; *United States v. Moore*, 824 F.3d 620, 622 (7th Cir. 2016).

"Trial courts have a considerable measure of discretion in determining whether evidence should be admitted under Rule 807" *Moore*, 824 F.3d at 622. And the overarching "purpose of Rule 807 is to make sure that reliable, material hearsay evidence is admitted, regardless of whether it fits neatly into one of the exceptions enumerated in the Rules of Evidence." *Id.* at 624.

Judge Collins's statement has is precisely the kind of "reliable, material" hearsay evidence Rule 807 is designed to capture. It bears several guarantees of trustworthiness. The ruling was made on the record, after a two-day evidentiary hearing where both sides presented evidence and questioned witnesses, and were transcribed by a court reporter. Judge Collins had no motive to fabricate. And there is no dispute that the transcript accurately records the Judge's statement. Finally, this finding was a significant ruling in the case, not a passing comment.

Second, it is offered as evidence of a critical fact in this case. Plaintiff contends that the beating is evidence that Defendants conspired to fabricate evidence against Plaintiff and maliciously prosecute him. But evidence concerning the coercive tactics is also necessary to rebut Defendants' claims that Plaintiff was in fact guilty of the arson-murder and voluntarily confessed. That is, the Judge's statement goes to one of the most hotly disputed facts in the case.

Third, this evidence is more probative on the point for which it is offered than any other evidence in the case: Plaintiff has his own testimony, the testimony of his ex-wife Bonnie, and of his criminal defense attorney, Mr. Weinberg; but Defendants will inevitably argue that both have motives to fabricate. Moreover, the other witnesses to the beating are unavailable: Schmitz is deceased and Rolston has asserted his 5th Amendment right not to answer questions about Plaintiff's interrogation (and both obviously had motive to fabricate at the underlying criminal trial). Judge Collins, on the other hand, had no motive to fabricate, heard evidence from the relevant witnesses, and the ruling is the most contemporaneous evidence available.

Finally, admitting the ruling will serve the interests of justice. It will present a more complete and accurate story to the jury, and will help mitigate the prejudice Plaintiff will inevitably suffer from having the jury hear and consider the veracity of a coerced statement.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order allowing Judge Collins' ruling on Plaintiff's motion to suppress during his murder trial and any other relief it deems just and appropriate.

          Respectfully submitted,

          /s/ Jon Loevy
          One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

      I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

/s/ Jon Loevy