IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO 22 TO BAR REFERENCES TO DEFENDANTS' COMMENDATIONS OR AWARDS**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an order barring references to Defendants' commendations or awards. In support thereof, Plaintiff states as follows:

Defendants may seek to introduce evidence of their "good character" by reference to prior work-related commendations, awards, complimentary history, or performance reviews. Plaintiff objects to this attempt to interject good character evidence into the trial. Rule 404(a) could not be clearer that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." Fed. R. Evid. 404(a). Evidence of commendations and awards are not possibly be relevant to an issue in this trial other than to suggest that Defendants conducted themselves as model officers. The evidence is irrelevant for that purpose per se.

Courts have repeatedly barred precisely this same type of evidence in trials alleging Constitutional violations. *See, e.g.*, *Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994) (granting motion *in limine* and explaining that "the court strongly suspects that evidence of defendants' commendations, awards or honors could only serve the improper function of

providing evidence of defendants' character for the purpose of proving action in conformity therewith on the night in question."); *White v. Gerardot*, No. 1:05-CV-382 2008 WL 4724000, at *2 (N.D. Ind. Oct. 24, 2008) (granting motion in limine to bar evidence of officer's awards as irrelevant); *Graham v. Bennett*, No. 04-2136, 2007 WL 781763, at *3 (C.D. Ill. Mar. 12, 2007) (barring evidence of officer's awards and commendations, because such "evidence would be more prejudicial than probative to the issue of whether Defendant used excessive force on the night in question. Evidence of prior commendations could serve the improper function of providing evidence of action in conformity with Defendant's prior good performance on the police force."). The same is true here.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court for an order barring references to Defendants' commendations or awards.

Respectfully submitted,

/s/ Jon Loevy
One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

  I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                       /s/ Jon Loevy