IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 28 TO BAR
ANY REFERENCE TO PRISON RULE INFRACTIONS**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an order barring any reference to prison rule infractions. In support thereof, Plaintiff states as follows:

Plaintiff testified at his deposition that he was occasionally subject to minor discipline and/or he received disciplinary tickets during his 25-year prison sentence. *See* Ex. 11, Kluppelberg Dep. at 192:6-23 (describing one weapons charge, and a verbal reprimand for failure to report to a job assignment, and a written ticket for putting a marker in a syringe). Plaintiff's disciplinary infractions amount to nothing more than inadmissible prior bad acts under Federal Rule of Evidence 404(b) and have absolutely no bearing on any disputed fact in this case. In order to admit these infractions, Defendants must articulate the chain of logic that ties the infraction to a relevant and disputed issue in the case, without resorting to propensity reasoning. *United States v. Gomez*, 763 F.3d 845, 861 (7th Cir. 2014). They cannot do so here. The only arguable relevance these infractions could have is to rebut any claims of damages based on the discipline Plaintiff received. But Plaintiff intends to focus his damages evidence on the isolation, loss of autonomy, and pain and suffering that he experienced during his decades long

incarceration. He will not assert damages based on any of the minimal discipline he received, for instance a two-month commissary denial, or loss of good time credit (in fact, Plaintiff was serving a natural life sentence and could not receive good time credit). Ex. 11, Kluppelberg Dep. at 195:6-9. Plaintiff has not, and will not open the door to the prison infractions, and any evidence or questions concerning prison infractions should be barred.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court for an order barring any reference to prison rule infractions

Respectfully submitted,

/s/ Jon Loevy
One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

  I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                       /s/ Jon Loevy