IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE NO. 29 TO BAR REFERENCES TO THE ARDC COMPLAINT THAT PLAINTIFF FILED AGAINST HIS CRIMINAL TRIAL COUNSEL OR HIS COUNSEL'S RESPONSE TO THAT COMPLAINT**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an order barring references to the ARDC complaint that Plaintiff filed against his criminal trial counsel. In support thereof, Plaintiff states as follows:

After Plaintiff was found guilty, he filed an ARDC complaint against his trial lawyer, Marshall Weinberg. At Weinberg's deposition in this case, defense counsel asked Weinberg a series of questions about the ARDC complaint, specifically about a letter that Weinberg wrote to the ARDC defending against Plaintiff's compliant. In that letter, Weinberg attacked Plaintiff's character, calling him "a master manipulator" and clafimed that Plaintiff filed the complaint only as a ploy to secure his release from jail. Exhibit 49 (Weinberg dep) at 165, 171; Exhibit 50 (Weinberg letter to ARDC).

Plaintiffs ARDC complaint against Weinberg for his performance at trial has nothing to do with anything legitimately at issue in this case, and it should be barred under FRE 401. "In constitutional-tort cases as in other cases, 'a man [is] responsible for the natural consequences of his actions.'" *Jones v. City of Chicago*, 856 F.2d 985, 993 (7th Cir. 1988), *quoting Monroe v.*

*Pape*, 365 U.S. 167, 187 (1961). The doctrine of superseding (sometimes supervening) cause functions to cut off a defendant's liability in circumstances where the defendant's actions and the plaintiff's injury are sufficiently unrelated because of some intervening event. *See generally Jutzi-Johnson v. United States*, 263 F.3d 753, 755-56 (7th Cir. 2001). The Seventh Circuit defines "superseding cause" as "something culpable that intervenes between the defendant's negligence and the plaintiff's injury, some action of a third party that makes the plaintiff's injury an unforeseeable consequence of the defendant's negligence." *Scottsdale Ins. Co. v. Subscription Plus, Inc.*, 299 F.3d 618, 621 (7th Cir. 2002) (emphases added); *see also Shick v. Illinois Dept. of Human Services*, 307 F.3d 605 (7th Cir. 2002) (citing PROSSER & KEETON ON TORTS § 44, at 312 (5th ed. 1984)).

    Here, Defendants cannot claim that Plaintiff's wrongful conviction was caused by his lawyers. The superseding cause doctrine applies only in cases where a defendant is accused of acting negligently, *see Collins v. Village of Woodridge*, 96 F. Supp. 2d 744 (N.D. Ill. 2000) (collecting cases), and here the Defendants committed intentional torts. Where someone intentionally harms someone else, it is no defense to claim that a third-party should have mitigated those damages for them. Second, even if the superseding cause is read to apply to intentional torts, there is no basis on which to argue that Plaintiff's injury was rendered an unforeseeable consequence of the Defendants' misconduct by his attorneys' conduct. Such a suggestion would be absurd. The Defendants' withholding of material exculpatory information and fabrication of evidence in violation of the Constitution directly caused Mr. Kluppelberg's wrongful conviction and incarceration. The unconstitutional misconduct and the injury are separated by an unusually short causal chain, and Mr. Kluppelberg's injury was the obvious and

completely foreseeable result of the Defendants' decision to conceal evidence that would have exonerated him and fabricate evidence to falsely inculpate him.

As the Seventh Circuit explained in *Scottsdale Ins. Co.*, a plaintiff's injury may have many "causes," as the term is understood in everyday use – for example, the plaintiff's presence in the wrong place at the wrong time is usually a cause of injury, as is the very fact of the plaintiff's birth. *See* 299 F.3d at 621. In this case, Mr. Kluppelberg's injuries were "caused" in part by the fact that he lived in Chicago at the time of the murder; moreover, Plaintiff's wrongful conviction was "caused" because the Lupercios was murdered in the first place. "But such 'causes' are irrelevant to liability," the Seventh Circuit has instructed. *See id*. This is because none of these "causes" (nor numerous others) has any effect on the connection between the Defendants' misconduct and Mr. Kluppelberg's injury, which is the causal connection important for tort law. As a matter of law, the Defendants cannot argue that the actions of Mr. Kluppelberg's lawyers broke the causal chain and rendered the consequences of their misconduct unforeseeable.

Thus, Weinberg's performance as trial counsel is not at issue, and even if it were, Weinberg's subjective beliefs about why Plaintiff filed the ARDC complaint would have nothing to do with Weinberg's performance.

Additionally, Weinberg's response to the ARDC contains statements about Plaintiff that are highly inflammatory and prejudicial, and Plaintiff strongly disputes the truth of those contentions. They also contain character evidence ("master manipulator") that is inadmissible under FRE 404(a). In order to counter those statements, Plaintiff would need to present evidence for all the legitimate reasons that he filed the ARDC complaint against Weinberg, which would inevitably result in a mini-trial on the merits of long-since-forgotten ARDC complaint. So to the

extent that any aspect of the ARDC complaint has any probative value, it is substantial outweighed by the danger of confusion or unfair prejudice and should be barred.

 WHEREFORE, Plaintiff respectfully requests that this Court enter an order barring references to the ARDC compliant that Plaintiff filed against his trial counsel and any statements that his trial counsel made in connection with that complaint.


           Respectfully submitted,

           /s/ Jon Loevy
           One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

   I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

                         /s/ Jon Loevy