IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES KLUPPELBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 13 CV 3963 |
| | ) | |
| v. | ) | JUDGE LEFKOW |
| | ) | |
| JON BURGE et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION IN LIMINE NO. 35 TO LIMIT REFERENCES TO OPS INVESTIGATION AND TO BAR REFERENCES TO THE IPRA INVESTIGATION CONCERNING ALLEGATIONS OF MISCONDUCT IN THIS CASE**

Now comes Plaintiff, James Kluppelberg, by and through his counsel, Loevy & Loevy, and respectfully moves this Court for an order limiting references to the OPS investigation and barring references to the IPRA investigation concerning allegations of misconduct in this case. In support thereof, Plaintiff states as follows:

The City has undertaken three investigations in connection with the allegations of misconduct in this case.

First, in 1988, Dawn Gramont filed a complaint with the CPD Office of Professional Standards (OPS), alleging that Detectives Foley and Kelly coerced her into making false statements implicating Plaintiff in the fire. Exhibit 55 (Dawn Gramont's 1988 Statement to OPS). OPS did not sustain Gramont's complaint.

Second, also in 1988, James Kluppelberg filed a complaint with OPS, alleging that Defendants Rolston and Schmitz beat him into making a false confession. Ex. 56, Plaintiff's OPS statement.

Third, in 2013, when Plaintiff filed the instant suit, the City's Independent Police Review Authority (IPRA) opened an investigation into the allegations in Plaintiff's complaint. IPRA

sought to obtain a sworn statement from Plaintiff in connection with the investigation, but, in light of the ongoing litigation with the City, Plaintiff declined to speak with IPRA investigators. IPRA closed the investigation.

Evidence regarding these investigations should be limited.

First, references to the 2013 IPRA investigation should be completely barred. Because the IPRA investigation happened *after* the events at issue in this case, it is not relevant to causation or any other issue for trial. Courts in this district have repeatedly barred this type of evidence. *See, e.g.*, *Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, at *8 (N.D. Ill. Nov. 9, 2012) (Dow, J.) (granting motion to exclude reference to IPRA investigation explaining that "the parties have not presented any good reason for presenting any evidence related to the IPRA investigation"); *Cooper v. Dailey*, No. 07 C 2144, 2012 WL 1748150, at *1 (N.D. Ill. May 16, 2012) (same); *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *6 (N.D. Ill. Jul. 29, 2011) ("The jury also should not hear evidence that there was an investigation, the reasons for undertaking the investigation, or the findings and recommendations of IPRA."); *Norton v. Schmitz*, No. 08 C 4365, 2011 WL 4984488, at *1 (N.D. Ill. May 27, 2011) (Gottschall, J.) (barring references to the IPRA investigation, "including via references to an 'internal investigation'"); *Paradiso v. Obaldo*, No. 07 CV 4247, 2009 WL 3272217, at *1 (N.D. Ill. Oct. 8, 2009) (same). Whether IPRA acted on Plaintiff's lawsuit is irrelevant to any fact at isuse at trial.

Second, references to the 1988 OPS investigation should be limited. The fact that Dawn Gramont filed an OPS complaint regarding Foley and Kelly's conduct treatment is relevant because it supports Plaintiff's theory that she made statements to those officers (and later to the grand jury) only under duress. Additionally, the contents of her OPS statement is admissible

under FRE 804 because she is deceased, and the statement (in which she admits to committing perjury) is a statement against interest. But any other reference to either of these investigations, including the disposition of those investigation, should be barred because the City's self-serving determination (through OPS) that its officers did not commit misconduct is neither probative nor admissible.

To the extent than any witness made a statement in connection with these investigations that is admissible (as a party-admission, for example), then that statement can still of course be used without reference to the fact of the OPS/IRPA investigation in which it was made. But the jury has no need to hear evidence regarding the steps OPS/IPRA made in connection with those investigations, nor does it need to hear the conclusions that the city reached in those investigations. The former is irrelevant, the latter is hearsay, and both are likely to needlessly distract and confuse the jury.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully moves this Court for an order limiting references to the OPS investigation and barring references to the IPRA investigation concerning allegations of misconduct in this case.

                                              Respectfully submitted,

                                              /s/ Jon Loevy
                                              One of Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Gayle Horn
Elizabeth Mazur
Roshna Bala Keen
Sarah Grusin
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

    I, Jon Loevy, an attorney, hereby certify that on October 7, 2016, I filed the foregoing via the Court's CM/ECF system and thereby served a copy on all counsel of record.

/s/ Jon Loevy