**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES KLUPPELBERG, | |
| Plaintiff, | Civil Action No. 13 cv 3963 |
| v. | Judge Joan Humphrey Lefkow |
| JON BURGE et al., | Magistrate Judge Maria Valdez |
| Defendants. | |
| | JURY TRIAL DEMANDED |

**DEFENDANTS' SECOND DESIGNATIONS OF DEPOSITION AND**
**PRIOR TESTIMONY FOR USE AT TRIAL**

James G. Sotos
Elizabeth A. Ekl
Jeffrey R. Kivetz
Sara J. Schroeder
THE SOTOS LAW FIRM, P.C.
550 East Devon, Suite 150
Itasca, Illinois 60143
630.735.3300
jsotos@jsotoslaw.com

*Counsel for Individual Defendants*

Daniel E. Reidy
Chaka M. Patterson
Brian J. Murray
Kenton J. Skarin
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601-1692
312.782.3939
dereidy@jonesday.com

*Counsel for Defendant*
*City of Chicago*

Now come Defendants, pursuant to the Court's October 19, 2016 in-court ruling on the

Parties Joint Motion For An Extension of Time To File Deposition Designations, Doc. No. 392,

allowing the parties to have until October 21, 2016 to submit designations of deposition and prior

testimony in connection with the final pretrial order in this case, and make the additional

designations listed below.  Highlighted copies of transcripts corresponding to the testimony

referenced in this submission will be filed along with this submission.

1.     **William Alletto:** (Deposition Testimony dated June 26, 2014).  Highlighted transcript attached as Exhibit 4.

Defendants intend to read portions of the testimony of William Alletto from the following pages and lines:

- Page 4:13-16
- Page 5: 4-22
- Page 8: 23-13:11
- Page 14: 6-15:15
- Page 17: 12-18
- Page 72: 23-73:3
- Page 87: 22-88:3
- Page 88: 15-89:10
- Page 93: 11-94:7
- Page 154: 18-156:21
- Page 165: 21-166:7
- Page 167: 10-15
- Page 173: 6-174:1
- Page 209: 1-15
- Page 232: 21-233:6
- Page 234: 21-235:16

Plaintiff objects as follows:

| Page Number | Objection |
| --- | --- |
| 9:22 | Rule 401, 402 |
| 156:6-21 | Non-responsive answer; Rule 401; improper character testimony to the extent Alletto testified that Burns was "credible," "capable" |
| 209:1-15 | Rule 401, 402 (but if this is permitted, Plaintiff counter-designates 209:16-22) |

Plaintiff's Counter-Designations for William Alletto:

- 13:12-14:2
- 19:5-21
- 21:8-20
- 22:18-24:12
- 33:17-34:14
- 35:18-36:8
- 43:3-9
- 53:6-10
- 56:16-58:2
- 65:14-71:8
- 89:11-92:16
- 115:22-116:4
- 133:22-134:6
- 135:16-136:11
- 137:24-139:3
- 142:17-143:4
- 161:24-162:7
- 164:6-23
- 166:22-167:9
- 167:16-21
- 169:22-170:9
- 171:6-172:6
- 174:9-11
- 177:18-22
- 178:4-19
- 192: 17-20
- 193:15-21
- 194:1-20
- 196:2-18
- 203:19-20
- 204:5-9
- 204:19-205:1
- 205:19-206:1
- 206:8-11
- 209:1
- 213:1-15
- 213:21-214:2
- 214:10-24
- 224:14
- 225:4-14
- 227:10-14

- 231:19-21
- 232:15-20
- 233:7-15
- 235:17-23
- 236:8-10
- 236:11-237:3
- 237:8-14
- 239:23-240:17
- 240:24-241:2
- 241:21-243:11
- 243:18-20
- 244:9-16
- 245:2-20
- 246:16-22
- 246:23-249:5
- 252:14-18
- 253:5-11
- 258:13-261:5
- 264:2-265:11
- 269:17-21

Defendants' Objections to Plaintiff's Counter-Designations regarding William Alletto. Defendants object generally to Plaintiff's "counter-designations" to the extent they exceed the scope of Plaintiff's designations and, therefore, are not proper designations pursuant to FRE 106:

| Page Number | Objection |
| --- | --- |
| 43:3-9 | Relevance; FRE 403 |
| 53:6-10 | Speculation |
| 56:16-58:2 | Relevance (how Fire Marshalls were instructed) |
| 65:14-71:8 | Relevance (how Fire Marshalls were instructed) |
| 89:11-92:16 | Relevance (OFI was not operational at time of incident); FRE 403 |
| 137:24-139:3 | Relevance (OFI was not operational at the time of the incident); FRE 403 |
| 161:24-162:7 | Relevance (OFI was not operational at the time of the incident); FRE 403 |
| 192:17-20 | Plaintiff does not introduce Alletto's response; no foundation for referenced photo |
| 193:15-21 | Speculation |
| 204:5-9 | This testimony includes expert opinion; Plaintiff seeks to bar Defendants from utilizing similar testimony |

| | |
|---|---|
| 204:19-205:1 | This testimony includes expert opinion; Plaintiff seeks to bar Defendants from utilizing similar testimony |
| 214:10-24 | Foundation; calls for speculation |
| 225:4-14 | Calls for speculation |
| 237:8-14 | Calls for speculation |
| 260:5-261:5 | Calls for speculation |
| 264:2-11 | Calls for speculation |
| 265:2-11 | Foundation; calls for speculation |

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for William Alletto: none.

2. **Francis Patrick Burns:** Trial Testimony in *People v. Kluppelberg* on July 13, 1989. Highlighted transcript attached as Exhibit 5.

Defendants intend to read portions of the testimony of Francis Patrick Burns from the following pages and lines:

- 33:12-37:11
- 37:24-38:3
- 38:10-23
- 39:10-46:12
- 47:1-51:15
- 51:23-54:17
- 54:19-59:13
- 59:19-64:1
- 68:22-69:4
- 70:2-71:14
- 72:4-14
- 72:17-73:10
- 73:14-74:5
- 76:1-77:1
- 78:6-17

Plaintiff objects to this testimony in total under Rule 702 and because it is cumulative. Both parties' experts will opine about the fire and introduce Burns' testimony in that regard. In addition, Plaintiff did not have an opportunity to properly cross-examine Burns because he was never provided with critical Brady evidence in the New File that would have impeached Burns' conclusion that he eliminated any accidental, including electrical, causes of the fire. Finally, Plaintiff objects to Burns' testimony based on the arguments set forth in Plaintiff's Motion in Limine No. 14 because Burns was never properly disclosed as an expert.

| Page Number | Objection |
|---|---|
| 37:4-11 | Rules 401, 402, 403 |
| 37:24-38:3 | Rules 401, 402, 403 |
| 45:13-46:12 | Form |
| 46:10-12 | Hearsay |
| 47:17-48:3 | Asked and answered |
| 49:22-50:18 | Form; No foundation for fact that clapboard siding with wood falling off from rotting; Speculation |
| 53:21-54:4 | Form, no question pending |
| 56:20-23 | Rule 401, 402, 403 |
| 58:11-13 | "Incidentally, the gas was shut off to the structure to the vacancy because of nonpayment" – Speculation; foundation; no evidence to support this assertion |
| 61:10-14 | Form, leading |
| 62:19-63:17 | Hearsay; Rule 702; MIL No. 14; Cumulative |
| 70:7-11 | Form |
| 70:19-71:4 | Form, non-responsive |
| 71:5-7 | Form, non-responsive |
| 72:3-10 | No foundation |
| 73:14-20 | Form |
| 76:10-77:1 | Hearsay, Rules 401, 402, 403; Speculation |
| 78:6-17 | Form, Rules 401, 402, 403 |

Plaintiff's Counter-Designations for Francis Patrick Burns:

- 67:15-68:11
- 69:5-18
- 74:8-23
- 75:3-23
- 78:18-19, 22, 24
- 79:1-17
- 80:1-3

Defendants' Objections to Plaintiff's Counter-Designations for Francis Patrick Burns: none.

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for Francis Patrick Burns: none.

3.    **Duane Glassco** Trial Testimony in *People v.* Kluppelberg on July 14, 1989. Highlighted transcript attached as Exhibit 6.

Defendants intend to read portions of the testimony of Duane Glassco from the following pages and lines:

- 492:16-18
- 493:3-495:24
- 496:6-498:2
- 498:8
- 498:10-504:9
- 504:15-17
- 504:22-519:15
- 520:2-527:22
- 534:23-535:7
- 541:14-24
- 544:10-24
- 545:8-547:7
- 547:13-548:8

Plaintiff objects as follows: Plaintiff objects to the entire designation of Duane Glassco's trial testimony as inadmissible hearsay because he is not "unavailable" for the purpose of FRE 804. He gave testimony at a videotaped deposition in this case. To the extent that this testimony is offered for a non-hearsay purpose (for the fact of what evidence was presented at Mr. Kluppelberg's criminal trial), Plaintiff also objects on the basis that it is cumulative. To the extent that the Court overrules that objection, then this testimony should not be presented in a way that makes clear to the jury that it is not to be considered for the truth of the matter asserted therein. It should be considered only for the fact of what evidence was presented at Mr. Kluppelberg's criminal trial. In addition, Plaintiff makes the following specific objections to Defendants' designations, and makes the following counter-designations:

| Page Number | Objection |
|---|---|
| 546:11-18 | Answer not capable of reproduction because no record was made of what photo the witness indicated |

Plaintiff's Counter-Designations for Duane Glassco:
- 528:5-532:11
- 533:4-534:22
- 535:8-537:13
- 537:18-538:1
- 538:23-539:8
- 539:14-541:13

7

- 542:1-2
- 542:7-8
- 545:4-7

Defendants' Objections to Plaintiff's Counter-Designations for Duane Glassco:

| Page Number | Objection |
|---|---|
| 542:1-8 | Relevance; FRE 401; 403; 609 |

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for Duane Glassco: none.

4. **Dawn Gramont:** Trial Testimony in *People v. Kluppelberg* on July 14, 1989. Highlighted transcript attached as Exhibit 7.

Defendants intend to read portions of the testimony of Dawn Gramont from the following pages and lines:

- 429:19-431:2
- 431:10-442:12
- 443:2-14
- 445:13-17
- 447:15-24
- 484:7-1361:18

Plaintiff objects as follows:

| Page Number | Objection |
|---|---|
| 436:4-11 | Relevance, FRE 403 |
| 437:22-438:4 | Relevance, FRE 403 as to references to having sex |
| 440:9 (after "talking") -441:10 | Relevance, FRE 403 |

Plaintiff's Counter-Designations for Dawn Gramont:

- 445:18-446:5
- 446:21-447:11
- 448:1-7
- 448:10-14
- 449:3-7
- 450:13-450:18
- 471:17-21
- 472:2-12
- 472:15-16

8

- 472:21-478:16 (up to "no")
- 478:21-479:8
- 479:16-481:4
- 481:9-482:5
- 482:16 (starting after "on direct examination")-483:11
- 483:22-484:2

Defendants' Objections to Plaintiff's Counter-Designations for Dawn Gramont:

| Page Number | Objection |
| --- | --- |
| 478:14-16 | Speculation; foundation |

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for Dawn Gramont:

- JGS 1326:19-1327:19
- JGS 1361:19-1362:17

5.  **George Jenkins**: Deposition Testimony on May 12, 2014.  Highlighted transcript attached as Exhibit 8.

Defendants intend to read portions of the testimony of George Jenkins from the following pages and lines:

- 5:8-6:14
- 15:7-15:15
- 16:16-17:2
- 17:9-14
- 17:24-18:19
- 19:11-25:12
- 25:15-25:19
- 27:14-27:20
- 28:9-29:14
- 30:4-31:6
- 33:21-34:7
- 34:12-35:24
- 36:2-36:15
- 38:18-39:24
- 40:2-5
- 40:7-41:10
- 41:19-42:3
- 42:15-42:19
- 52:1-53:8
- 53:16-54:24
- 56:19-57:1

9

- 57:13-58:24
- 60:6-61:5
- 62:19-63:24
- 73:23-74:17
- 75:6-75:20
- 78:1-4
- 81:14-82:12
- 83:8-84:4
- 87:2-5
- 89:5-9
- 92:14-16
- 93:7-94:4
- 97:10-98:1
- 102:8-103:13
- 104:12-23
- 106:5-13
- 106:17-21
- 137:5-140:1
- 140:19-141:19
- 145:2-145:23
- 146:16-146:21
- 159:24-160:6
- 160:10-161:9
- 161:12
- 161:15-164:11
- 175:19-176:9
- 176:19-177:11
- 178:18-178:21
- 179:3-179:21
- 193:3-193:6
- 195:11-199:18
- 202:16-206:21
- 207:21-24
- 209:3-210:14
- 215:19-217:1
- 218:22-219:7
- 232:20-233:14

Plaintiff objects as follows:

| Page Number | Objection |
|---|---|
| 16:22-17:2 | Irrelevant, FRE 402, 403 |
| 19:11-20:7 | Irrelevant, FRE 402, 403 |
| 20:20-21:3 | Irrelevant, FRE 402, 403 |

| | |
|---|---|
| 21:15-23:9 | Irrelevant, FRE 402, 403 |
| 30:18-31:6 | Irrelevant, FRE 402, 403 |
| 36:6-36:15 | Irrelevant, FRE 402, 403; Speculation |
| 38:18-39:24 | Irrelevant, FRE 402, 403 |
| 40:2-41:1 | Speculation |
| 53:16-54:3 | Irrelevant, FRE 402, 403 |
| | Answer is non-responsive |
| 60:13-61:3 | Irrelevant, FRE 402, 403 |
| 61:4-5 | Irrelevant, FRE 402, 403, confusing because not his beat number |
| 74:15-75:20 | Irrelevant, FRE 402, 403 |
| 87:2-5 | Irrelevant, FRE 402, 403 |
| 93:7-94:4 | Irrelevant, FRE 402, 403 |
| 139:9-17 | Irrelevant, FRE 402, 403 |
| 141:4-19 | No personal knowledge, speculation |
| 145:6-23 | Irrelevant, FRE 402, 403 |
| 146:16-21 | No personal knowledge, irrelevant, FRE 402, 403 |
| 162:5-164:11 | FRE 403 because different time frame/no time frame; irrelevant as to copies |
| 195:11-22 | Irrelevant, FRE 402, 403 |
| 198:24-199:18 | Improper refresh recollection; asked and answered |
| 202:16-204:18 | Cumulative, irrelevant, FRE 402, 403 |
| 205:23-206:21 | Hearsay |
| 215:19-216:11 | Hearsay |
| 232:20-233:14 | Asked and answered, FRE 403 |

Plaintiff's Counter-Designations for George Jenkins:

- 59:17-21
- 72:7-73:22
- 76:9-13
- 78:5-80:8
- 87:6-16
- 88:3-89:13
- 98:2-18
- 99:9-100:5
- 101:13-20
- 104:24-105:3
- 106:22-108:9
- 108:18-109:2
- 110:17-20
- 112:4-6, 17-24
- 113:15-114:11
- 114:24-116:24
- 117:11-119:8

- 120:19-122:13
- 122:22-123:20
- 123:24-124:2
- 126:2-127:3
- 127:10-128:19
- 133:18-23
- 140:2-8
- 152:4-11
- 164:18-165:10
- 166:18-167:2
- 168:3-16
- 170:8-22
- 181:9-183:23
- 188:10-189:11
- 192:13-20
- 201:15-202:9
- 218:7-21
- 220:11-19
- 224:1-17
- 224:20-228:22
- 237:7-238:8
- 239:4-21
- 240:19-241:5
- 246:21-248:1

Defendants' Objections to Plaintiff's Counter-Designations for George Jenkins:

| Page Number | Objection |
| --- | --- |
| 72:7-20 | non-responsive |
| 87:6-16 | calls for speculation |
| 114:24-116:16 | no question pending; non-responsive |
| 127:10-128:8 | form; foundation |
| 181:9-182:9 | form; calls for speculation |
| 182:11-19 | form; assumes facts not in evidence |
| 218:7-20 | form; calls for speculation |
| 224:1-225:12 | relevance (FRE 401) (OFI was not operational at the time of the incident |
| 225:14-17 | foundation |
| 225:23-228:22 | foundation; FRE 401 |
| 239:13-21 | calls for speculation |
| 246:21-247:22 | foundation; relevance; non-responsive |

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for George Jenkins:  none.

6.  **Reinaldo Jimenez**: Testimony in *People v. Kluppelberg* on November 9, 1988. Highlighted transcript attached as Exhibit 9.

    Defendants intend to read portions of the testimony of Reinaldo Jimenez from the following pages and lines:

    - 87:17-24
    - 88:1-90:3
    - 90:11-24
    - 91:1-93:15

    Plaintiff objects as follows:

    | Page Number | Objection |
    |---|---|
    | 87:17-24 | Form: "prisoner" |
    | 88:1-90:3 | Not relevant (Rule 401, 402) |
    | 90:11-24 | Hearsay |
    | 91:1-93:15 | Foundation; Rule 403 (no photograph) |

    Plaintiff's Counter-Designations for Reinaldo Jimenez:

    - 93: 23-94:24
    - 95:10-18

    Defendants' Objections to Plaintiff's Counter-Designations for Reinaldo Jimenez: none.

    Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for Reinaldo Jimenez: none.

7.  **Clarence J. Murzyn**: Testimony in *People v. Kluppelberg* on March 21, 1990. Highlighted transcript attached as Exhibit 10.

    Defendants intend to read portions of the testimony of Clarence Murzyn from the following pages and lines:

    - EP SUBPOENA 6086:8-6087:13
    - EP SUBPOENA 6087: 22-24
    - EP SUBPOENA 6088:1-6091:4
    - EP SUBPOENA 6091:9-17
    - EP SUBPOENA 6092:10-24
    - EP SUBPOENA 6093:1-6
    - EP SUBPOENA 6093:11-22
    - EP SUBPOENA 6095:24-6096:9
    - EP SUBPOENA 6097:7-19

13

- EP SUBPOENA 6098:23-6099:16
- EP SUBPOENA 6099: 24-6103:5
- EP SUBPOENA 6104:6-6105:20
- EP SUBPOENA 6106:1-6108:2

Plaintiff objects to Murzyn's designations in their entirety for reasons set forth in Plaintiff's Motion *in Limine* No. 7. If those objections are overruled, Plaintiff makes the following objections to specific portions of the designated testimony:

| Page | Objection |
|------|-----------|
| 911:10-12 | Hearsay |
| 911:15-24 | Hearsay |
| 911:22-24 | FRE 403 (as to the phrase "kidnapped") |
| 912:1-11 | Hearsay |
| 913:2-5 | Hearsay |
| 913:6-10 | Hearsay, FRE 403 (testimony ambiguous and makes no sense; no probative value) |
| 915:16-916:22 | Relevance, FRE 403 |
| 918:24-919:9 | Relevance, FRE 403 |
| 920:7-19 | Relevance, FRE 403 |
| 920:15-19 | This is a question only, no answer given |
| 921:23-922:16 | Hearsay |
| 922:24-924:13 | Foundation; hearsay |
| 925:2-926:5 | Relevance; FRE 403; FRE 609; hearsay |
| 927:13-16 | Foundation; hearsay |
| 928:17-930:12 | Foundation |
| 930:13-931:2 | Relevance, FRE 403, hearsay |

Plaintiff's Counter-Designations for Clarence Murzyn:  none

Defendants' Objections to Plaintiff's Counter-Designations for Clarence Murzyn: n/a

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for Clarence Murzyn: n/a

8. **John L. Schmitz**: Testimony in *Kluppelberg v. Burge*.  Highlighted transcript attached as Exhibit 11.

Defendants intend to read portions of the testimony of John Schmitz from the following pages and lines:

- 58:11-19:15
- 73:21-20:3
- 74:7-24
- 75:12-22:21

- 77:5-11
- 77:15-25:5
- 80:5-14
- 80:22-24
- 81:1-14
- 82:5-23
- 83:20-21
- 84:13-31:24
- 86:15-34:16
- 89:4-36:10

Plaintiff objects as follows:

| Page Number | Objection |
|---|---|
| 66:16-68:10 | Leading |
| 70:1-14 | Leading |
| 72:16-73:7 | Leading |
| 82:16-23 | Plaintiff objects to any references to crimes allegedly committed by or confessed to by Kluppelberg on Rule 404(b) grounds |

Plaintiff's Counter-Designations for John Schmitz:

- 74:4-5
- 77:12-14
- 79:6-13
- 79:21-80:4
- 80:15-21
- 83:22-84:12
- 86:1-14

Defendants' Objections to Plaintiff's Counter-Designations for John Schmitz:

Defendants' Additional Rule 106 Designations in Response to Plaintiff's Counter-Designations for John Schmitz:

- 74:6

Defendants reserve the right to read testimony in their case-in-chief from witnesses who Plaintiff has designated as of the time of this submission or any point thereafter.

Defendants also reserve the right to alter or amend their designations, counter-designations, or objections to Plaintiff's designations based on developments at trial, including but not limited to evidentiary rulings made during the pretrial conference and during trial.

Dated: October 21, 2016                              Respectfully submitted,


By: Elizabeth A. Ekl
James G. Sotos
Elizabeth A. Ekl
Jeffrey R. Kivetz
THE SOTOS LAW FIRM, P.C.
550 East Devon, Suite 150
Itasca, Illinois 60143
630.735.3303
eekl@jsotoslaw.com

*Counsel for Individual Defendants*

Daniel E. Reidy
Chaka M. Patterson
Brian J. Murray
Kenton J. Skarin
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601-1692
312.782.3939
dereidy@jonesday.com

*Counsel for Defendant*
*City of Chicago*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 22st day of October, 2016.

By: /s/ Elizabeth A. Ekl
One of the Attorneys for Individual Defendants

17