*Kluppelberg v. Burge, et al.*
Case No. 13 CV 3963
Our File No. 13-3050

# EXHIBIT 5

## CPD Reports

# HOSPITALIZATION CASE REPORT / CHICAGO POLICE

**1. CLASSIFICATION (CHECK ONE)**
☐ DEATH ☐ SUICIDE ☐ INJURY TO CITIZEN ON ☐ ATTEMPTED SUICIDE ☐ INJURY TO CITY EMPLOYEE ☐ ACCIDENTAL INJURY ☐ PUBLIC PROP

**2. BEAT** 913    **3. BEAT ASSIGNED** 913

**6. ADDRESS OF OCCURRENCE** 4448 S. Hermitage Ave   **APT. NO.**   **7. DATE OCCURRED** 27 MAR 84   **TIME** 0400   **8. DATE REPORTED** 24 MAR 84   **TIME** 0401

**9. VICTIM'S NAME**   **SEX/RACE/Y.O.B.**   **10. HOME ADDRESS**   **APT. NO.**   **11. HOME PHONE**   **12. BUSINESS PHONE**

**13. PERSON REPORTING INCIDENT TO POLICE** Harast Frank   **SEX/RACE** M W   **14. HOME ADDRESS** 4452 S Hermitage Ave   **APT. NO.**   **15. HOME PHONE** 523-4964   **16. BUSINESS PHONE** DNA

**17. PERSON DISCOVERING VICTIM** DNA   **SEX/RACE** —   **18. HOME ADDRESS** —   **19. HOME PHONE** —   **20. BUSINESS PHONE** —

**21. NAMES OF WITNESSES**   **SEX/RACE**   **22. HOME ADDRESS**   **APT. NO.**   **23. HOME PHONE**   **24. BUSINESS PHONE**

RECORD COPY

**25. TYPE OF PREMISES WHERE OCCURRED OR VICTIM FOUND** Residential Home   **26. CAUSE OF INJURY (INSTRUMENT OR MEANS)** Fire   **27. REASON (ACCIDENT, ILL HEALTH, ETC.)** Fire

**28. REMOVED BY**   **29. REMOVED TO**   **30. NAME OF PERSON AUTHORIZING REMOVAL**

**31. SOBRIETY OF VICTIM (CHECK ONE)** ☒ SOBER ☐ HBD ☐ INTOX.   **32. EXTENT OF INJURIES (CHECK ONE)** ☐ MINOR ☐ SERIOUS ☒ FATAL   **33. FIRST AID GIVEN BY POLICE** ☐ YES ☒ NO   **34. MEDICAL AID REFUSED BY VICTIM** DNA

**35. NAME AND ADDRESS OF ATTENDING PHYSICIAN** Mercy Hosp, E.R. Room   **36. INVENTORY NO.** DNA

**37. NARRATIVE: (THE INDICATED SOBRIETY OF VICTIM OR WITNESSES IS THE APPARENT CONDITION, WHEN REPORTED.)**
☐ Apparently UNFOUNDED, at the time of the preparation of this report.

IN SUMMARY R.O's Responding To A Fire AT 4448 S Hermi. Found A 3 Flat Building Engulfed in Flames. A Mr. Santos Lopardo S.A. M 4 38 yrs olds was observed leaping from 2nd Floor window who stated his family was inside R.O's unable to enter this Building then aroused the Residents of 4450 - 4452 and 4446 and evacuated them to saftey. These 3 other Buildings then caught fire additional units were summoned to scene and assisted in caring for injured and displaced persons.

Dept. Lyons Notified Per Lt. Collins
Dept. Clark Noticed Per Capt. Nohon. 0420 Hrs

PERMANENT RETENTION FILE

**NO. P-103-510**

**I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE**   ☒ CONTINUED ON REVERSE SIDE

**38. EXTRA COPIES REQUIRED (NO. & RECIPIENT)** D+A. LOS 09015   **39. DATE INVESTIGATION COMPLETED** 24 MAR 84   **TIME** 0150   **42. SUPERVISOR APPROVING** LAUGHLIN   **STAR NO.** 1827

**40. REPORTING OFFICER (Print or Type)** F. BAKANSKI   **STAR NO.** 5557   **41. REPORTING OFFICER (Print or Type)**   **STAR NO.**   **SIGNATURE** Lt. Laughlin

**SIGNATURE** W. McGuire   3   **SIGNATURE**   **DATE DAY** 24   **MONTH** 3   **YEAR** 84   **TIME** 0830

(CPD 1.496 (REV. 7/73)

#1

CITY-KLUP_000539

CONTINUATION OF NARRATIVE

ASSISTING UNITS ON Scene
CAR 900 COMM Daly ~ 999 Lt. Collins
910 Sgt. KNight
BEAT CARS 915-931-933
Sg Dcols. 972-771-1273-1272
Chicago Fire Dept.
    Dept. Fire COMM. AHTMAN iN CHARGE
BATT CHIEF #15 FISHER Eng. 33-57-25-116-18-41
    49-28-8-123
Human Services Summoned To Scene To Assist Displaced
PERSONS LAug 976 McKenzie 978
RED CROSS ANd CTA Bus Summoned As Temporary
SHelter
    5 BODIES RECOVERED BY 0735 HRS AND TAKEN
To MERcy Hosp.

PERMANENT RETENTION FILE

RECORD COPY

27 MAR 1984   08-51

...AVE REVIEWED THIS REPORT AND BY MY SIGNATURE SUPERVISOR   STAR NO. DAY MO. YEAR TIME
...NATURE INDICATE THAT IT IS ACCEPTABLE   Sgt. Laughlin   1827  24  3  84  0830

#2

CITY-KLUP_000540

**SUPPLEMENTARY REPORT / CHICAGO POLICE**

| | | | | NO. OF VICTIMS |
|---|---|---|---|---|
| 1 OFFENSE/CLASSIFICATION ON LAST PREVIOUS REPORT *Hospitalization* | 2 OFFENSE/CLASSIFICATION AS OF THIS DATE (IF SAME AS NO. 1, WRITE "DNA") | 3 BEAT OR UNIT ASSIGNED *917* | 4 BEAT OF OCCURRENCE *913* | *6* |

| REDACTED | SHOWN ON CASE REPORT | CORRECTED? NO ☐ YES ☐ | CORRECT NAME *D-N-A* | 7. VICTIM'S ADDRESS *4448 So Hermitage* | PHONE N |
|---|---|---|---|---|---|
| *Lupercio* | | | | | |

| DAY | MO. | YR. | DAY | 8 DATE REPORTING OFF AND ORIGINAL CASE MO. YR. | TIME | 10 TYPE OF LOCATION WHERE OFFENSE OCCURRED (REFER TO CASE REPORT) *House* | | |
|---|---|---|---|---|---|---|---|---|

| 11 IF ROBBERY, IS IT A CHAIN STORE? 1 ☐ YES 2 ☑ NO | 12. IF BURGLARY, TIME | ADDRESS OF OCCURRENCE *4448 So Hermitage* |
|---|---|---|

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| 13. PROPERTY TAKEN *D-N-A* | MONEY ☐ | JEWELRY ☐ $ 3 | FURS ☐ $ | CLOTHING ☐ $ 4 | OFFICE EQUIP. ☐ $ 7 |
|---|---|---|---|---|---|
| T.V. RADIO, STEREO, ETC. ☐ 8 | HOUSEHOLD GOODS ☐ 9 | CONSUMABLE GOODS ☐ 0 | FIREARMS ☐ 1 | NARCO./DANG. DRUGS ☐ (6.) | OTHER (Specify |
| 14. PROPERTY RECOVERED | MONEY ☐ | JEWELRY ☐ $ | FURS ☐ $ | CLOTHING ☐ $ 4 | OFFICE EQUIP. ☐ $ |
| T.V. RADIO, STEREO, ETC. ☐ | HOUSEHOLD GOODS ☐ *N/A* | CONSUMABLE GOODS ☐ | FIREARMS ☐ | NARCO./DANG. DRUGS ☐ (6.) | OTHER (Specify |

| 15. STATUS (CHECK ONE) CLD ☐ UNFD ☐ NOT FLR ☐ CLO EX ☐ | 16 IS FURTHER POLICE ACTION REQUIRED? ☐ YES ☐ NO | 17 IF CASE IS CLEARED, HOW CLEARED? (USE THIS BOX FOR SINGLE CLEAR UP OR FIRST CLEAR UP OF MULTIPLE CLEAR UP LIST) 1 ☐ ARREST & PROSC 2 ☐ DIRECTED TO FAMILY CT 3 ☐ COMPLT REFUSED TO PROSECUTE 4 ☐ COMMUNITY ADJUSTMENT 5 ☐ OTHER EXCEPTIO |
|---|---|---|

| 18. MULTIPLE CLEARANCES: | LIST ALL MULTIPLE CLEARANCES IN THE BOXES PROVIDED AND EXTEND THE LIST BELOW IF NECESSARY START THE NARRATIVE SECTION OF THE REPORT IMMEDIATELY FOLLOWING THE MULTIPLE CLEAR UP LIST |
|---|---|

| R.D. NO. | BEAT OF OCC. | OFFENSE (GIVE THE OFFENSE /CLASSIFICATION OF LAST REPORT) | CLEARED EXCEPTIONAL | | | | CODE (LEAVE BLAN |
|---|---|---|---|---|---|---|---|
| | | | CLEARED BY ARREST | REFUSED TO PROSECUTE | OFFENDER ADMITTED TO CRIME | OTHER (SPECIFY IN NARR.) | |
| | | *D-N-A* | | | | | |

RECORD COPY
PERMANENT RETENTION FILE

The description of offenders, possible weapons and possible vehicles used by offenders, contained within this report are approximations or estimates unless otherw indicated. The sobriety of victims, witnesses and offenders is their apparent condition, when reported. Witnesses location at time of crime and distance from scene is t best approximation obtainable. All statements of victims, witnesses and offenders are summarizations unless otherwise indicated. Record all developments in the case sir the last report was filed. If the classification is changed, explain why.

19. NARRATIVE:

*AT APPROX 1050 HRS THIS DATE FIREFIGHTERS AT 4448 So HERMITAGE RECOVERED THE REMAINS OF 1 UNK PERSON BELIEVED TO BE* [REDACTED] *LUPERCIO F WH AGE 4YRS. VICTIM OF A EARLY MORNING FIRE SUBJECT TAKEN IN FIRE AMBULANCE #8 TO MERCY HOSP WHERE PRONOUNCED D.O.A. BY DR KEVIN SMITH AT 1130 HRS.*

I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE ☐ CONTINUED ON REVERSE SIDE

20. ENTER CENTRAL BOOKING (CB) NUMBER, JUVENILE DISTRICT ADJUSTMENT (JDA) NUMBER OR YOUTH DIVISION (YD) NUMBER OF ALL PERSONS TAKEN INTO CUSTODY FOR THIS OFFENSE(S) AND DISTRICT OR UNIT NUMBER OF THE ARRESTING OFFICER.

| C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | R.D. NO. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | *F105-510* |

| 21. EXTRA COPIES REQUIRED (NO. & RECIPIENT) *Normal* | 22. DATE INVESTIGATION COMPLETED *24 MAR 84* | TIME *1400* | 25 SUPERVISOR APPROVING *D. IGNABITTO* STAR NO. *1090* |
|---|---|---|---|
| 23. REPORTING OFFICER (Print or Type) *L. ORPIK* STAR NO. *4513* | 24. REPORTING OFFICER (Print or Type) STAR NO. | SIGNATURE | |
| SIGNATURE | SIGNATURE | DATE *24* | MONTH *MAR* YR *84* TIME *1500* |

CPD-11.411 (Rev. 12/82)

*#3*

CITY OF CHICAGO POLICE *Page F-3*

| 1. OFFENSE/CLASSIFICATION ON LAST PREVIOUS REPORT | 2. OFFENSE/CLASSIFICATION AS OF THIS DATE (IF SAME AS NO. 1, WRITE DNA) | 3. BEAT OR UNIT ASSIGNED | 4. BEAT OF OCCURRENCE | NO. OF VICTIMS 6 |
|---|---|---|---|---|
| Hospitalization | | 933 | 913 | |

| 6. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECTED? NO☒YES | CORRECT NAME | 7. VICTIM'S ADDRESS 4448 So. Hermitage 2nd | PHONE NO. None |
|---|---|---|---|---|
| See Narrative | | | | |

| 8. DATE OF THIS REPORT DAY 24 MO Mar YR 1984 | 9. DATE REPORTING OFFICER ARR ORIGINAL CASE MO/DAY/YR 24 Mar 84 | TIME 0408 | 10. TYPE OF LOCATION WHERE CRIME OCCURRED (REFER TO CASE REPORT) Residental Building |
|---|---|---|---|
| 11. IF ASSAULT, IS IT A CHAIN RELATED 1 ☐ YES DNA 2 ☐ NO | 12. IF BURGLARY, GAIN ENTRY? DNA | | ADDRESS OF LOCATION (IF DIFFERENT) 4448 So Hermitage |

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| 13. PROPERTY TAKEN | MONEY $ | JEWELRY D********A | FURS $ | CLOTHING $ | OFFICE EQUIP. $ |
|---|---|---|---|---|---|
| T.V., RADIO, STEREO, ETC. | HOUSEHOLD GOODS D********A | CONSUMABLE GOODS | FIREARMS $ | NARCO/DANG. DRUGS $ | OTHER (Specify) $ |
| 14. PROPERTY RECOVERED | MONEY $ | JEWELRY D********A | FURS $ | CLOTHING $ | OFFICE EQUIP. $ |
| T.V., RADIO, STEREO, ETC. | HOUSEHOLD GOODS D********A | CONSUMABLE GOODS | FIREARMS $ | NARCO/DANG. DRUGS $ | OTHER (Specify) $ |

| 15. STATUS (CHECK ONE) CLO 1 UNFD 2 NOT CLO 3 CLO EX 4 | 16. IS FURTHER POLICE ACTION REQUIRED? ☐ YES ☐ NO | 17. IF CASE IS CLEARED HOW CLEARED (USE THIS BOX FOR SINGLE CLEAR OR FIRST CLEAR OF MULTIPLE CLEAR UP LIST.) |
|---|---|---|
| | | 1 ARREST & PROSC 2 DIRECTED TO SIMPLE REFUSED 3 JUVENILE 4 COMMUNITY ADJUSTMENT 5 OTHER EXCEPTION |

18. MULTIPLE CLEARANCES: LIST ALL MULTIPLE CLEARANCES IN THE BOXES PROVIDED AND EXTEND THE LIST BELOW IF NECESSARY. STATE THE NARRATIVE SECTION OF THE REPORT IMMEDIATELY FOLLOWING THE MULTIPLE CLEAR UP LIST.

|  |  |  | CLEARED EXCEPTIONAL | | | |
|---|---|---|---|---|---|---|
| R.D. NO. | BEAT OF OCC. | OFFENSE (GIVE THE OFFENSE/CLASSIFICATION OF LAST REPORT) | CLEARED BY ARREST | REFUSED TO PROSECUTE | OFFENDER ADDMITED TO CRIME | OTHER (SPECIFY IN NARR.) | CODE (LEAVE BLANK) |
| DNA | | | | | | |

*RECORD COPY*

The description of offenders, possible weapons and possible vehicles used by offenders, contained within this report are approximations or estimates unless otherwise indicated. The sobriety of victims, witnesses and offenders is their apparent condition, when reported. Witnesses location at time of crime and distance from scene is the best approximation obtainable. All statements of victims, witnesses and offenders are summarizations unless otherwise indicated. Record all developments in the case since the last report was filed. If the classification is changed, explain why.

19. NARRATIVE:

Siller Zully F/WH

They were taken by Fire Ambulance # 1

Also taken to Holy Cross Hospital By Fire Ambulance # 1

REDACTED F/WH/6yrs 4450 So Hermitage 1st Floor.

Assists: 900-999-930-913 (Paper) 933 (communication car) Squad 915,931, Squadrols 972 771,1273 & 1272.

Deputy Chief Altman in Charge

*PERMANENT RETENTION FILE*

I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE | ☒ CONTINUED ON REVERSE SIDE

20. ENTER CENTRAL BOOKING (CB) NUMBER, JUVENILE DISTRICT ADJUSTMENT (JDA) NUMBER OR YOUTH DIVISION (YD) NUMBER OF ALL PERSONS TAKEN INTO CUSTODY FOR THIS OFFENSE(S) AND DISTRICT OR UNIT NUMBER OF THE ARRESTING OFFICER.

| C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | R.D. NO. F-105510 |
|---|---|---|---|---|---|---|---|---|
| DNA | | | | | | | | |

| 21. EXTRA COPIES REQUIRED (NO. & RECIPIENT) R/A R/O'S | 22. DATE INVESTIGATION COMPLETED DAY 24 MONTH March YEAR 84 TIME 1400 | 25. SUPERVISOR APPROVING Sgt. T. KELLEHER 1287 STAR NO. |
|---|---|---|
| 23. REPORTING OFFICER (Print or Type) E. Danaher STAR NO. 12805 | 24. REPORTING OFFICER (Print or Type) A. Churas STAR NO. 9863 | SIGNATURE T. Kelleher 1287 |
| SIGNATURE E Danaher | SIGNATURE A Churas | DATE DAY 24 MONTH March YEAR 1984 TIME |

CPD 11.411 (Rev. 12/82)

#4

**CONTINUATION OF NARRATIVE**

Fire Department on scene: Snorkel #3, Tanker Truck #8, Trucks 116-18-41-49-28-8 & 123

Batn. Chief #15 Fisher

Depart of Human Services Beat 976 Keller & Law 0500hrs.

C.T.A. Supervisor Gonzales.

Medical Examiner Ruddy on scene 0815hrs

Notifications: Deputy Clark notified by Cmdr. Daly 0430hrs

Asst. Deputy Lyons at 0440hrs by Cmdr. Daly

Deputy Byrne on scene 0740hrs.

Bomb & Arson: 0630hrs Beat 5812 Det. Jenkins    0815hrs Beat 5825 Det Urbon & Lt. Grubisic

Beat 5800hrs

Homicide Beat 5311 Det. Fitzgerald    A3V.C. Nimek Notified 0635hrs

Red Cross Disaster Service Phil Gutierrez Chairman.

Tow Trucks 12433 & 12425 moved approx. 5 vehicles from in front of fire to side street

45th Street.

Human Resources Beat 976  Inv. Law & Keller.

RECORD COPY

PERMANENT RETENTION FILE

R.D.
NO.

P-105510

I HAVE REVIEWED THIS REPORT AND BY MY SIGNATURE SUPERVISOR
SIGNATURE INDICATE THAT IT IS ACCEPTABLE

STAR NO. DAY MO. YEAR TIME

1872 24 May 84 1415

24 MAR 1984 23

#5

CITY-KLUP_000543

## SUPPLEMENTARY REPORT / CHICAGO POLICE

NO. OF VICTIMS 6

| 1. OFFENSE/CLASSIFICATION ON LAST PREVIOUS REPORT | 2. OFFENSE/CLASSIFICATION AS OF THIS DATE (IF SAME AS NO. 1, WRITE DNA) | 3. BEAT OR UNIT ASSIGNED | 4. BEAT OF OCCURRENCE |
|---|---|---|---|
| Hospitalization | | 933 | 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | 6. CORRECTED | CORRECT NAME | 7. VICTIM'S ADDRESS | PHONE NO |
|---|---|---|---|---|
| See Narrative | NO ☒ YES ☐ | | 4448 So Hermitage 2nd | None |

| 8. DATE OF THIS REPORT | 9. DATE REPORTING OFF. ARR. ORIGINAL CASE | TIME | 10. TYPE OF LOCATION WHERE OFFENSE OCCURRED (REFER TO CASE REPORT) |
|---|---|---|---|
| 24 Mar 1984 | 24 Mar '84 | 0409hrs | Residental Home |

| 11. IF ROBBERY, IS IT A CHAIN STORE? | 12. IF BURGLARY, TIME | ADDRESS OF OCCURRENCE |
|---|---|---|
| 1 ☐ YES DNA 2 ☐ NO | DNA | 4448 So Hermitage |

| 13. PROPERTY TAKEN | MONEY | JEWELRY | FURS | CLOTHING | OFFICE EQUIP. |
|---|---|---|---|---|---|
| | D********A | | | | |
| | 7. $ | 2. $ | 3. $ | 4. $ | 7. $ |
| T.V., RADIO, STEREO, ETC. | HOUSEHOLD GOODS | CONSUMABLE GOODS | FIREARMS | NARCO./DANG. DRUGS | OTHER (Specify |
| 8. $ | 9. $ | (-) $ | (&) $ | 5 $ | |
| PROPERTY RECOVERED | MONEY | JEWELRY | FURS | CLOTHING | OFFICE EQUIP. |
| | D********A | | | | |
| | 1. $ | 2. $ | 3. $ | 4. $ | 7. $ |
| T.V., RADIO, STEREO, ETC. | HOUSEHOLD GOODS | CONSUMABLE GOODS | FIREARMS | NARCO./DANG. DRUGS | OTHER (Specify |
| 8. $ | 9. $ | (-) $ | (&) $ | 5 $ | |

| 15. STATUS (CHECK ONE) CLO. | 16. IS FURTHER POLICE ACTION REQUIRED? | 17. IF CASE IS CLEARED, HOW CLEARED? USE THIS BOX FOR SINGLE CLEAR-UP OR FIRST CLEAR-UP OF MULTIPLE CLEAR UP LIST |
|---|---|---|
| OPEN NOT CLO. EX. CLO. 1 2 3 4 | YES ☐ NO ☐ | 1 ARREST & PROSE. / 2 DENIED TO FAMILY CT / D********A 3 PROSECUTE / 4 COMMUNITY ADJUSTMENT / 5 OTHER EXCEPTION |

18. MULTIPLE CLEARANCES: LIST ALL MULTIPLE CLEARANCES IN THE BOXES PROVIDED AND EXTEND THE LIST BELOW IF NECESSARY. START THE NARRATIVE SECTION OF THE REPORT IMMEDIATELY FOLLOWING THE MULTIPLE CLEAR UP LIST

| R.D. NO. | BEAT OF OCC. | OFFENSE (GIVE THE OFFENSE/CLASSIFICATION OF LAST REPORT) | CLEARED EXCEPTIONAL | | | | CODE (LEAVE BLANK |
|---|---|---|---|---|---|---|---|
| | | | CLEARED BY ARREST | REFUSED TO PROSECUTE | OFFENDER ADMITTED | OTHER (SPECIFY IN NARR.) | |
| DNA | | PERMANENT RETENTION RECORD COPY | | | | | |

The description of offenders, possible weapons and possible vehicles used by offenders contained within this report are approximations or estimates unless otherwise indicated. The sobriety of victims, witnesses and offenders is their apparent condition, when reported. Witnesses location at time of crime and distance from scene is the best approximation obtainable. All statements of victims, witnesses and offenders are summarizations unless otherwise indicated. Record all developments in the case since the last report was filed. If the classification is changed, explain why.

19. NARRATIVE:

At 0408 hrs Beat 913 Officer F. Baranski #5557 & Officer D. McGuire #11973 responded to a call of a fire at 4448 So. Hermitage; Arriving on scene beat 913 found a 3 flat in flames, completely engulfed. Beat 913 requested assistance, ambulances, fire equipment, & wagons. Officer Baranksi & McGuire went to the building on either side of burning building 4446 & 4450 So. Hermitage, to arouse & evacuate people. At this time, Beat 933 Officer Churma #9863 & Officer Danaher #12805, along with W/Cmdr Lt. John Collins #26? arrived, they went to the 6 flat building at 4440 So. Hermitage as the flames started spread

I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE

CONTINUED ON ☒ REVERSE SIDE

20. ENTER CENTRAL BOOKING (CB) NUMBER, JUVENILE DISTRICT ADJUSTMENT (JDA) NUMBER OR YOUTH DIVISION (YD) NUMBER OF ALL PERSONS TAKEN INTO CUSTODY FOR THIS OFFENSE(S) AND DISTRICT OR UNIT NUMBER OF THE ARRESTING OFFICER.

| C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D. NO. | ARREST-ING DIST. OR UNIT NO. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

P-105510

| 21. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 22. DATE INVESTIGATION COMPLETED | | TIME | 25. SUPERVISOR APPROVING | STAR NO. |
|---|---|---|---|---|---|
| B&A, R/O'S | MONTH 24 March | YEAR 1984 | 1400 | SIGNATURE | |

| 23. REPORTING OFFICER (Print or Type) | STAR NO. | 24. REPORTING OFFICER (Print or Type) | STAR NO. | | |
|---|---|---|---|---|---|
| E. Danaher | 12805 | A. Churma | 9863 | | |
| SIGNATURE | | SIGNATURE | | DATE DAY 24 | MONTH March | YEAR 1984 | TIME |

CPD 11.411 (Rev. 12/82)

#6

CONTINUATION OF NARRATIVE

PERMANENT RETENTION FILE

RECORD COPY

to the other buildings. Beat 913 upon arriving, observed a M/WH, now known as Santos Lupercio M/WH/30yrs of 4448 So. Hermitage jump from the 2nd floor window, while Beat 913 was assisting Mr. Lupercio they were informed that his wife & 5 children were still in the 2nd-floor apartment, by this time the whole building was engulfed in flames & the Officers were unable to enter building. Mr. Luperico was transported to Holy Cross Hospital 2701 W. 68th St by Fire Ambulance # 8. At this time, Lt. Collins assigned 913 Paper Car, Beat 933 as communication car, 915,917,931 Traffic Control, & Beat 910 Sgt. Knight as Supervisor car, 920 also Assisted, Sgt. Laughlin.

AT DAVIS PARK

C.T.A. Bus Supervisor Gonzales assisted by send ing a C.T.A. bus to help the displaced persons from 4446 4448 &4450 So. Hemitage. Beat 933 was assigned to round up all the people & put on bus so Human Resources could assist. All people were accounted for, except the wife & children of Mr. Lupercio, who now was in the hospital in serious condition with head injur:

After Fire was struck, Fire Department personnel entered the collasped building at 4448 So. Hermitage & began their intensive search of building, which at this time revealed the remains of the 6 persons:

The bodies recovered are as follows: Lupercio, Elva, NMI F/WH/30yrs.     Mother

| | | |
|---|---|---|
| Lupercio, REDACTED F/WH/3yrs. | Daughter |
| Lupercio, REDACTED F/WH/4yrs. | Daughter |
| Lupercio, REDACTED F/WH/6yrs. | Daughter |
| Lupercio, REDACTED F/WH/8yrs. | Daughter |
| Lupercio REDACTED M/WH/10yrs. | Son |

The remains of Elva, REDACTED REDACTED & REDACTED Lupercio were taken to Mercy Hospital by Fire Ambulance #49, REDACTED was transported by Fire Ambulance #1, & REDACTED was Transported by Fire Ambulance #8.

Other Injuries were taken to Holy Cross Hospital for treatment of smoke inhalation:

| | | | |
|---|---|---|---|
| Siller Oscar M/WH | Father | 4448 So. Hermitage 3rd Floor |
| Siller Oralis F/WH | Mother | " " " |
| REDACTED F/WH | Daughter | " " " |
| REDACTED M/WH | Son | " " " |

I HAVE REVIEWED THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE

SIGNATURE SUPERVISOR

P-105510

#7

CITY-KLUP_000545

CHICAGO POLICE

| | | | NO. OF VICTIMS _D N A_ |
|---|---|---|---|
| 1 OFFENSE/CLASSIFICATION ON LAST PREVIOUS REPORT HOSPITALIZATION | 2 OFFENSE/CLASSIFICATION AS OF THIS DATE (IF SAME AS NO 1 WRITE DNA) _D N A_ | 3 BEAT OR UNIT ASSIGNED 906 | 4 BEAT OF OCCURRENCE 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT UNK | CORRECTED? NO ☒ YES ☐ | CORRECT NAME _D N A_ | 7. VICTIM'S ADDRESS _D N A_ | PHONE NO |
|---|---|---|---|---|

| 8. DATE OF THIS REPORT DAY 25 MO MAR YR 84 | 9. DATE OF REPORTING OF AND ORIGINAL CASE 24 MAR 84 TIME 0400 | 10 TYPE OF LOCATION WHERE OFFENSE OCCURRED (REFER TO CASE REPORT) APARTMENT BUILDING |
|---|---|---|
| 11 IF ROBBERY IS IT A CHAIN STORE? ☐ 1 YES _D N A_ ☐ 2 NO | 12. IF BURGLARY, TIME _D N A_ | ADDRESS OF OCCURRENCE 4440 S. HERMITAGE |

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| 13. PROPERTY TAKEN | MONEY ☐ $ | JEWELRY ☐ $ | FURS ☐ $ | CLOTHING ☐ $ | OFFICE EQUIP. ☐ $ |
|---|---|---|---|---|---|
| | T.V., RADIO, STEREO, ETC. ☐ $ | HOUSEHOLD GOODS ☐ $ | CONSUMABLE GOODS ☐ $ | FIREARMS ☐ $ | NARCO./DANG. DRUGS ☐ $ | OTHER (Specif ☐ $ |

(handwritten _D N A_ across row 13)

| 14. PROPERTY RECOVERED | MONEY ☐ $ | JEWELRY ☐ $ | FURS ☐ $ | CLOTHING ☐ $ | OFFICE EQUIP. ☐ $ |
|---|---|---|---|---|---|
| | T.V., RADIO, STEREO, ETC. ☐ $ | HOUSEHOLD GOODS ☐ $ | CONSUMABLE GOODS ☐ $ | FIREARMS ☐ $ | NARCO/DANG. DRUGS ☐ $ | OTHER (Specif ☐ $ |

(handwritten _D N A_ across row 14)

| 15. STATUS (CHECK ONE) UNF _D N A_ CLO EX | 16 IS FURTHER POLICE ACTION REQUIRED? ☐ YES ☒ NO | 17 IF CASE IS CLEARED HOW CLEARED—USE THIS BOX FOR SINGLE CLEAR UP OR FIRST CLEAR UP OF MULTIPLE CLEAR UP LIST ) ☐ ARREST & PROSC ☐ EXCEPT ☐ DIRECTED TO PROSECUTE ☐ 2 COMPLT REFUSED TO PROSECUTE ☐ COMMUNITY ADJUSTMENT ☐ OTHER EXCEPTION |
|---|---|---|

18. MULTIPLE CLEARANCES: LIST ALL MULTIPLE CLEARANCES IN THE BOXES PROVIDED AND EXTEND THE LIST BELOW IF NECESSARY START THE NARRATIVE SECTION OF THE REPORT IMMEDIATELY FOLLOWING THE CLEAR UP LIST.

| | | | | CLEARED EXCEPTIONAL | | | |
|---|---|---|---|---|---|---|---|
| R.D. NO. | BEAT OF OCC. | OFFENSE (GIVE THE OFFENSE/CLASSIFICATION OF LAST REPORT) | CLEARED BY ARREST | REFUSED TO PROSECUTE | OFFENDER ADMITTED TO CRIME | OTHER (SPECIFY IN NARR.) | CODE (LEAVE BLA |
| | | _D N A_ (RECORD COPY) | | | | | |

The description of offenders, possible weapons and possible vehicles used by offenders, contained within this report are approximations or estimates unless otherwi indicated. The sobriety of victims, witnesses and offenders is their apparent condition, when reported. Witnesses location at time of crime and distance from scene is t best approximation obtainable. All statements of victims, witnesses and offenders are summarizations unless otherwise indicated. Record all developments in the case sir the last report was filed. If the classification is changed, explain why.

19. NARRATIVE:

BEAT 906 LEARNED FROM M/W DANIEL LUKENSMEYER 4202 S. ROCKWELL CHGO ILL., THE OWNER OF A 6 FLAT APT BUILDING, LOCATED AT 4440 S. HERMITAGE, THAT WATER DAMAGE WAS CAUSED AT THE SAID ADDRESS BY THE C.F.D. IN THE PROCESS OF EXTINGUISHING A FIRE THAT DESTROYED 3 APT BUILDINGS ADJACENT TO 4440 S. HERMITAGE SOUTH OF THE ADDRESS, THE FOLLOWING LOCATIONS IN THE BUILDING AT 4440 S. HERMITAGE WHERE DAMAGE WAS CAUSED. (OVER)

I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE    ☒ CONTINUED ON REVERSE SIDE

20. ENTER CENTRAL BOOKING (CB) NUMBER, JUVENILE DISTRICT ADJUSTMENT (JDA) NUMBER OR YOUTH DIVISION (YD) NUMBER OF ALL PERSONS TAKEN INTO CUSTODY FOR THIS OFFENSE(S) AND DISTRICT OR UNIT NUMBER OF THE ARRESTING OFFICER.

| C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST OR UNIT NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 21. EXTRA COPIES REQUIRED (NO. & RECIPIENT) Normal | 22. DATE INVESTIGATION COMPLETED 25 MARCH 84 | TIME 1115 | 23. SUPERVISOR APPROVING Sgt. T. KELLGHR | STAR NO 1787 |
|---|---|---|---|---|
| 23. REPORTING OFFICER (Print or Type) STAR NO. R. GONDREVA 3187 | 24. REPORTING OFFICER (Print or Type) STAR NO. | | SIGNATURE M. Kelleher | 1787 |
| SIGNATURE R. Gondreva | SIGNATURE | | DATE DAY 25 MO Mar YR 84 | TIME 1135 |

CPD.11.411 (Rev. 12/82)

R D NO. F-105510

#8

CONTINUATION OF NARRATIVE

1) ROOF - SOUTH SIDE - BURNS WHERE BURNING FLYING DEBRIS LANDED - DAMAGE TO ROLLED ROOFING PANELS FRONT & BACK

2) WATER DAMAGE TO : BASEMENT APT. REAR - LINOLEUM & FLOOR DAMA WATER DAMAGE TO SPACE HEATER

3) WATER DAMAGE TO FRONT BASEMENT APT - FLOOR AND LINOLEUMS AND CARPETS.

4) WATER SEEPAGE INTO CRAWL SPACE FROM OVER FLOW OF WATER IN ADJACENT SOUTH LOT DAMAGEING STRUCTUAL FLOOR TIMBERS Approx 2 FT IN DEPTH.

**PERMANENT RETENTION FILE**

**RECORD COPY**

25 MAR 1984 23 0.

R.D. NO. F-105510

807

I HAVE REVIEWED THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE | SIGNATURE - SUPERVISOR | STAR NO. DAY | MO. YEAR TIME

#9

CITY-KLUP_000547

SUPPLEMENTARY REPORT — TEMP.
FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY

VICTIM'S NAME (AS SHOWN ON CASE REPORT)
HARAST, Frank M/W

R.D. NO.
F - 1 0 5 5 1

| UCR CODE | REV. CODE | UCR METHOD CODE | METHOD ASSIGNED | UNIT NO. | OFFICER ASSIGNED STAR NO. | DATE ASSIGNED | S. INV STAR NO. | INVESTIGATIVE FILE |
|---|---|---|---|---|---|---|---|---|
| ☒1 CORRECT ☐2 REVISED | | | ☒1 FIELD ☐2 ADMIN. ☐3 SUMMARY | 6 0 3 | 1 1 , 8 2 8 | 24 Mar ,84 | 2 , 2 6 0 | ☒1 YES ☐2 NO ☒X YES |

OFFICER REASSIGNED – DATE
STAR NO. 1 4,2 6 7 24 Mar 84

STATUS
☒0 IN PROGRESS ☐1 SUSPENDED ☐2 CLEARED CLOSED ☐4 CLEARED OPEN ☐5 EXC. CLRD. CLOSED ☐6 EXC. CLEARED OPEN ☐3 UNFOUNDED ☐7 CLOSED – NON-CRIMINAL

IF CASE IS CLEARED, HOW CLEARED (USE THIS BOX FOR SINGLE CLEAR UP OR FIRST CLEAR UP OF MULTIPLE CLEAR UP LIST)
☐1 ARREST & PROSECUTION ☐2 DIRECTED TO FAMILY COURT ☐3 COMPL. REFUSED TO PROSECUTE ☐4 COMMUNITY ADJUSTMENT ☐5 OTHER EXCEPTIONAL

VICTIM IDENTIFIERS
☐1 CORRECT ☒2 REVISED

VICTIM NO.
.7.

REVISED NAME
LUPERCIO, Santos M/WH

REVISED ADDRESS
4448 S. Hermitage

REVISED PHONE NO.
☒1 HOME ☐2 BUSINESS Unk

VALUE OF PROPERTY TAKEN/RECOVERED ☒1 DNA ☐2 VERIFIED ☐3 CORRECTED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT

| 1 MONEY | 2 JEWELRY | 3 FURS | 4 CLOTHING | 5 OFFICE EQUIPMT. | 6 TV, RADIO, STEREO | 7 HOUSEHOLD GOODS | 8 CONSUM. GOODS | 9 FIREARMS | 10 MISC./DANG./DRUG |
|---|---|---|---|---|---|---|---|---|---|
| ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R | ☐ T ☐ R |

SERIAL NOS. OR IDENTIFICATION NOS. ☒1 DNA ☐2 VERIFIED ☐3 CORRECTED

LIST ALL CORRECTIONS & NEW OR ADDITIONAL ITEMS

**BOMB-ARSON**

NARRATIVE (PERTINENT INFORMATION NOT ON ORIGINAL REPORT)

PERMANENT RETENTION FILE

RECORD COPY

BOMB-ARSON
CAUSE & ORIGIN

Death Investigation/Fire - Real Property

Progress Report #1

ADDITIONAL VICTIMS:

LUPERCIO, Elva F/WH, age 28 yrs., 4448 S. Hermitage 2nd fl., phone unknown. Found by fire fighters 2nd fl. rear bedroom, pronounced Dead at Mercy Hospital at 0810 hrs. by Dr. SMITH.

LUPERCIO, [REDACTED] M/WH, age 9-10 yrs., 4448 S. Hermitage 2nd fl phone unknown. His body was found by fire fighters in the 2nd floor bedroom. Pronounced Dead at Mercy Hospital at 0810 hrs., by Dr. SMITH.

LUPERCIO, [REDACTED] F/WH, age 8 yrs., 4448 S. Hermitage 2nd fl., phone unknown. Her body was found in 2nd floor rear bedroom by fire fighters. Pronounced Dead at Mercy Hospital at 0810 hrs., by Dr. SMITH

| PREPARED BY – SIGNATURE | STAR NO. | DATE (DAY-MO-YR.) | APPROVED BY – SIGNATURE | STAR NO. | DATE (DAY-MO-YR.) |
|---|---|---|---|---|---|
| P.S. Jenkins | 11828 | 25 Mar 84 | Sgt. C. Reaves | 2260 | 30 Mar 84 |

DPM.1.4-H (Temp. 11/83)

CITY-KLUP_000548

RD #F 105-510

Page #2

RECORD COPY

ADDITIONAL VICTIMS Con't:

LUPERCIO, REDACTED F/WH, age 6 yrs., 4448 S. Hermitage 2nd fl., phone unknown. Her body was found in the 2nd floor front bedroom by fire fighters. She was pronounced Dead at Mercy Hos at 0915 hrs., by Dr. Smith.

LUPERCIO, REDACTED F/WH, age 3 yrs., 4448 S. Herm 2nd fl., phone unknown. Her body was found in 2nd floor front bedroom by fire fighters. She w pronounced Dead at Mercy Hospital at 0915 hrs., Dr. SMITH.

LUPERCIO, REDACTED F/WH, age 4 yrs., 4448 S. Herm 2nd fl., phone unknown. Her body was found in debris by fire fighters. She was pronounced Dea at 1130 hrs. by Dr. SMITH at Mercy Hospital.

LUPERCIO, Santos M/WH, age 31, DOB REDACTED 44 S. Hermitage, 2nd fl., phone unknown. Suffered burns to the back and a skull fracture, when he jumped or fell from the second floor window. He hospitalized in Critical condition at Holy Cross hospital.



VICTIM:

DATE & TIME OF OCCURRENCE: 24 Mar. 84 at 0408 hrs.

DATE & TIME OF ASSIGNMENT: 24 Mar. 84 at 0430 hrs.

DATE & TIME OF ARRIVAL: 24 Mar. 84 at 0500 hrs.

BUILDING OWNER: Unknown at this time

VICTIM TO BE INTERVIEWED: DNA PERMANENT RETENTION FILE

INCIDENT: Death Investigation - a 3 story frame building, occupied, located at 4448 S. Hermitage, ignited i an unknown manner. Fire consumed the entire structure, causing the building to collapse. Si persons died in the fire when they were unable to escape. Their bodies were recovered by fire fig ers after the fire had been extinguished.

**BOMB-ARSON**

CAUSE & ORIGIN: Because of the complete burning and collapse of t building, this detective was unable to conduct a Cause & Origin examination as of this report.

DAMAGE: Extensive - the complete structure collapsed, lea only a pile of charred wood.

MOTIVE: Unknown

Sgt J Keane       G. Jenkins #11878
                              # 11

Detective Division
Death Investigation/4448 S. Hermitage

25 Mar. 84
RD #F 105-510

Page #3

PERMANENT RETENTION FILE

WITNESSES:                          None found as of this report

WITNESSES TO BE INTERVIEWED:        DNA

OTHER PERSONS INTERVIEWED:          ALFARO, Leonardo B. M/WH DOB REDACTED , age 27 y
                                    4450 S. Hermitage 1st fl., 376-6995.  Temporary
                                    shelter provided for him and 5 other members of
                                    family by the Red Cross & the Dept. of Human Ser

RECORD COPY                         PENA, Guadulupe J. M/WH, age 51 yrs., DOB REDACTED
                                    4450 S. Hermitage 2nd fl., 376-5827.  Temporary
                                    shelter provided to him and 11 other members of
                                    family, by the REd Cross & Dept. of Human Servic

                                    PETROSUS, Charles M/W, age 74 yrs., 4446 S. Herm
                                    1st fl., 247-1462.  Temporary address is unknown

FIRE DEPARTMENT 1st NOTIFIED BY:    HARAST, Frank M/W, age 21 yrs., 4452 S. Hermitag
                                    523-4964

EXAMINATION GAS & ELEC OUTLETS:     DNA

SMOKE DETECTORS:                    Unknown      BOMB-ARSON

SPRINKLER SYSTEMS:                  DNA

INSURANCE INFORMATION:              Unknown at this time

WEATHER & LIGHTING:                 Mild & clear / Good artificial lighting supplied
                                    streetlights.

EVIDENCE:                           E.I. #5696,  approximately 10 color photos of th
                                    fire scene.

PERSONNEL ASSIGNED:                 Offs BARANSKI #5557 & McGUIRE #11973, beat 913
                                    Det. JENKINS #11828, B&A, beat 5812
                                    Det. GALL #12737, beat 5805, B&A
                                    Det. NELSON #16164 B&A, beat 5814
                                    Exp. Tech. ROHL #8856, beat 5802,B&A
                                    Det. TUIDER #5648, beat 8316
                                    Det. McKINLEY #12931, beat 8316

FIRE OFFICIAL IN CHARGE:            Deputy Fire Comm.    ALTMAN

NOTIFICATIONS:                      DNA

IN CUSTODY:                         DNA

ARRESTING OFFICERS:                 DNA

#12

G. Jenkins # 11828

Detective Division
Death Investigation/4448 S. Hermitage

25 Mar. 84
RD #F 105-510



BOMB - ARSON
CAUSE & ORIGIN    Page #4

RECORD COPY

PERMANENT RETENTION FILE

DATE, TIME, LOCATION OF ARREST:        DNA

CHARGES:        DNA

COURT BRANCH & DATE:        DNA

WANTED FOR QUESTIONS:        REDACTED   M/W age 13 yrs., 4329 S. Hermit
3rd fl., 5'6", 100' Lt complexion, light brown h

PRIOR FIRE HISTORY:        No prior history

INVESTIGATION:        Reporting detective assigned to a Death Investig
at a fire, located at 4448 S. Hermitage. Upon
arrival, observed that the building located at
that address had collapsed from the volume of fire. The fire had communicated to the build
ings immediately adjacent on both sides, Neighbors interviewed indicated that when they fi
became aware of the fire, the building was already fully involved in flames.Because this
detective was unable to enter the building to conduct a Cause & Origin examination, color
photos of the exterior were taken. Beat officers interviewed at the scene stated in summar
that they recieved the radio assignment of a "Fire at 4448 S. Hermitage at 0408 hrs. They
only a few blocks away and arrived on the scene at approximately 0409 hrs. When they arriv
the building was fully involved in flames and they observed the victim jump or fall from th
second floor window. They began giving assistance and help evacuate the familys from the
building immediately adjacent on both sides. They summoned an ambulance and sent the victi
Holy Cross hospital.

Charles PETROSUS M/W, next door neighbor, was
interviewed and stated in summary that when he awaken, he could see bright red flames burni
from the building immediately to the South. At about the same time, police wereknocking or
door informing him to exit the building. He dresses and exited the building along with otr
neighborhood residents. He could add nothing more to this investigation.

Frank HARAST M/W was interviewed and stated in
summary that he was coming home from visiting friends when he first observed flames and smc
coming from the building. He entered his apartment and called the fire department. He dic
not see anyone on the street at the time he first discovered the fire.

While at the scene, a citizen informed the polic
that while watching the fire, she overheard a M/W youth, inform his mother that he and a fr
had set this fire and the one earlier. The citizen further stated that at that time the mc
struck the youth in the chest and told him not to say anything more. The youth was later
identified as REDACTED M/W age 13 yrs., 4329 S. Hermitage 3rd floor. REDACTED was la
interviewed by this detective and Det. NELSON in the 009th District. REDACTED stated in sum
that he was re-calling a television news items where the reporter stated that a woman was s
running thru the yard carrying a gasoline can just after a fire occurred the previous day c
Marshfield. He stated that he was saying that perhaps the woman who started that fire, may
have also started this fire. His mother told him to shut-up because the woman may be stanc
in the crowd. He denied any knowledge or involvments in any fire. His mother, Mrs. REDACTE
was interviewed seperatly and stated that when they heard the fire engines, she and her fam
walked to the fire scene together. She gave basically the same account of the incident as
son.

Detective Division
Death Investigation/4448 S. Hermitage

25 Mar. 84
RD #F 105-510



Page #5

PERMANENT RETENTION FILE

INVESTIGATION Con't:

Reporting detective , went to Holy Cross hospital in an attempt to interview the victim, Santos LUPERCIO M/WH, but was informed that he was in critical condition, suffering from a skull fracture and burns to his back, and that he was unavailable for interview. It was learned, however, that he informed the doctors that he was awaken by his children screaming. He saw fire burning and he fell from the second floor window while trying to open it. The bodies of his wife and children were recovered by fire fighters after the flames had been extinguished. The bodies of his wife, Elva, his son REDACTED and daughter REDACTED were found in the rear bedroom by fire fighters. The bodies of his daughters REDACTED & REDACTED were found in the front bedroom, and the body of his daughter REDACTED was found in the debris. All were transported to Mercy hospital where they were pronounced Dead by Dr. SMITH There were no other known injuries reported as of this report. Residents from 4446 & 4450 S. Hermitage, were provided temporary shelter by the Red Cross and the Department of Human Services. No temporary addresses at this time. No further investigatives leads at this time, request this incident be reassigned to another Watch for further investigation.

Det. Geo. JENKINS #11
Bomb & Arson , Section

Approving Supervisor

#14

CITY-KLUP_000552

CITY-KLUP_000553

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY

HARAST, Frank

F 105510 t.

| UCR OFFENSE CODE | REV. CODE | UCR METHOD CODE | METHOD ASSIGNED | UNIT NO. | OFFICER ASSIGNED STAR NO. | DATE ASSIGNED | SR. INV. STAR NO. | INVESTIGATIVE FILE | REASSIGNED |
|---|---|---|---|---|---|---|---|---|---|
| ☐ CORRECT ☐ REVISED | | | ☒1 FIELD ☐2 ADMIN. ☐3 SUMMARY | 1 6 0 3 | 1 4 2 6 1 | 24 Mar 84 | 2 2 6 0 | ☒1 YES ☐2 NO | ☐1 YES ☐2 NO |

| OFFICER REASSIGNED — DATE | STATUS | | | |
|---|---|---|---|---|
| 1 4 2 6 1  24 Mar 84 | ☐1 CORRECT ☐2 REVISED | | | |

VALUE OF PROPERTY TAKEN/RECOVERED  ☒1 DNA  ☐2 VERIFIED  ☐3 CORRECTED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT

BOMB-ARSON  CAUSE & ORIGIN  BOMB-ARSON

PROGRESS REPORT

NARRATIVE (PERTINENT INFORMATION NOT ON ORIGINAL REPORT)

DATE & TIME OF OCCURRENCE:          24 Mar 84, 0409 hrs.

DATE & TIME OF ASSIGNMENT:          24 Mar 84, 0730 hrs.

DATE & TIME OF ARRIVAL:          24 Mar 84, 0800 hrs.

VICTIM:          LUPERCIO, Santos  M/WH/31 yrs. DOB REDACTED, 4448 S Hermitage, 2nd fl.
PERMANENT RETENTION FILE          Admitted to Holy Cross Hosp. with head and back injuries.

ADDITIONAL VICTIMS:          LUPERCIO, Elva  F/WH/30yrs.  D.O.A., Mercy Hospital. 4448 S Hermitage
2nd floor.
LUPERCIO, REDACTE F/WH/3yrs. 4448 S Hermitage, 2nd fl., DOA Mercy Hosp.
LUPERCIO, REDACTE F/WH/4yrs.  4448 S Hermitage, 2nd fl., DOA Marcy Hosp.
LUPERCIO, REDACTED F/WH/6yrs. 4448 S Hermitage, 2nd fl., DOA Mercy Hosp.
LUPERCIO, REDACTE F/WH/8yrs.  4448 S Hermitage, 2nd fl., DOA Mercy Hosp.
LUPERCIO, REDACTED M/WH/10yrs.  4448 S Hermitage, 2nd fl. DOA Mercy Hosp.
SILLER, Oscar M/WH/26yrs. 4448 S Hermitage, 3rd fl. treated at Holy Cross
Hospital for smoke inhalation and released, relocated to 4450 S Wood,
1st floor, no phone.
SILLER, Oralia  F/WH/24yrs. DOB REDACTED, 4448 S Hermitage 3rd fl.,
treated and released at Holy Cross Hosp., relocated to 4450 Wood, 1st. fl.
REDACTED F/WH/5yrs. treated at Holy Cross and released.
REDACTED M/WH/4yrs. 4448 S Hermitage, 3rd fl. treated and released
at Holy Cross H sp.
PETROSUS, Charlie M/W/74yrs. 4446 S Hermitage, 1st fl. no phone
treated for smoke inhalation at Holy Cross H sp. and released.

EVIDENCE:          Photogrphs, Debris from first floor flooring in rear. E.I.5667 Inv.079554

| PREPARED BY — SIGNATURE | STAR NO. | DATE (DAY-MO-YR.) | APPROVED BY — SIGNATURE | STAR NO. | DATE (DAY-MO-YR.) |
|---|---|---|---|---|---|
| Kenneth Urban | 14261 | 26 Mar 84 | Sgt G. Oliver | 992 | 30 Mar 84 |

11.41 (Temp. 11/83)

RECORD COPY

Page 2

BOMB & ARSON UNIT                                                    26 Mar 84
DEATH INVESTIGATION/4448 S Hermitage                                 RD F105510

BUILDING OWNER:          SANDOVAL, Abel  M/WH/age unknown,
                         address 5030 S Paulina, phone unknown, is
                         the taxpayer on the property.

INCIDENT:                Death Investigation - 4448 S Hermitage, a
                         three story frame building, 2nd and 3rd floors
                         occupied, 1st vacant, ignited in an unknown
                         manner, fire caused the deaths of a mother
                         and her five children, all found in the rubble
                         from the building.

CAUSE AND ORIGIN:        Due to the extensive burning and the collapse
                         of the building, the cause and the origin
                         of the fire could not be determined. What is
                         known from witness's accounts of the fire,
                         is that the fire originated in the rear of
                         of the building, 1st floor or basement.
                         Examination of the basement in the rear indi-
                         cate that the fire did not originate in the
                         basement since the burning is less than the
                         rest of the building.  There was low burning
                         in much of the rear of the building, to the
                         floor of the first floor apartment in the rear
                         which can be accounted for from the falling,
                         burning portions of the building.  There is
                         no indications of an extremely hot fire since
                         no beading to the copper wiring in the building
                         was found.  Suspicious burn patterns were found
                         in the adjacent building located to the south.
                         These were later dismissed when it was learned
                         from an occupant that the building did not
                         ignite until the fire communicated from 4448
                         S. Hermitage.

DAMAGE:                  EXTENSIVE - entire building consumed.

WITNESSES:               SILLER, Oralia  F/WH/25yrs. 4448 S Hermitage
                         3rd floor, relocated to 4450 S Wood, 1st.
                         ALFARO, Leonardo  M/WH/24 yrs. 4450 S Hermitage
                         1st fl., relocated to 4433 S Union, phone
                         285 3661.

PERSONNEL ASSIGNED:      Reporting detective, Kenneth Urbon #14261
                         and Det. Dennis GUEST #10600, Bomb & Arson.
                         Detectives L. TUIDER 5648, McKINLEY #12931
                         Area #3 Violent Crimes. Dets. M. Gavin#16720
                         Bomb & Arson.

INVESTIGATION:           Reporting detective was assigned to fire
                         at 4448 S Hermitage where six deaths occurred
                         By Sgt. Olivieri of the 2nd watch.

                         When reporting detective and Detective Dennis
                         Guest arrived on the scene on 24 Mar 84, the
debris was being searched for the missing body of one of the victims. Later, after the
body was located, the scene was examined in an attempt to determine the cause and origin.

Sgt E.O.                                              # 11.

PERMANENT RETENTION FILE
BOMB-ARSON
CAUSE & ORIGIN
BOMB-ARSON
RECORD COPY

CITY-KLUP_000554

BOMB & ARSON UNIT                                          26 Mar 84
DEATH INVESTIGATION/4448 S Hermitage                       RD F105510

INVESTIGATION (cont.):                    Due to the extensive damage and burning
                                          the cause and origin could not be deter-
mined. RECORD COPY
                                          Interviews were later made to the survivors
who resided in the building.

PERMANENT RETENTION FILE

          Santos LUPERCIO, the resident of the 2nd
floor apartment and the father of the deceased children, was interviewed in Holy Cross
Hospital by Det. Martin GAVIN, Bomb & Arson, and in summary he related that his wife
awakened him and informed him of the fire. Mr. LUPERCIO then went to the rear of the
building and observed a large amount of flame coming from ground level and he saw that
escape from the rear door was not possible due to the heat. He stated that he went to
the south window over the gangway and attempted to kick out the window and while doing
so, fell out the window. LUPERCIO stated that he did not see anyone in the area at
that time. He stated that the first floor apartment was vacant and that there was no
accumulated garbage in the apartment. He stated that children in the neighborhood
would sneak into the apartment at times. Mr. LUPERCIO stated that there were no
electrical problems in the building. He has not had any problems with anyone in the
neighborhood.

          Oralia SILLER, 4448 S Hermitage, 3rd fl.,
was later located and interviewed and in summary stated that she  and her husband
were awakened by someone outside shouting "fire", and at that time she observed that
the fire was in the rear, shooting out the rear door, possibly emanating from the
first floor or the basement. She and her husband, Oscar, then awakened the children
and escaped out the front door. She stated that shortly after the entire building
appeared to be ablaze and at that time Mr. LUPERCIO of the 2nd floor fell out the
window over the gangway. Oralia SILLER stated that the first floor was vacant
and that the doors to the apartment were not secure. She and her husband have not
had any problems with anyone in the neighborhood.

          Leonardo ALFARO, the resident of the first
floor apartment at 4450 S Hermitage, was interviewed and in summary stated that he
was awakened by the heat and smoke from the bruning building and then awakened his
family and they escaped out the rear door of his apartment. He stated that when they
first fled he observed the fire was in the rear of 4448 Hermitage and that flames
were shooting out the basement windows and the first floor apartment in the rear.
His building was not affected at that time, the fire later communicated after he
had made two trips into his apartment to remove belongings.

          Lt. ENNIS, CFD, Truck 33, was interviewed
and in summary stated that Truck 33 was the first unit on the scene. He said that before
they left the firehouse located at 43rd & Ashland, they observed the flames from the fire
in the sky. Before the first truck stopped, a 2-11 alarm was called. Lt. ENNIS
stated that the entire rear end of the building was involved. He went into the
living room of the first floor apartment and at that time observed a fireball in the
kitchen rolling toward the front of the house and then he exited out the front.
Lt. ENNIS stated that he then learned that a mother and five children were trapped
in the second floor apartment and he attempted to climb the front stairs but was
stopped before he got a fourth of the way up the stairs. The rest of the building
then became involved in fire and collapsed.

BOMB-ARSON
CAUSE & ORIGIN
Sgt. O.    BOMB-ARSON
                              #17

CITY-KLUP_000555

BOMB & ARSON UNIT
DEATH INVESTIGATION/4448 S Hermitage

24 Mar 84
RD F105510

PERMANENT RETENTION FILE

INVESTIGATION (CONT.):         Abel SANDOVAL, the building owner, and
who resides at 5030 S Paulina, was interviewed

and in summary stated that the first floor apartment had been vacant for some months
but had been cleaned up and there was nothing in the rear of the apartment. He stated
that he never had any problems with the tenants. He knows of no problems that anyone
in the building was having and he does not know of any reason why anyone would want to
set fire to the building.

                          This is an ongoing investigation.

Det. Kenneth Urbon #14261

APPROVED

#18

Identify and describe all property or possible evidence recovered at the end of the Narrative in column form. Show exactly where found, when found, who found it and its description (include Property Inventory numbers). If property taken as scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "in custody."

# SUPPLEMENTARY REPORT
## CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4. DATE OF ORIG. OCCURRENCE—TIME** 24 Mar 84  0409

**1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT** DEATH INVESTIGATION

**I.UCR OFF. CODE** 5084

**2. ADDRESS OF ORIG. INCIDENT/OFFENSE** 4448 S. Hermitage  ☒ VERIFIED ☐ CORRECTED

**3. BEAT OF OCCUR.** 913

**5. VICTIM'S NAME AS SHOWN ON CASE REPORT** LUPERIO, Santos

CORRECT ☒ YES ☐ NO

IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27.

**6. FIRE RELATED** ☐ YES ☒ NO

**7. BEAT/UNIT ASSIGNED** 603

**7. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED** Residence

**LOCATION CODE** 290

**9. NO. OF VICTIMS** 6

**10. NO. OF OFFENDERS** UNK

Santos LUPERCIA, M/WH/31; dob. REDACTED 4448 S. Hermitage 2nd. fl.; admitted to Holy Cross Hospital with head and back injuried.

---

## 80. NARRATIVE

PROGRESS REPORT; Additional information.

DATE & TIME OF OCCURRENCE:  24 Mar 84; 0409 hrs.

DATE & TIME OF ASSIGNMENT:  24 Mar 84; 0730 hrs.

DATE & TIME OF ARRIVAL:  24 Mar 84; 0800 hrs.

VICTIM:  LUPERCIA, Santos; M/WH/31; dob. REDACTED 4448 S. Hermitage 2nd.fl.; admitted to Holy Cross Hospital with head and back injuried.

CONTINUED

90. EXTRA COPIES REQUIRED ine. & FORWARDED 1 copy A/3 V.C.

91. DATE THIS REPORT SUBMITTED - MO. - YR. 4 Apr 84  TIME 1800

93. REPORTING OFFICER (PRINT NAME) Det. E.O'Donnell;  12431

94. REPORTING OFFICER (PRINT NAME)

95. DATE APPROVED (DAY-MO.-YR.) 5 APR 84  TIME 2100

CPD-11.411 (REV. 2/84 TEMP. B.I.S. USE ONLY)  *MUST BE COMPLETED IN ALL CASES

CITY-KLUP_000557

BOMB AND ARSON SECTION      Page 2      4 Apr 84

DEATH INVESTIGATION - 4448 S. Hermitage      F 105-510

ADDITIONAL VICTIMS:      LUPERCIO, Elva; F/WH/30; D.O.A. Mercy Hospital;
4448 S. Hermitage 2nd.fl.
LUPERCIA, REDACTED F/WH/3; 4448 S. Hermitage 2nd.
fl., D.O.A. Mercy Hospital.
LUPERCIA, REDACTED F/WH/4; 4448 S. Hermitage 2nd.
fl., D.O.A. Mercy Hospital.
LUPERCIA, REDACTED F/WH/6; 4448 S. Hermitage 2nd.
fl., D.O.A. Mercy Hospital.
LUPERCIA, REDACTED F/WH/8; 4448 S. Hermitage 2nd.
fl., D.O.A. Mercy Hospital.
LUPERCIA, REDACTED M/WH/10; 4448 S. Hermitage
2nd.fl., D.O.A. Mercy Hospital

PERMANENT RETENTION FILE

RECORD COPY

INCIDENT:      Death investigation - 4448 S. Hermitage; a three
story occupied frame building, 2nd and 3rd floors,
1st. vacant, ignited in an unknown manner. Fire
caused the deaths of a mother and her five child-
re, all found in the debris from the building.

OTHER PERSONS INTERVIEWED:      RODRIGUEZ, Ricardo KIKI; M/Wh; dob. REDACTED ;
4845 S. Damen 1st.fl.; hp. 254-6550.

IN CUSTODY:      KLUPPELBERG, James R.; M/W/18; dob. REDACTED ;
4758 S. Ada; I.R. No. REDACTED

ARRESTING OFFICERS:      Det. E.O'Donnell; #12431; B&A.
Det. S. Surdej; #15400; B&A.

LOCATION OF ARREST:      1748 W. 45th.St. in a house.

CHARGES:      Arrested on a Stop Order issued by A/3 V.C.
for Armed Robbery; held over for a line - up.

INVESTIGATION:      Progress report #1 contained the cause & ori-
gin. Reporting detective was assigned to fol-
low-up an arson hot line call and a WE-TIP.

An anonymous caller called and stated that a
Ricardo RODRIGUEZ, was responsible for the fi-
re. Reporting detectives located Ricardo RODRIGUEZ. He stated that he was not re-
sponsible for the fires. He was willing to take a polygraph test. On 3 Apr 84
RODRIGUEZ submitted to a polygraph thest. The resuats indicated that he was not
responsible for the fire and that he did not have any knowledge of who might be
responsible. RODRIGUEZ is a member of the SAINTS street gang.

An anonymous WE-TIP stated that a James KLUP-
PELBERG was responsible for the fire. It stat-
ed that he was seen going in and out of the house all night long before the fire.
It further stated that he was seen cutting the cords to the street lights.
KLUPPELBERG was located and placed under arrest in regards to a stop order is-
sued by A/3 V.C, for armed robbery. After being transported to A/3, he was advised
of his rights. He admitted cutting the wires for the street light. He stated that



BOMB-ARSON

#20

CITY-KLUP_000558

Case: 1:13-cv-03963 Document #: 547-6 Filed: 12/06/16 Page 22 of 50 PageID #:22685

BOMB AND ARSON SECTION                    Page 3 of 3                        4 Apr 84

DEATH INVESTIGATION - 4448 S. Hermitage                              F 105-510

INVESTIGATION CON'T.:                THE STREET LIGHT WAS shining into his window
                                     while he was sleeping. He stated that he used
wire cutters to cut the wires. He then went to sleep. He stated that this was a-
bout three hours before the fire. He stated that he was alerted th the fire by
fire personnel who evacuated t e apartment in which he was staying. The tenant in
the apartment is his girlfriend Dawn GRAMONT. GRAMONT stated that James KUPPELBERG
was sleeping at the time of the fire. KUPPELBERG refused to take a polygraph exam.

**RECORD COPY**

James KUPPELBERG was being held over at A/3
pending a line-up on the armed robbery.

At this time there is not any evidence to in-
dicate that either Ricardo RODRIGUEZ or James
KUPPLEBERG was responsible for the fire.

**PERMANENT RETENTION FILE**

_____                    _____
APPROVING SGT:                             DET. E.O'DONNELL; #12431

**BOMB-ARSON**

11 APR 1984  06 3P

#21

CITY-KLUP_000559

| | | | NO. OF VICTIMS **6** |
|---|---|---|---|
| 1 OFFENSE/CLASSIFICATION ON LAST PREVIOUS REPORT **Hospitalization** | 2 OFFENSE/CLASSIFICATION AS OF THIS DATE (IF SAME AS NO. 1 WRITE DNA) **DNA** | 3 BEAT OR UNIT ASSIGNED **907A** | 4 BEAT OF OCCURRENCE **913** |

| 6. VICTIM'S NAME AS SHOWN ON CASE REPORT **Siller, Oscar** | CORRECTED? NO ☐ YES ☑ | CORRECT NAME **DNA** | 7. VICTIM'S ADDRESS **4448 S. Hermitage** | PHONE NO. **none** |
|---|---|---|---|---|

| 8. DATE OF THIS REPORT DAY **10** MO **Apr** YR **84** | 9 DATE REPORTING OR ARR. ORIGINAL CASE **24 Mar 84** TIME **0408** | 10 TYPE OF LOCATION WHERE OFFENSE OCCURRED (REFER TO CASE REPORT) **Residential Building** |
|---|---|---|

| 11 IF ROBBERY IS IT A CHAIN STORE? ☐ 1 YES ☐ 2 NO | 12. IF BURGLARY: TIME: | ADDRESS OF OCCURRENCE **4448 S. Hermitage** |
|---|---|---|

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| 13. PROPERTY TAKEN | MONEY ☐ 1 $ | JEWELRY ☐ 2 $ | FURS ☐ 3 $ | CLOTHING ☐ 4 $ | OFFICE EQUIP. ☐ 5 $ **A** |
|---|---|---|---|---|---|
| D | T.V., RADIO, STEREO, ETC. ☐ 6 | HOUSEHOLD GOODS ☐ 7 | CONSUMABLE GOODS ☐ 8 | FIREARMS ☐ 9 0 | NARCO./DANG. DRUGS ☐ (&) | OTHER ☐ S (Specify) |

| 14. PROPERTY RECOVERED | MONEY ☐ 1 $ | JEWELRY ☐ 2 $ | FURS ☐ 3 $ | CLOTHING ☐ 4 $ | OFFICE EQUIP. ☐ 5 $ **A** |
|---|---|---|---|---|---|
| D | T.V., RADIO, STEREO, ETC. ☐ 6 | HOUSEHOLD GOODS ☐ 7 | CONSUMABLE GOODS ☐ 8 | FIREARMS **N** | NARCO./DANG. DRUGS ☐ (&) | OTHER ☐ S (Specify) |

| 15. STATUS (CHECK ONE) CLO 1 ☐ / UNFD 2 ☐ / NC-CLO 5 ☐ / EX 4 ☐ | 16. IS FURTHER POLICE ACTION REQUIRED? ☒ YES ☐ NO | 17 IF CASE IS CLEARED, HOW CLEARED? (USE THIS BOX FOR SINGLE CLEAR UP OR FIRST CLEAR UP IF MULTIPLE CLEAR UP LIST) ☐ 1 ARREST & PROSC **DNA** ☐ 2 DIRECTED TO FAMILY CT ☐ 3 COMPL'T REFUSED TO PROSECUTE ☐ 4 COMMUNITY ADJUSTMENT ☐ 5 OTHER EXCEPTION |
|---|---|---|

18. MULTIPLE CLEARANCES LIST ALL MULTIPLE CLEARANCES IN THE BOXES PROVIDED AND EXTEND THE LIST BELOW IF NECESSARY. START THE NARRATIVE SECTION OF THE REPORT IMMEDIATELY FOLLOWING THE MULTIPLE CLEAR UP LIST

| R.D. NO. | BEAT OF OCC. | OFFENSE (GIVE THE OFFENSE/CLASSIFICATION OF LAST REPORT) | CLEARED BY ARREST | CLEARED EXCEPTIONAL | | | CODE (LEAVE BLANK) |
|---|---|---|---|---|---|---|---|
| | | | | REFUSED TO PROSECUTE | OFFENDER ADMITTED TO CRIME | OTHER (SPECIFY IN NARR.) | |
| RECORD COPY | | PERMANENT RETENTION FILE | | | | | |

The description of offenders, possible weapons and possible vehicles used by offenders, contained within this report are approximations or estimates unless otherwise indicated. The sobriety of victims, witnesses and offenders is their apparent condition, when reported. Witnesses location at time of crime and distance from scene is best approximation obtainable. All statements of victims, witnesses and offenders are summarizations unless otherwise indicated. Record all developments in the case since the last report was filed. If the classification is changed, explain why.

19. NARRATIVE:

On today's date the Reporting Officer was sent to Holy Cross Church to see MS Mary Quinn in regards to a threatening letter. The R/O spoke to MS Quinn who related in summary that Mr. Oscar Siller was an injured victim of a fatal fire at 4448 S. Hermitage. On 7 Apr 84 Mr. Siller received a letter postmarked Chicago. The letter was in Spanish. MS Quinn translated the letter and believes it to say; Oscar, paint yourself in the color of your land. The organization does not forgive the lives of the six dead. You are responsible. You are going to be made dead. We are going to send

I HAVE READ THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE ☒ CONTINUED ON REVERSE SIDE

20. ENTER CENTRAL BOOKING (CB) NUMBER, JUVENILE DISTRICT ADJUSTMENT (JDA) NUMBER OR YOUTH DIVISION (YD) NUMBER OF ALL PERSONS TAKEN INTO CUSTODY FOR THIS OFFENSE(S) AND DISTRICT OR UNIT NUMBER OF THE ARRESTING OFFICER.

| C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. | C.B. NO./Y.D. NO. OR J.D.A. NO. | ARREST-ING DIST. OR UNIT NO. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 21. EXTRA COPIES REQUIRED: **Area Bomb and Arson Unit** **Normal** | 22. DATE INVESTIGATION COMPLETED DAY **10** MONTH **Apr** YEAR **84** TIME **1230** | 25 SUPERVISOR APPROVING **Sgt. Sepulveda** STAR NO. **1231** |
|---|---|---|
| 23. REPORTING OFFICER (Print or Type) **David Allen** STAR NO. **4362** | 24. REPORTING OFFICER (Print or Type) STAR NO. | SIGNATURE **Sgt Sepulveda** |
| SIGNATURE **David Allen** | SIGNATURE | DATE DAY **10** MONTH **Apr** YEAR **84** TIME **1235** |

CPD 11.411 (Rev. 12/82)

#22

CITY-KLUP_000560

CONTINUATION OF NARRATIVE

Immigration on you, and we are going to do it to you and your family. Rip up the letter because your in trouble because you opened it. Don't say anything to anyone.

The letter was received by Mr. Siller, Mrs. Siller took the letter to Holy Cros Church and gave it to Fr. Lomana. The priest then gave the letter to MS Quinn who notified Police.

The letter was taken from MS Quinn and inventoried in the 009th District number 086451. Information Report submitted.

Mr. Siller currently resides at 4450 S. Wood St.

Bomb and Arson, Off. Gates notified

PERMANENT RETENTION FILE

RECORD COPY

I HAVE REVIEWED THIS REPORT AND BY MY SIGNATURE INDICATE THAT IT IS ACCEPTABLE | SIGNATURE SUPERVISOR | STAR NO. | DAY | MO. | YEAR | TIME
--- | --- | --- | --- | --- | --- | ---
 | Sgt. Sepulved | 1231 | 10 | Apr. | 84 | 1235

#23

CITY-KLUP_000561

Inventory numbers). If property taken was scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known,
nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
## CHICAGO POLICE

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME
DAY MO. YR.
24 Mar 84 10408

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1-UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | 3. BEAT OF OCCUR. |
|---|---|---|---|
| Death Investigation | 0910 | 4448 S Hermitage Ave | 913 |

5. VICTIM'S NAME AS SHOWN ON CASE REPORT — See Narrative

CORRECT ☐ YES ☐ NO
☐ 1 VERIFIED ☐ 2 CORRECTED
IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27.
5. FIRE RELATED ☐ 1 YES ☒ NO
5. BEAT/UNIT ASSIG.
632

8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED — Residence, 2 floor apartment

LOCATION CODE 0290

9. NO. OF VICTIMS Six

10. NO. OF OFFENDERS

| 19. CIRCUM. STAGES | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE, WHERE WERE OCCUPANTS |
|---|---|---|---|---|---|---|---|
| ☒☒ VERIFIED ☐ UPDATE TO | CODE NOS. | CODE NOS. | CODE NOS. | CODE NOS. | | | dna CODE NO. |

19. PROPERTY
DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN; R = RECOVERED
FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT

☐ VERIFIED
☐ UPDATE TO

| 1 MONEY ☐ T $ ☐ R | 2 JEWELRY ☐ T $ ☐ R | 3 FURS ☐ T $ ☐ R | 4 CLOTHING ☐ T $ ☐ R | 7 OFFICE EQUIPMENT ☐ T $ ☐ R | 8 TV, RADIO, STEREO ☐ T $ ☐ R |
|---|---|---|---|---|---|
| 9 HOUSEHOLD GOODS ☐ T $ ☐ R | 0 CONSUM. GOODS ☐ T $ ☐ R | 1 FIREARMS ☐ T $ ☐ R | 4 NARC/DANGEROUS DRUGS ☐ T $ ☐ R | 5 OTHER ☐ T $ ☐ R | 6 NONE ☐ T $ ☐ R |

| 20. NAME (LAST—FIRST—M.I.) | 21. I-UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX-RACE-AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN-JURED YES NO | 27. V. REL. |
|---|---|---|---|---|---|---|---|

RECORD COPY · CLOSED AREA 3 VIOLENT CRIME · PERMANENT RETENTION FILE

| 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX-RACE-AGE CODE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|

| 31. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 31. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST. UNIT |
|---|---|---|---|---|---|---|---|
| OFF. 2 | | | | | | | |

| 33. OFF'S. VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | LICENSE NO. | STA |
|---|---|---|---|---|---|---|
| ☐ USED ☐ STOLEN | | | | | | |

34. SERIAL NOS. OR IDENTIFICATION NOS. ☐ 1 DNA ☐ 2 VERIFIED ☐ 3 Corrected
LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE

FOR USE BY BUREAU OF INVESTIGATIVE SERVICES ONLY (BOXES 21 & 50 THROUGH 55)

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA) dna | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED ☐ 1 FIELD ☐ 2 SUMMARY | 53. STATUS ☐ 0 PROGRESS ☐ 1 SUSPENDED ☐ 2 UNFOUN |
|---|---|---|---|---|

STATUS CONT'D.
☐ 2 CLRD. CLOSED ☐ 3 CLRD. OPEN ☐ 5 EXC. CLRD. CLOSED ☐ 6 EXC. CLRD. OPEN ☒ 7 CLSD. NON-CRIM.

54. IF CASE CLEARED, HOW CLEARED
☐ 1 ARREST & PROSEC. ☐ 2 DIRECTED TO JUV. CAT. ☐ 3 COMPL. REFUSD TO PROSECUTE ☐ 4 COMMUNITY ADJUSTMENT ☐ 5 OTHER EXCEPT. ☐ ADULT ☐

55. FOR SUMMARY CASES ONLY — THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

80. NARRATIVE

Coroners Case#

DECEASED: #525   #1. LUPERCIO, Elva F/WH 28 years old, 4448 S Hermitage, 2 floor, no
phone. Housewife.

#526   #2. LUPERCIO, REDACTED M/WH 10 years old, 4448 S Hermitage, 2 floor,
no phone.

#527   #3. LUPERCIO, REDACTED F/WH 6 years old, 4448 S Hermitage, 2 floor,
no phone.

#528   #4. LUPERCIO, REDACTED F/WH 8 years old, 4448 S Hermitage, 2 floor, no
phone.

#529   #5. LUPERCIO, REDACTED F/WH 4 years old, 4448 S Hermitage, 2 floor, no
phone.

#530   #6. LUPERCIO, REDACTED F/WH 3 years old, 4448 S Hermitage, 2 floor,
no phone.

POSTED BY:   Dr. Choi posted all the remains. 25 March 84

☐ CONTINUED OTHER SIDE

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) Normal | 91. DATE THIS REPORT SUBMITTED — DAY MO. YR. 01 16 84 | TIME 0930 | 92. SUPERVISOR APPROVING (PRINT NAME) Sgt Owen STAR NO. 945 |
|---|---|---|---|
| 93. REPORTING OFFICER (PRINT NAME) Det. L. Tuider  STAR NO. 5648 | 94. REPORTING OFFICER (PRINT NAME) | | SIGNATURE B Owen |
| SIGNATURE | SIGNATURE | | 95. DATE APPROVED (DAY—MO.—YR.) 14 Apr 84  TIME 1022 |

CPD-11.411 (REV. 2-84, TEMP. B.I.S. USE ONLY)   • MUST BE COMPLETED IN ALL CASES

X  #24

F-105510

Death Investigation

F-105510

CAUSE OF DEATH: All of the deceased dies as the result of extensive burns.

PRONOUNCED: Deceased:
#1. Dr. Smith, Holy Cross Hospital at 0800 hours on the 24 March 1984.
#2. Dr. Smith, Holy Cross Hospital at 0810 hours on the 24 March 1984
#3. Dr. Smith, Holy Cross Hospital at 0810 hours on the 24 March 1984.
#4. Dr. Smith, Holy Cross Hospital at 0830 hours on the 24 March 1984.
#5. Dr. Smith, Holy Cross Hospital at 1130 hours on the 24 March 1984.
#6. Dr. Smith, Holy Cross Hospital at 0810 hours on the 24 March 1984.

NOTIFIED: Medical Examiner Ruddy, on the scene, remains to the Fishbein Institute.

LOCATION: 2 floor of the building located at 4448 S Hermitage, building completely destroyed by the fire.

EVIDENCE: No evidence of arson as of this writing.

DATE/TIME: 24 March 1984, discovered at 0408 hours.

WEATHER/LIGHTS: Fair, darkness.

IDENTIFIED: All of the deceased were identified by dental charts. Office of the medical examiner.

INTERVIEWED: #1. LUPERCIO, Santos Sr. M/WH dob. REDACTED , 32 years old. 4448 S Hermitage, 2 floor, no phone. Husband and father of the deceased people.
#2. MARTINEZ, Fernando S. M/WH REDACTED , 4452 S Hermitage 2 floor, tele#523 496 Heard someone outside on the street yelling fire. Woke up saw the fire next door. got out of the building. Could not add anything else.
#3. HARAST, Minerva F/WH REDACTED 4452 S Hermitage, 1 floor, tele #523 4964. Woke up when she heard some yelling fire, left the building. Knows nothing else.
#4. REDACTED M/W 13 years old. 4329 S Hermitage, telephone #523 2926. Lives with parents. Heard and saw nothing.
#5. SANCHEZ, Marie Ellen F/WH 25 years old. 4440 S Hermitage 3 floor, no phone. Heard and saw nothing.
#6. MORENA, Paul M/WH 32 years old. 4430 S Hermitage, no phone. Heard and saw nothing.
#7. PETROSUS, Charlie M/W 74 years old. 4446 S Hermitage, no phone. Heard and sa nothing.
#8. REDACTED M/WH 13 years old. 4427 S Wood. Lives with mother. Heard and saw nothing.
#9. CRUZ, Charlotte F/WH 20 years old. 4440 S Hermitage, telephone #890 5936. Seen building on fire and called the fire department.
#10. REDACTED M/WH 14 years old. 4427 S Wood St. Telephone #927 1592. Lives with parent. Heard and saw nothing.
#11. OSORAO, Lila F/WH 50 years old. 4426 S Hermitage, telephone #376 0986. Hear and saw nothing.

FIRE UNITS ASSGD: Cheif Altman, Chief Arasgo both of the sixth district.
Fourth Dep, Chief Garrity.
Engines #49 and 23. Fire Ambulance #1.

15 APR 1984 J3 40

BOMB & ARSON: Commander Nichols. Technicians Micek #4645 & Urban #4426 & Vega #3464

Continued on page three

#25

CITY-KLUP_000563

Page Three

Death Investigation     RECORD COPY     F-105510

ASGD:     Commander 009 police district. Car #900 On the scene.
          Capt. Thomas Nolan #45. Watch commander of the second watch 009 district.
          Lt. John Collins, watch commander first watch, 009 district.
          Sgt James Knight, beat #910. Beat #933 Officers Danaher #12805 and company.
          Beat #913 Officers Baranski #5557 and McGuire #11973 Paper car.
          Chicago Police Departemt Crime Lab.

STATEMENTS:  LUPERCIO, Santos Sr. 4448 S Hermitage, no phone.

PERMANENT RETENTION FILE

INVESTIGATION: The reporting detective assigned to the incident by Sgt Invergo of this comma
      through normal police channels. Upon arribal at the scene it was noted: The
building was still smoldering and the fire department and other police units were still on th
scene. The  eporting had a conversation with the bomb and arson unit personal. They stated th
at this time they had no idea as to the cause of the fire. Samples would be taken from the de
and sent to the lab for analysis.

      A conversation was then had with the Chief of the Fire Department, "ltmab, and h
said that five bodies had been removed from the building and transported to the Holy Cross
Hospital. The fire and police were still searching for one other body. This was later found a
1115 hours.

      A canvass of the neighborhood was then conducted. see format. and no indication
foul play could be uncovered.

      The reporting proceeded to the Holy Cross Hospital and had a conversation with D
Smith. He stated that he pronounced all of the bodies that were brought into the hospital. He
said that all were D.O.A. The remains were then transported to the Fishbein Institute for
post motems. Dr. Smith further said that Mr Santos Lupercio was admitted to the hopsital
intensive care unit with burs and a skull fracture.

      LUPERCIO, Santos Sr. He was interviewed in the intensive care unit and stated in
summary the following: He awoke and the apartment was on fire. He could not get to his famil;
so he was going to jump out the back and come in the front. When he got to the back window he
fell two floors and struck his head. He was unable to get to his family. He stated that the
first floor is empty and he and his family occupy the second floor. He could not say where th
fire started or how it started.

      Several days later the results from the samples of the debris that were taken
from the scene were returned from the lab. They showed negative for any accelerant.


      Based on the above stated facts it is requested that this incident be classified
as clsoed, apparent accidental fire deaths.

CLOSED
AREA 3
VIOLENT CRIME

APR 1984 13  40

(518)

#26

CITY-KLUP_000564

...if property taken are scribed for Operation Identification, indicate I.D. number at end of Narrative. Offender's approximate description, if possible, should include name if known, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "in Custody."

# SUPPLEMENTARY REPORT
## CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

**4.** DATE OF ORIG. OCCURRENCE–TIME
DAY 24 · MO. Mar · YR. 84 · 0409

**1.** OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT: **DEATH INVESTIGATION**
I.UCR OFF. CODE: **5084**
**2.** ADDRESS OF ORIG. INCIDENT/OFFENSE: **4448 S. Hermitage** XX VERIFIED □ 2 CORRECTED
**3.** BEAT OF OCCUR.: **913**

**7.** VICTIM'S NAME AS SHOWN ON CASE REPORT: **LUPERCIA, Santos**
1 CORRECT: XX YES · □ 2 NO
IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27.
**6.** FIRE RELATED · XX YES · □ 2 NO?
**5.** BEAT ASSIGNED: **5818**

**8.** TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED: **residence**
LOCATION CODE: **290**
**9.** NO. OF VICTIMS: **6**
**10.** NO. OF OFFENDERS: **1**

CRIME XX VERIFIED · □ UPDATE CODE NO.
**12.** OBJECT/WEAPON · CODE NO.
**13.** FIREARM FEATURES · CODE NO.
**14.** POINT/ENTRY · CODE NO.
**15.** POINT/EXIT · CODE NO.
**16.** BURGLAR ALARM · CODE NO.
**17.** SAFE BURGLARY METHOD · CODE NO.
**18.** IF RESIDENCE WHERE WERE OCCUP.

**19.**
PROPERTY □ XX VERIFIED · □ UPDATE
DESCRIBE PROPERTY IN NARRATIVE. * = TAKEN; R = RECOVERED
FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT

| | |
|---|---|
| 1 MONEY □ T $ □ R | 2 JEWELRY □ T $ □ R |
| 3 FURS □ T $ □ R | 4 CLOTHING □ T $ □ R |
| 5 OFFICE EQUIPMENT □ T $ □ R | 6 TV, RADIO, STEREO □ T $ □ R |
| 3 HOUSEHOLD GOODS □ T $ □ R | 0 CONSUM. GOODS □ T $ □ R | 11 FIREARMS □ T $ □ R | 3 & NARC./DANGEROUS DRUGS □ T $ □ R | 5 OTHER □ T $ □ R | 8 NONE □ T □ R |

VICTIMS ONLY UPDATE/ONLY
**20.** NAME (LAST–FIRST–M.I.)
**21.** I.UCR OFFENSE CODE
**22.** HOME ADDRESS (NO., DIR., STREET, APT. NO.)
**23.** SEX–RACE–AGE CODE
**24.** HOME PHONE
**25.** BUSINESS PHONE
**26.** IN. VICTIM REL. CODE
**27.** VICTIM REL. CODE

~~RECORD COPY~~  ~~PERMANENT RETENTION FILE~~

OFFENDERS UPDATE/ONLY
**28.** OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.)
1. **SEE NARRATIVE**
2.
**29.** HOME ADDRESS
~~BOMB-ARSON~~
**30.** SEX–RACE–AGE · HEIGHT · WEIGHT · EYES · HAIR · COMPL.

**31.** C.B. NO.
I.R. NO., Y.D. NO. OR J.O.A. NO.
7 OFFENDER IREL. CODE
C.B. NO.
I.R. NO., Y.D. NO. OR J.D.A. NO.
OFFENDER REL. CODE
**32.** NO. ARREST. ARRESTED/UNIT NO.
1. OFF.
2. OFF.

**33.** OFF'S. VEHICLE · YEAR · MAKE · BODY STYLE · COLOR · V.I.N.: **DNA**
□ USED □ STOLEN
STATE LICENSE NO.
STATE

**34.** SERIAL NOS. OR IDENTIFICATION NOS.: **DNA** □ 1 DNA □ 2 VERIFIED □ 3 CORRECTED
LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE.

**50.** OFFENSE/CLASS. THIS DIFF. (IF SAME ENTER DNA): **DNA**
**51.** REV. CODE
**52.** METHOD ASSIGNED · UNIT NO. **603** · **53.** STATUS XX FIELD □ 3 SUMMARY □ 0 PROGRESS □ 1 SUSPENDED □ 2 UNFOUNDED

STATUS CONT'D.
□ 3 CLRD. CLOSED · □ 4 CLRD. OPEN · 5 EXC. CLRD. CLOSED · 6 EXC. CLRD. OPEN · 7 CLSD. NON-CRIM.
**54.** IF CASE CLEARED, HOW CLEARED
1 ARREST & PROSEC. · 2 DIRECTED TO JUV. CRT. · 3 COMPL. RFUSD. TO PROSECUTE · 4 COMMUNITY ADJUSTMENT · 5 OTHER EXCEPT. · □ ADULT □ JUV

**55.** FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

**60.** NARRATIVE

BOMB & ARSON SECTION/ PROGRESS REPORT: ADDITIONAL INFORMATION

During the investigation of the arsons of two automobiles recorded under RD#J-545-732 and J-545-864 it was ascertained that the following subject had been employed as a security guard for the parking lot where the arsons took place, and had been working the night of car fires:  KUPPELBERG, JAMES R.  M/W  age 22 Yrs  DOB [REDACTED]

resides at 3351 S. Bell  HmPh: 927-6535

Ht: 5-7  Wt: 165  Blnd hair blue eyes

IR# [REDACTED]  CB# [REDACTED]

KUPPELBERG was subsequently arrested and charged with two counts of arson.  During questioning this subject admitted to starting a large number of fires since the age

**90.** EXTRA COPIES REQUIRED (NO. & RECIPIENT): 1 copy A/3 V.C.
**91.** DATE THIS REPORT SUBMITTED – DAY 13 · MO. Jan · YR. 88 · TIME 2300
**92.** SUPERVISOR APPROVING (PRINT NAME): Sgt. S. Snoow · STAR NO. 1823
SIGNATURE: Snoow

**93.** REPORTING OFFICER (PRINT NAME): Det. Leonard Rolston · STAR NO. 11935
**94.** REPORTING OFFICER (PRINT NAME): Det. John Schmitz · STAR NO. 14634
SIGNATURE: Leonard Rolston
SIGNATURE: John Schmitz
**95.** DATE APPROVED (DAY–MO.–YR.): 17 Jan 88 · TIME 1620

CPD-11.411-B (Rev. 8/85)  *MUST BE COMPLETED IN ALL CASES

25 RD NO.  J-105-510

CRC □ 228

Bomb & Arson Section                                            13 Jan 88

Death Investigation--4448 S. Hermitage                         RD#F-105-510

<u>INVESTIGATION ( CONT ):</u>

of nine years.    After being given his Miranda Warnings, and after acknowledging
and waiving same, KUPPELBERG admitted to starting fires in the area where he had
resided ( 1748 W. 45th St. ) in 1984. He stated that he started all the fires
by igniting available combustible materials with matches or a cigarette lighter.
KUPPELBERG stated that he was very sexually active, and that when he was frustrated
sexually, he often randomly started fires.  KUPPELBERG even stated that he some-
times started fires while out walking his dog at night.

An anonymous tip had been recieved in 1984, naming KUPPELBERG as a suspect in the fire
at 4448 S. Hermitage on 24 March 84; the information mentioned KUPPELBERG's approximate
address, his phone number and physical description.    The information also mentioned that
KUPPELBERG was observed going into and out of the building at 4448 S. Hermitage prior
to the fire, and that he was observed  disconnecting the street lights prior to the fire.

Because of this information, and because of the fact that KUPPELBERG had already admitted
that he had started numerous other fires in that immediate area in 1984, he was specifically
questioned regarding this particular fire.

After being read his Miranda Warnings again, and after again  acknowledging and waiving
these same rights, KUPPELBERG made an oral admission to starting the fire at 4448 S.
Hermitage on 24 March 1984.   This admission was made to the undersigned detectives and
to felony review state's attorney Larry Axelrood on 12 Jan 88 at 1121 S State in rm#1001.

<u>KUPPELBERG</u>                RECORD COPY    PERMANENT RETENTION FILE

in summary, but not verbatim stated that on the night of this incident,  he was
staying with a girl named DAWN GRAMONT in her apartment at 1748 W. 45th st. He stated
that there were some frinds of theirs visiting and that he got into an arguement with
DAWN which resulted in DAWN telling him to leave the apartment and to stay out.  He stated
that he went into a parked car by the apartment and tried to sleep, but felt too angry
and frustrated.  He stated that he got out of the car and disconnected a street light
near by.  He then stated that he walked into the West alley of the 4400 block of
Hermitage, and walked into the rear of 4448 S. Hermitage  in the first floor. He stated
that the first floor had been vacant, and that both the front and rear doors were unlocked.
He stated that a number of first floor windows were broken.   KUPPELBERG stated that
he walked around the vacant apartment and gathered papers and other material and piled
them in the frontroom of the apartment and then ignited the pile with a cigarette lighter.
He stated that he watched the fire burn for a while, and then when  it was burning about
a foot square, he walked out of the apartment via the rear entrance, walking thru the
alley and back to DAWN GRAMONT'S apartment.   When describing the fire as he left it,
KUPPELBERG took off his shirt and spread it out indicating the approximate size of it.
He stated that he did not attempt at any time to extinguish the fire, and he was asked
twice and repeated twice that he did not  call the fire department.  He stated that
when he went back to GRAMONT'S apartment, she allowed him to enter and that he sat down
at the kitchen table and waited until he heard fire trucks going to the building.
He, DAWN GRAMONT, and the people that had been visiting, then went to look at the fire.
He stated that prior to watching the fire, they were told to evacuate the building by
the fire department and that they helped to evacuate GRAMONT'S landlord. He did not
know the landlord's name.   He stated that when he found out that six people died in
the fire, he became very worried and did not talk to any of his friends about it.

This investigation is continuing.....

BOMB-ARSON

melananie, birn, race, eyes, age, height, weight, color eyes or hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
CHICAGO POLICE — FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE-TIME
24 Mar 84 0409

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1. UCR OF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE XX VERIFIED ☐2 CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|
| DEATH INVESTIGATION | 5084 | 4448 S. Hermitage | 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT ☒1 YES ☐2 NO | IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED ☒1 YES ☐2 NO | 7. BEAT ASSIGNED |
|---|---|---|---|---|
| LUPERCIO, SANTOS | | | | 5818 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| apartment building | 290 | 6 | 1 |

80. NARRATIVE

BOMB & ARSON PROGRESS REPORT # 2

The undersigned was advised per state's attorney Jef Warnick, head of special prosecutions

Arson Unit to obtain interviews with the below mentioned subjects:

(1) Dwayne Glassco  M/W  age 23 yrs  dob  REDACTED  IR# REDACTED  currently in C.C. Jail awaiting trial for Burglary--21 Jan 88 Judge Urso

(2) Dawn Gramont  F/W  age 22 yrs resides at 3629 S Parnell 1st floor No Phone

(3) Michelle Brittain  F/W  age 21 yrs  dob  REDACTED  resides at 1758 W 35th st  No Phone

(4) Ben Brittain  M/W  age 18 yrs Dob  REDACTED  resides 1758 W 35th St

(5) Oralia (Redarte) Siller  F/WM  age 30 yrs resides at 2017 W. 52 St

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED — DAY / YR. | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) | STAR NO. |
|---|---|---|---|---|
| 1 copy A/3 V.C. | 18 Jan 88 | 2400 | Sgt. J Sandow | 1823 |

| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. |
|---|---|---|---|
| Det. Leonard Rolston | 11935 | Det. John Schmitz # 14634 | |

95. DATE APPROVED (DAY-MO.-YR.)  25 Jan 88  TIME  2000

CPD-11.411-8 (Rev. 8/85)

#29

Bomb & Arson Section                                    18  Jan 88

Death Investigation--4448 S Hermitage                   RD#F-105-510

Investigation (cont):

                    (6)  John Pilas  M/W 6223 S Massasoit  Ph:247-4919
                         Ph: 767-7673   Owner AA Board up & Glass Service

                    (7)  Joe Tyrcha M/W 4435 W Belmont Ph:486-6000
                         Ph: 777-8100  Owner AAA board-up service

                    (8)  James Ennis ( retired CFD Lt. ) M/W 3404 W. 64th Pl
                         Ph: 778-7819

                    (9)  Roman Sobek M/W ( CFD fire Lt. ) 3605 W. 80th St
                         Ph: 284-7223

                    (10) Jimian Pyesh  M/Ar 4454 S. Hermitage/4852 S Ashland
                         Ph: 927-3927/

                    (11) Lupercie, Santos  M/WH dob REDACTED age 35 yrs
                         resides at 4939 S Winchester 2nd fl Ph:476-7442
                         Wk Ph: 733-4251

                    (12) Donna Kuppelberg  F/W  age 29 yrs DOB REDACTED
                         resides at 4342 S Hermitage 2nd fl rear   Ph 927-0901

                    (13) Dolores Kuppelberg F/W 5101 S Hermitage 436-6590

                    (14) Bonnie Fitzpatrick F/W age 35 yrs resides
                         3351 S. Bell  Ph: 927-6535/444-0484 (Beeper)

                    (15) Martin Paladino M/W  age 38 yrs (IR# REDACTED
                         2238 W. 54th Pl

RECORD COPY

          During the course of this investigation it was ascertained that five persons were
in the apartment at 1748 W 45th St on the night of the fire in which six persons were
killed at 4448 S. Hermitage.  These persons were JAMES KUPPELBERG, DWAYNE GLASSCO,
DAWN GRAMONT, MICHELL BRITTAIN, and DON BRITTAIN.    All were interviewed separately
and at different times.

JAMES KLUPPELBERG

                         has admitted that he intentionally started the fire at 4448 S.
Hermitage on 24 Mar 84.  That statement is included in a previous supplementay report.

DWAYNE GLASSCO

                    In summary, not verbatim, stated on the night of the fire at
4448 S. Hermitage he was with the afore-mentioned persons.   Sometime late in the night
Kuppelberg  complains about the street light being " too bright " and goes out and
disconnects it with pliers.   Kluppelberg then goes into the alley and disconnects the
alley light.  ( There is a street light directly in front of 1748 W 45th St; there is
an alley light directly behind the building at 4448 S. Hermitage.)   Glassco sees
Kluppelberg walking in the alley. A short while later, GLASSCO notices the building
burning and KLUPPELBERG comes back into the apartment with a big grin on his face .
Glassco asks Kluppelberg if he has started another fire, and Kluppelberg doesn't answer
him.
                    Glassco stated that the group then went outside and watched the
fire.   He stated that he helped pull a man who was near the burning building and injured
onto the street as the fire trucks pulled up.  As fire spreads, Glassco, Kluppelberg,

BOMB & ARSON SECTION                                    18 Jan 88

**Death Investigation--4448 S. Hermitage**            RD#F-105-510

INVESTIGATION (CONT)

**DWAYNE GLASSCO ( Cont ):**       Gramont, and Don Brittain assist Gramont's landlord from his residence.  Glassco stated that the entire group believed Kluppelberg started the fire.  He further stated that he anonymously phoned the Back of the Yards Journal and told them that Kluppelberg had cut out the street lights and had started the fire. He stated that Kluppelberg often started garbage cans on fire and that Kluppelberg worked for a board-up service and used to start fires in order to obtain board-up business.

**DAWN GRAMONT**

PERMANENT RETENTION FILE

stated in summary, but not verbatim, that she was in apartment at 1748 W 45th St on the night of the fire with Kluppelberg, Glassco, Don & Michell Brittain. Stated that she had been drinking and got into an arguement with Kluppelberg with whom she had been residing with.  She stated that he had wanted to have sex with her, and she refused, telling him: if you want any, go back to your fucking wife... She stated that Kluppelberg then left and shut off the street lights.  She stated that he later came back in the apartment and told everyone that there was a fire.  She stated that she always believed that he had started the fire that killed the six people, because he was always starting garbage cans on fire and starting fires to get board up business.  She stated that Kluppelberg, Glassco, Brittain and herself helped evacuate her landlord later in the evening as the fire spread.  She stated that although Kluppelberg never discussed this particular fire with her, she overheard conversations between Kluppelberg and some of his friends about the fires that Kluppelberg had started. It was later learned that two of these individuals were:  RANDY JOHNSON LKA:1344 W 49th Pl IR# REDACTED  and MARTIN FLORES LKA: 1421 S. 49th Ave   IR# REDACTED.

**MICHELL BRITTAIN**

RECORD COPY

stated in summary, but not verbatim, that she was in the apt. of Gramont's with the above mentioned individuals on the night of the fire.  She remembers Kluppelberg leaving the apartment and then later returning.  A few minutes later, she heard fire engines.  Kluppelberg told the group that there was a fire.  She stated that she immediately looked outside and observed a fire at 4448 S. Hermitage with flames at least 20 feet high.  Michelle stated to Kluppelberg: you act like you started that fire...and Kluppelberg just smiled at her.  She stated that she did not remember the street lights being off or on.  She stated that the fire was just too big for Kluppelberg to have come into the house without seeing it.  She also stated that on the night of the fire she thinks Kluppelberg tried to get some board up business.

**DON BRITTAIN**

stated in summary, but not verbatim, that he was with the above mentioned group on the night of the fire.  That during that night Kluppelberg left the apartment once or twice and that he was carrying pliers.  He couldn't remember if the street lights were out however.  He remembered that Dawn Gramont and Kluppelberg had an arguement earlier in the evening and said they were throwing pots and pans at each other.  He stated that after Kluppelberg re-entered the apartment, he waited about 10 minutes and walked to the kitchen window and pulled back the curtains telling everyone that: there's a fire.  He confirmed that he and the other men assisted Gramont's landlord out of his building.

*#31*

BOMB - ARSON

Bomb & Arson Section                                        18 Jan 88

Death Investigation--4448 S Hermitage                       RD#F-105-510

Investigation ( cont ):

PERMANENT RETENTION FILE

ORALIA RODARTE SILLER

in summary stated basically the same thing as reported
previously.  She said that the first floor was vacant.  When shown a photo of
Kleppelberg, she stated that she did not remember him from that area.

JOHN PILAS

stated that he is the owner of AA board up service.  He stated that he
first saw Kluppelberg on the night of the fire at 4448 S Hermitage because he wondered
who this guy was, who was trying to go around and solicite the board up for the burned
buildings there.  He remembered also because the burned buildings were directly across
from a city park.  He stated that since Kluppelberg seemed to be such a hustler, he
offered Kluppelberg a job a couple of months later.  He stated that Kluppelberg was
later arrested for burglary while using a AA board up truck.

JOE TRYCHA

stated that Kluppelberg only worked for AAA board up for 1-2 months.  He
stated that Kluppelberg was terminated from his job, but that he couldn't remember for
what reason.  He stated that at the time of Kluppelberg's employment, board up men
worked for a commission/percentage basis.  Board up men were paid based on the number
of building's owners they could sign up for board up service at a fire scene.
He thinks that Kluppelberg was employed by his firm on the date of this fire.  He didn't
know if Kluppelberg obtained any of the board up service but he is currently having
the firm's records checked.

RECORD COPY

JAMES ENNIS

stated in summary that the fire was on the first floor near the front
when he arrived on the scene; he attempted to rescue children on second floor but
was driven back by flames and heat.

ROMAN SOBEK

( CFD Lt. ) stated that when he arrived on the scene, the seat of the
fire at 4448 S. Hermitage seemed to be at the front of the building on the first floor.
He did not see the rear of the building.

JIMIAN PYESH

stated in summary that on the night of the fire about 0300 hrs he
remembered seeing the street lights go out.  He stated that about 1/2 hour later the
fire occurred.  He stated that he noticed a male white youth ( 17-20 yrs ) with
blond hair in the alley.  He could not identify the youth by face however.
He identified a picture of Kluppelberg as the person staying at 1748 W 45th St with
DAWN GRAMONT at the time of the fire.  He wasn't sure if he observed Kluppelberg
out on the night of the fire.  He says that Kluppelberg used to start garbage cans
on fire and once scorched the side of 1748 W 45th st with a fire he (Kluppelberg)
started.

SO 60    26 JAN 1988    09 05

BOMB-ARSON
# 22

PAGE FIVE

BOMB & ARSON SECTION                                    18 Jan 88

Death Investigation--4448 S Hermitage                   RD#F-105-510

Investigation (cont ):

### SANTOS LUBERCIO

stated approximately the same thing as recorded in earlier
reports regarding this incident.  He identified a photos of Kluppelberg and stated that
he observed the subject hanging out in the park across the street from his (Lupercio's)
apartment on several different occasions.  Stated that he never had an arguement or
other words with Kluppelberg.  Stated that he believed Kluppelberg resided in the
neighborhood, but did not know where.

### MARTIN PALADINO

stated that he only knew Kluppelberg because Kluppelberg had
helped Paladino repossess cars on several occassions in 1984.  Knew nothing about the
fire incident.

### DONNA KLUPPELBERG

stated that she was married to Kluppelberg at the time of the fire
but that Kluppelberg was then residing with DAWN GRAMONT.  She knew nothing of the
fire incident.  She remembered that he worked for a board up service.

### BONNIE FITZPATRICK

stated in summary that she is Kluppelberg's live-in-girlfriend.
stated that he lives with her at 3351 S Bell and operates a remodeling business from
the premises.  She stated that she knows Kluppelberg " has a problem " but says that
he never discussed the fire at 4448 S. Hermitage.

### DOLORES KLUPPELBERG

stated that she also knows that her son has a problem, but
she never considered him to be a fire-starter.  She said that although their family
trailer had a fire as Kluppelberg stated he had started; she did not think he could
do such a thing.  She said that the only times there have been " police " problems
for Kluppelberg was when he killed a man with a 2 X 4 board and when he was arrested
for burglarizing currency exchanges.

This investigation is continuing........

PERMANENT RETENTION FILE

RECORD COPY

F-105-510

appr

1823

25 JAN 1988   09 05

L. Colst
11935

BOMB-ARSON
# 22

CITY-KLUP_000571

**SUPPLEMENTARY REPORT**
CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME
DAY 24 MO. MAR YR. 84 0409

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | 3. BEAT OF OCCUR. |
|---|---|---|---|
| DEATH INVESTIGATION | 5084 | 4448 S. Hermitage St. ☒ VERIFIED ☐ CORRECTED | 913 |

5. VICTIM'S NAME AS SHOWN ON CASE REPORT
LUPERCIO, Santos

6. FIRE RELATED ☒ YES ☒ NO

7. BEAT ASSIGNED 5311

7. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED
Apartment Building

8. LOCATION CODE 290

9. NO. OF VICTIMS 6

10. NO. OF OFFENDERS 1

RECORD COPY   AREA 3   VIOLENT CRIME

PERMANENT RETENTION FILE

RECORD COPY
AREA 3
VIOLENT CRIME
PERMANENT RETENTION FILE

50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA)
DNA
☒ DNA ☐ VERIFIED ☐ CORRECTED

52. METHOD ASSIGNED ☒ FIELD ☐ SUMMARY

UNIT NO. 632 ☒ 53. STATUS ☒ PROGRESS ☐ SUSPENDED ☐ UNFOUNDED

**80. NARRATIVE**

TO BE INTERVIEWED: BRITTAIN, Donald., M/2/18., DOB REDACTED ., Living at 1758 W. 35th St with his family., No phone., Unemployed., Student at Kelly H.S., Senior year

INTERVIEWED: GRAMONT, Dawn., F/2/22., DOB REDACTED ., Address 3629 S. Farrell St., 1st Flr. front., No Phone., SS# REDACTED Single., Unemployed. Lives at the above address with her four (4) children and Victoria Kuppelberg.

PERSONNEL ASSIGNED: Bt. 9632 – Tech. F. Gurtowski #13319., phots of the scene and adjacent buildings.

Bt. 5311 – Dets. Foley #8108 and Kelly #3644
Bt. 5312 – Dets. Smith #3023 and Rusnak #11162
CONTINUED ON PAGE # 2

CONTINUED ON PAGE # 2

90. EXTRA COPIES REQUIRED (NO. & RECIPIENT)
Normal/Bomb and Arson Ralston

81. DATE THIS REPORT SUBMITTED — YR.
24 JAN 88 TIME 1400

92. SUPERVISOR APPROVING REPORT STAR NO.
Sgt Banks 207

93. REPORTING OFFICER (PRINT NAME)  STAR NO.
William Foley 8108
SIGNATURE William Foley

William Kelly 3644
CPD-11.411-B (Rev. 8/85)

94. REPORTING OFFICER (PRINT NAME)  STAR NO.
J. Rusnak 11162
SIGNATURE

J. Smith 7023

95. DATE APPROVED (DAY—MO.–YR.)  TIME
24 JAN 88 1600

*MUST BE COMPLETED IN ALL CASES

DEATH INVESTIGATION
Victim, LUPERCIO, Santos

F - 105510
24 JAN 88

Page # 2



RECORD COPY

STATEMENTS:

Oral statement by the interviewed subject GRAMONT, additionally GRAMONT appeared and testified before the Grand Jury

INVESTIGATION:

In continuance of this investigation the undersigned R/Ds re-interviewed GRAMONT and after apprising her of the facts and circumstances of this investigation she related that she had not told all of the facts regarding the night of this incident and that she now wanted to tell the entire account of the facts and circumstances of the night and early morning in question, 23-24 MAR 84

GRAMONT then went on to relate the following in summary and not verbatim; On the night of 23-24 MAR 84 she and several others had occasion to be in her apartment located at 1748 W. 45th St. She then went on to say that present in her apartment were herself, Kuppelberg, Glasse Duane and Don and Michelle Britain and that they were having a party of sorts that evening. GRAMONT then stated that she and Kuppelberg became involved in an on-going arguement over KUPPELBERG wife and marital status. Further, she stated that every time KUPPELBERG would argue with her or any other female he would go and set a fire or fires or would steal something to relieve the pressure of the situation. GRAMONT then added that at approx 2000/2100 hrs on 23 MAR 84 KUPPELBERG left the apt. and that she followed him as she thought he was going to set a fire She then went on to say that she followed him out of the apt. and then N/B in the alley behind her apt. She followed him to the light/utility pole located in the ally behind the building at 4448 S. Hermitage St. (Site of the fires and deaths) She then added that at that time KUPPELBERG then climbed the pole and was manipulating the wires and eventually the alley light on the pole was extinguished. GRAMONT then added that he was up the pole approx. 5 minutes a that he then returned to the apartment.

GRAMONT then stated that she returned to the apt. and that h (KUPPELBERG) and hercontinued to argue over sex and his wife. She then stated that at approx 2300hrs. KUPPELBERG then left the apt. again and she again followed him to the same pole and he again climbed the pole and was doing something to the wirs. GRAMONT then said that he stayed up the pOle for another 5 minutes and again returned to the apt. Upon arriving at the apt. GRAMONT confronted KUPPELBERG and asked him why he went to the pole and he then responded that it was none of her business and he then ended the conversation.

She then went on to say that at approx. 0100hrs on 24 MAR 88 KUPPELBERG again left the apt. and she again followed him as she thought that he was definitely going to start a fire as the argument between him and her had not decreased. She then went on to say that she then followed him to the pole, but, this trip KUPPELBERG went to the rear door of the bldg. that had burned and that she saw him looking in the rear door. GRAMONT then stated that she saw him looking into the door for several minutes and that he and she then returned to the apt. GRAMONT then added that on all of the trips she did not think that KUPPELBERG was aware that she was followingand observing him. She then added that she did not see him start any fire, but, thought that somehow he had started the fire from the utility pole.

CONTINUED ON PAGE # 3

PERMANENT RETENTION FILE

19

#35

CITY-KLUP_000573

DEATH INVESTIGATION
Victim, LUPERCIO, Santos

F - 105-530
24 JAN 88



Page # 3

PERMANENT RETENTION FILE

INVESTIGATION CONT'D:
GRAMONT then went on to say that the arguement continued for a time longer and that KUPPELBERG then stated that he was going to stay at his mothers house and that he was leaving the apt. GRAMONT then stated that this was not a strange thing for him to do as his mother lived at 48th and Ada St. only several blocks away. KUPPELBERG then left the apt. supposedly heading for his mothers house GRAMONT then related approx. 10-15minutes later KUPPELBERG returned to the apt. and that he smelled strongly from smoke and that his clothing was dirty. She then went on to say that upon his arrival at the apt. KUPPELBERG stated " I have an instinct and there is going to be fire." GRAMONT then added that it was at this point that she heard the first fire engines arriving at the scene of the fire. She then added that she then confronted KUPPELBERG saying that he had set the fire and he then stated that he had set the fire. She further related t she asked him if the house on fire was the house by the pole he had been climbing to which KUPPELBERG replied that it was the house by the pole. GRAMONT continued to accuse KUPPELBER of setting the fire and KUPPELBERG continued to say that he had set the fire. GRAMONT then ed that as the fire got larger more and more fire equipment arrived on the scene and that sh and the other occupants of the apt. went over to watch the fire. GRAMONT then added that she and KUPPELBERG were watching the fire and that during this time KUPPELBERG was soliciting for the board-up of the damaged buildings. She then added that he was distributing orange stickers for his board-up company to the gathered crowd watching the fire.

GRAMONT then went on to say that as the fire was extinguish she and the same people that had been in her apt. returned her apt. She then went on to say that approx. 15 minutes after arriving back at her apt. sh had occasion to be in the rear bedroom of her apt. and at that time she overheard KUPPELBERG talking in the adjoining kitchen. She stated that the only thing between her and those talk was a sheet across the doorway for privacy in the bedroom. She then stated that in the kitc was KUPPELBERG and GLASSCO and GLASSCO was asking why KUPPELBERG he started the building on fire and KUPPELBERG repliedthat he had started the fire and the reason he started the fire w that he was angry Dawn. She then went on to say that all of those in the apt. had asked her if KUPPELBERG had set the fire and she did not respond to them as she was afraid for her and her childrens safety.

GRAMONT then related that several weeks after the fire she KUPPELBERG were in her apt. and that they were again arguin over KUPPELBERGS wife and at that tie GRAMONT stated "Why did you set the fire that killed all those children" to which KUPPELBERG responded "I did set the fire where the kids died but I didnt set that bldg. on fire I lit the one next door and that caught the kids bldg. on fire.

GRAMONT then added that the subject was never brought up again until GRAMONT was visiting KUPPELBERG at the East Mol jail and at that time KUPPELBERG brought the fire up and stated that he had in fact set the fire where the kids were killed and the reason that he had set the fire was that he was angry at GRAMONT, Donna his wife and another girl named Kathy Meagher. GRAMONT was the taken to t States Attornys Office whereshe was interviewed by ASA Bruce Rather and then testified before the Grand Jury. This investigation remains in progress and the R/Ds request that this repor be considered a progress report. Any further developments will be the subject of additional supplementary reports.

ERPORT OF:
Det. William Foley #8108
William Kelly #3644
Area 3 Violent Crimes

#36

nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

# SUPPLEMENTARY REPORT
CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

| | 4. DATE OF ORIG. OCCURRENCE–TIME |
| DAY | MO. | YR. |
| 24 Mar | 84 | 0409 |

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1. UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | 1 VERIFIED 2 CORRECTED | 3. BEAT OF OCCUR. |
| Death Investigation | 5084 | 4448 S. Hermitage | | 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT 1 YES 2 NO | IF NO, CORRECT ALL VICTIM INFOR-MATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED 1 YES 2 NO | 7. BEAT ASSIGNED |
| Luperico, Santos | X YES | | X YES | 5818 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
| apartment building | 290 | 7 | 1 |

| CIRCUM-STANCES | 11. VERI-FIED UPDATE TO | 12. OBJECT/WEAPON CODE NOS. | 13. FIREARM FEATURES CODE | 14. POINT/ENTRY CODE NO. | 15. POINT/EXIT CODE NO. | 16. BURGLAR ALARM CODE | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |

| PROPERTY | VERIFIED / UPDATE TO | DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN, R = RECOVERED | | | FILL IN THE FULL AMOUNT OF ALL THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT. |
| | | 1 MONEY T $ | 2 JEWELRY T $ | 3 FURS T $ | 4 CLOTHING T $ | 7 OFFICE EQUIPMENT T $ | 8 TV, RADIO, STEREO T $ |
| | | 9 HOUSEHOLD GOODS T $ | 0 CONSUM. GOODS T $ | 3 FIREARMS T $ | 6 NARC./DANGEROUS DRUGS T $ | 5 OTHER T $ | 6 NONE T $ |

| VICTIMS UPDATE ONLY | 20. NAME (LAST–FIRST–M.I.) | 21. UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN-JURED 1 YES 2 NO | 27. VICTIM REL. CODE |
| 1. | | | | | | | | |
| 2. | | | | | | | | |
| 3. | | | | | | | | |

**BOMB-ARSON**

| OFFENDERS UPDATE ONLY | 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX–RACE–AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
| | Kluppelberg, James | 3351 S. Bell | M/2/23 | 5-7 | 165 | bl | bl | lt |

| | 31. C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | 1 OFFENDER REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. OR J.D.A. NO. | OFFENDER REL. CODE | 32. NO. ARRESTED | ARREST UNIT NO. |
| OFF. | | REDACTED | 024 | OFF. | | | 1 | 603 |

| 33. OFF'S VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | V.I.N. | STATE LICENSE NO. | STATE |
| USED STOLEN | | DNA | DNA | | PERMANENT RETENTION FILE | | |

| 34. SERIAL NOS. OR IDENTIFICATION NOS. DNA | 2 VERIFIED | 3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. IN NARRATIVE |

| 50. OFFENSE/CLASS. THIS DATE (IF SAME ENTER DNA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED X FIELD 3 SUMMARY | 153. STATUS |
| dna | | | 603 | X 0 PROGRESS 1 SUSPENDED 2 UNFOUNDED |

| STATUS CONT'D | 54. IF CASE CLEARED, HOW CLEARED |
| 1 CLRD. CLOSED | 4 CLRD. OPEN | 5 EXC. CLRD. CLOSED | 6 EXC. CLRD. OPEN | 7 CLSD. NON-CRIM. | 1 ARREST & PROSEC. | 2 DIRECTED TO JUV. CRT. | 3 COMPL. RFUSD. TO PROSECUTE | 4 COMMUNITY ADJUSTMENT | 5 OTHER EXCEPT. | ADULT | JUV. |

55. FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

80. NARRATIVE

**Bomb-Arson Additional Information Report**

On today's date, above mentioned offender, JAMES KLUPPELBERG , was indicted by

the Cook County Grand Jury  for 18 Cts Murder, 7 Cts Attempt Murder, and  3 Cts

of Arson.  An arrest warrant was obtained for Kluppelberg, signed by Judge Karnezis

and lodged with the Cook County Sheriff's office & jail where Kluppelberg is being

held on arson charges currently.  All above mentioned charges are fore

the incident reported under this  RD number

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED DAY MO. YR. | TIME | 92. SUPERVISOR APPROVING (PRINT NAME) STAR NO. |
| 1 -A/3 VC | 27 Jan 88 | 1800 | Det J. Sandow 1823 |

| 93. REPORTING OFFICER (PRINT NAME) | REPORTING OFFICER (PRINT NAME) STAR NO. |
| Det L. Rolston 11935 | Det J. Schmitz 14634 |

| SIGNATURE | SIGNATURE | 95. DATE REVIEWED (DAY–MO.–YR.) | TIME |
| | | 28 Jan 88 | 1730 |

CPD-11.411-B (Rev.) *MUST BE COMPLETED IN ALL CASES.

35. R.D. NO. F-105-510

CRC 228

CITY-KLUP_000575

nickname, sex, race code, age, height, weight, color eyes & hair, complexion, scars, marks, etc. *the end of narrative. Offender's approximate description, if possible, should include name if known. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "In Custody."

## SUPPLEMENTARY REPORT
CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME
DAY 24 | MO. MAR | YR. 84 | 0409

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | I–UCR OFF. CODE | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE | X1 VERIFIED ☐2 CORRECTED | 3. BEAT OF OCCUR. |
|---|---|---|---|---|
| DEATH INVESTIGATION | 5084 | 4448 S. Hermitage St. | | 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | CORRECT XXYES ☐NO | IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27. | 6. FIRE RELATED XXYES ☐NO | 7. BEAT ASSIGNED |
|---|---|---|---|---|
| LUPERCOI, Santos | | | | 5311 |

| 8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 9. NO. OF VICTIMS | 10. NO. OF OFFENDERS |
|---|---|---|---|
| Residence/Apartment Bldg. | 290 | 6 | 1 |

| 19. CIRCUMSTANCES | XX VERIFIED ☐ UPDATE TO | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY CODE NO. | 15. POINT/EXIT CODE NO. | 16. BURGLAR ALARM CODE NOS. | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |
|---|---|---|---|---|---|---|---|---|
| | | CODE NO. | | | | | | |

19. PROPERTY | XX VERIFIED ☐ UPDATE TO — DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN; R = RECOVERED

FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT.

| 1 MONEY ☐T $ ☐R | 2 JEWELRY ☐T $ ☐R | 3 FURS ☐T $ ☐R | 4 CLOTHING ☐T $ ☐R | 7 OFFICE EQUIPMENT ☐T $ ☐R | 8 TV, RADIO, STEREO ☐T $ ☐R |
|---|---|---|---|---|---|
| 5 HOUSEHOLD GOODS ☐T $ ☐R | 0 CONSUM GOODS ☐T $ ☐R | 9 FIREARMS ☐T $ ☐R | 6 NARC./DANGEROUS DRUGS ☐T $ ☐R | 5 OTHER ☐T $ ☐R | |

| 20. NAME (LAST—FIRST—M.I.) | 21. UCR OFFENSE CODE | 22. HOME ADDRESS (NO., DIR., STREET, APT., NO.) | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IR NO. | 27. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

VICTIMS UPDATE ONLY

| 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) | 29. HOME ADDRESS | 30. SEX–RACE–AGE CODE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. |
|---|---|---|---|---|---|---|---|
| 1. KUPPELBERG, James AKA KLUPPELBERG, James | 3351 S. Bell St. | M/2/22 | 5-7 | 165 | Blue | Blnd | Lig |

OFFENDERS UPDATE ONLY

| 31. C.B. NO. | OFF. 1 REDACTED | OFF. 2 REDACTED | 32 OFFENDER I REL. CODE | C.B. NO. | I.R. NO., Y.D. NO. | I OFFENDER UNIT NO. | 32. NO. CHARGES | ARREST. UNIT NO. |
|---|---|---|---|---|---|---|---|---|
| | | | 24 | | | 1 | | 632 |

| 33. OFFX. VEHICLE | YEAR | MAKE | BODY STYLE | COLOR | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|---|
| ☐USED ☐STOLEN | None at the time of arrest | | | | | |

| 34 SERIAL NOS. OR IDENTIFICATION NOS. | XX | ☐1 DNA ☐2 verified ☐3 corrected | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE |
|---|---|---|---|

| 50. OFFENSE/CLASSIFICATION THIS DATE (IF SAME ENTER DNA) | REV. CODE | 51. METHOD CODE | 52. METHOD ASSIGNED | UNIT NO. | 53. STATUS |
|---|---|---|---|---|---|
| HOMICIDE/MURDER | 0110 | | XXFIELD ☐1 SUMMARY | 632 | ☐0 PROGRESS ☐1 SUSPENDED ☐2 UNFOUNDED |

| STATUS CONT'D | XX1 CLRD. OPEN | ☐4 CLRD. OPEN | ☐5 EXC. CLRD. CLOSED | ☐6 EXC. CLRD. OPEN | ☐7 CLSD. NON-CRIM. | 54. IF CASE CLEARED, HOW CLEARED XX1 ARREST & PROSEC. ☐2 DIRECTED TO JUV. CRT. ☐3 COMPL. RFUSD. TO PROSECUTE ☐4 COMMUNITY ADJUSTMENT ☐5 OTHER EXCEPT. | XXADULT ☐ JUV. |
|---|---|---|---|---|---|---|---|

55. ☐FOR SUMMARY CASES ONLY – THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

90. NARRATIVE

THIS IS A 1984 DEATH INVESTIGATION RE-CLASSIFIED TO HOMICIDE/MURDER(6) VICTIM

VICTIMS:

LUPERCIO, Elva., F/WH/28., LKA 4448 S. Hermitage St.
No Phone., Married., Unemployed., Victim was DOA at
Mercy Hospital., 24 MAR 84., 0810hrs., Dr. Smith
ME Case # 525 MAR 84

LUPERCIO, REDACTED M/WH/10., 4448 S. Hermitage St.
No Phone., Single., Student., Victim was DOA at
Mercy Hospital., 24 MAR 84., 0810hrs., Dr. Smith
ME Case # 526 MAR 84

CONTINUED ON PAGE # 2

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) Normal | 91. DATE THIS REPORT SUBMITTED – DAY 29 | MO. JAN | YR. 88 | TIME 1700 | 92. SUPERVISOR APPROVING (PRINT NAME) Sgt. O'Neil 94 |
|---|---|---|---|---|---|
| 93. REPORTING OFFICER (PRINT NAME) William Foley | STAR NO. 8108 | 93. REPORTING OFFICER (PRINT NAME) William Kelly | STAR NO. 3644 | | SIGNATURE |
| SIGNATURE William Foley | | SIGNATURE William Kelly | | 95. DATE APPROVED (DAY–MO.–YR.) 30 Jan 88 | TIME 1500 |

CPD-11.411-B (Rev. 8/85) *MUST BE COMPLETED IN ALL CASES

CITY-KLUP_000576

HOMICIDE/MURDER
Victim, LUPERCIO, Santos

F-105 510
29 JAN 88

Page # 2

PERMANENT RETENTION FILE

VICTIMS CONT'D:

LUPERCIO, <span>REDACTED</span> F/WH/8., 4448 S. Hermitage St.,
No Phone., Single., Student., DOA at Mercy Hospital
24 MAR 84., 0810hrs., Dr. Smith., ME Case # 528 MAR8

LUPERCIO, <span>REDACTED</span> F/WH/6., 4448 S. Hermitage St.,
No Phone., Single., DOA at Mercy Hospital, 24 MAR 8
0915hrs., Dr. Smith., ME Case # 527 MAR 84

LUPERCIO, <span>REDACTED</span> F/WH/3., 4448 S. Hermitage St.,
No Phone., Single., DOA at Mercy Hospital, 24 MAR 84
ME Case # 530 MAR 84., Dr. Smith., 0915hrs.

LUPERCIO, <span>REDACTED</span> F/WH/4., 4448 S. Hermitage St.,
No Phone., Single., DOA at Mercy Hospital 24 MAR 84,
1130hrs., Dr. Smith., ME Case # 529 MAR 84

ADDITIONAL VICTIMS:

LUPERCIO, Santos Sr., M/WH/35., 4939 S. Winchester S
2nd Flr., Ph# 476-7442., Unemployed. This victim
was hospitalized at the Holy Cross Hospital with a
skull fracture, burns to the back and bruised shoul
Additionally this victim was hospitalized for three
months as a result of the injuries he sustained from
falling from his second floor apartment window.

The folowing persons were treated and released at th
Holy Cross Hospital. The sustained varying degrees
of smoke inhalation:

SILLER, Oscar.,M/WH/26., 4448 S. Hermitage St., 3rd
Flr., New Address 2017 W. 52nd St., No Phone.

SILLER, Oralia., F/WH/24., 2017 W. 52nd St.
SILLER, <span>REDACTED</span> F/WH/5., 2017 W. 52nd St.
SILLER, <span>REDACTED</span> M/WH/4., 2017 W. 52nd St.

PETROSUS, Charles., M/W/74., 4446 S. Hermitage St.,
1st Fl., Ph# 247-1462., This victim was also treated
and released at the Holy Cross Hospital smoke inhal-
ation.

<span>REDACTED</span>, F/WH/6., 4450 S. Hermitage St.,
1st Flr., Treated and released at the Holy Cross
Hospital for smoke inhalation

OWNERS OF BUILDINGS:

PENA, Guadalupe., M/WH/51., 4450 S. Hermitage.
SANDOVAL, Abel., M/WH., 50., 4448 S. Hermitage.,
currently residing at 5030 S. Paulina.

-3-

9 56   11 56   3 FEB 1988

CONTINUED ON PAGE # 3




#39

CITY-KLUP_000577

HOMICIDE/MURDER
Victim, LUPERCIO, Santos

F- 105 510
29 JAN 88

Page # 3

RECLASSIFIED

IN-CUSTODY:
KUPPELBERG, James., M/2/22., DOB REDACTED,
Address 3351 S. Bell St., AKA KLUPPELBERG, James.,
No Phone., Unemployed., Single., 5-07., 165lbs.,
Blue eyes and blonde hair., Light complected., At
the time of arrest KUPPELBERG had a moustache and
full beard., At the time of arrest KUPPELBERG was
wearing a blue jean jacket, white shirt and blue
jean pants., brown shoes., IR# REDACTED CB# REDACTED

ARRESTING OFFICERS:
Dets. William Foley #8108, William Kelly #3644
L. L. Rolston #11935, J. Schmitz #14634
J. Smith #3023, J. Rusnak #11162

DATE, TIME, LOCATION
OF ARREST:
28 JAN 88., 1100hrs., 2630 S. California Ave.,
Criminal Cts. Building., 4th Floor., Rm 402

CHARGES, COURT BRANCH
AND DATE:
The above listed In-Custody subject was indicted
by the Grand Jury and was charged with 18 counts
of Murder, seven counts (7) counts of Attempted
Murder and three (3) counts of arson. The In-
Custody subject is to be arraigned before the Chief
Judge., 2600 S. California Ave., Rm100., 18 FEB 88.

LOCATION:
The scene of this incident is a three story frame
bldg containing three five room apartments located
at 4448 S. Hermitage St. Additionally, the building
located at 4450 S. Hermitage St. burned to the ground
It also was a three story frame building. It should
be noted that the buildings at 4446 and 4452 S. Her-
mitage St. were also damaged in this same fire.

DATE AND TIME:
24 MAR 84., 0409hrs.

WEATHER/LIGHTING:
Clear/cool/artificial and natural

MANNER/MOTIVE:
The offender entered the vacant first floor apt at
4448 S. Hermitage St. and ignited newspapers that
then in turn ignited the building involving the enti
building at 4448 S. Hermitage St. This fire then
spread to the adjacent bldg. at 4450 S. Hermitage
and completely destroyed that bldg. It should be not
that the bldgs. at 4446 and 4452 S. Hermitage St.
were also heavily damaged./ The offender started thi
fire because he was mad at his girlfriend Dawn Gra-
mont.

-3 FEB 1988  11 56

CONTINUED ON PAGE # 4

#40

CITY-KLUP_000578

HOMICIDE/MURDER
Victim, LUPERCIO, Santos

F-105 510
29 JAN 88

Page # 4 PERMANENT RETENTION FILE

IDENTIFIED BY:

The victims in this incident by the Medical
Examiners Office through the use of dental
records.

EVIDENCE:

Inv. 458119 - 46 black and white C.F.D. phot
graphs, 1 copy of C.F.D. repor
dated 3-24-84, 1 copy of C.F.I
Trk. 33 log book dated 3-24-84
E.I. 5696  - 10 color photos of fire scene
RD# F-105510- Recent photos of fire scene

NOTIFICATIONS:

A.S.A. D. O'Brien, Felony Review Unit
L. Axelrood, Felony Review Unit
W. Gamboney, Felony Review Unit

A.S.A. B. Rather, Arson Unit
J. Warnick, Arson Unit

PERSONNEL ASSIGNED:

(1988) Bt. 5311 - Foley#8108 and Kelly #3644
5312 - Smith#3023 and Rusnak#1116
5313 - Cegielski#14238, Crescenzo
5314 - Ptak #6029
5918 - Rolston#11935,Schmitz#1463
9632 - Tech. Gurtowski#13319

(1984) Bt. 5316 - Tuider#5648,McKinley#12931
5812 - Jenkins #11828
5813 - Urbon#14261,Guest#10600
5814 - O'Donnell#12431,Surdej#154



WITNESSES:

GRAMONT, Dawn., F/W/22., DOB REDACTED , 3629
S. Parnell., 1st Flr., No Phone., Eye/Oral
SS# REDACTED , Single., Unemployed

GLASSCO, Duane., M/W/23., DOB REDACTED , 28
W. 39th St.. No Phone., Single., Unemployed,
Eye/Oral/Written

INTERVIEWED:

Battalion Chief William C. Alleta, Director
Office of Fire Investigation., 1401 S. Mich-
igan Ave., 744-0344

Dept. Chief F. Pat Burns, Fire Marshal, Asst
Director, Office of Fire Investigation, 1401
S. Michigan Ave., 744-0344

STATEMENTS:

Oral statement by In-Custody KUPPELBERG
Oral and written statements by GRAMONT and
GLASSCO

CONTINUED ON PAGE # 5

#41

CITY-KLUP_000579

HOMICIDE/MURDER
Victim, LUPERCIO, Santos

F - 105510
29 JAN 88

RECORD COPY

Page # 5 PERMANENT RETENTION FILE

INVESTIGATION: The undersigned R/'s were assigned to this investigation by Sgt. Lee of this command. The reporting detectives were informed that during the course of an arson investigation, a subject ( James KUPPELBERG) had admitted to starting a fire where six persons had died. Upon further investigation, it was learned that the fire had occured on 24 Mar 84 and was located at 4448 S. Hermitage. The reporting detectives proceeded to the Records Division and obtained copies of all reports that had been previously submitted. The reporting detectives then signed KUPPELLBERG out of Mens Central Detention and brought to Area 3 Violents Crimes for an interview. After advising KUPPELBERG of his Constitutional rights, KUPPELBERG related that he had spoken with his lawyer and that he did not wish to make any statement at that time.

The R/Ds then had occasion to attend a conference with A.S.A. Warnick of the Arson Task Force, the Bomb and Arson Unit dets. Reiston and Schmitz and A.S.A. B. Rather. As a result of that conference the R/Ds had occasion to interview Director Alletto and Dept. Director Burns of the C.F.D. Office of Fire Investigation.

Alletto and Burns related the following in summary; On 24 MAR 84 they had occasion to conduct an investigation into the cause and origin of the fire which occured at 4448 S. Hermitage St, 24 MAR 84. They then went on to say that their investigation revealed that the fire was an incendiary fire and that this was evidenced by the volume and intensity of the fire, as well as, the burn patterns found at the scene. They then went on to say that they eliminated any other cause of the fire and that the absence of any fire load and the volume and intensity and speed of the fire led then to the conclusion that this was an incendiary fire, arson. In conclusion they related that they were of the opinion that the point of origin was the rear 2/3rds of the first floor apt. of the building located at 4448 S. Hermitage St. Alletto and Burns then turned over to the R/Ds a series of photographs taken the day of the fire, these photographs were of the scene and the victims as they appearred on the date of this incident.

Armed with this information the R/Ds then went to the address of this occurrence and observed it to be two (2) empty lots with a utility pole in the rear of 4448 and a city light pole in the parkway of the empty lot at 4450 S. Hermitage St.. It should be noted that there are two (2) existing buildings adjacent to these empty lots and that their addresses would be 4446 S. Hermitage St. to the north and 4452 S. Hermitage St. to the south. The scene was then photographed by an evidence technician.

During the course of this investigation it was learned that KUPPELBERG was at the home of his girlfriend Dawn Gramont which was at 1748 W. 45th St. which would be two (2) doors to the south of this incident. Further, it was learned that there were several people present in the apt. on the date and time of this incident. Those present were Gramont, Duane Glassco and Michelle and Don Britian, as well as, KUPPELBERG.

CONTINUED ON PAGE #6

# 42

CITY-KLUP_000580

HOMICIDE/MURDER                          F - 105510
Victim, LUPERCIO, Santos                 29 JAN 88

PERMANENT RETENTION FILE Page # 6                    RECLASSIFIED

INVESTIGATION CONT'D:        Dawn Gramont was interviewed and her account
                             of the night of 23-24 MAR 84 was recorded
in a Supplementary report submitted 24 JAN 88. In addition Gramont was
interviewed by A.S.A.s Rather and Warnick and appeared and testified before
the Grand Jury regarding this incident.

                             Duane GLASSCO was then located and intervie
                             by the R/Ds, as well as, A.S.A. Rather.
Glassco related that on the night of this incident he was at Dawn Gramonts
house located at 1748 W. 45th St.  Present in the house was himself, Dawn
KUPPELBERG and Don and Michelle Britian.  He then went on to say that Dawn
and KUPPELBERG were arguing throughout the entire evening and into the night
of 23-24 MAR 84.  He then went on to say that at approx 2330hrs he observed
KUPPELBERG disconnect the street light in front of Dawns house and then re-
turn to the house.  He then added that KUPPELBERG left the house a second
time approx. one (1) hour later and at that time KUPPELBERG took a stack of
newspapers approx. 1ft. high into the rear of the house located at 4448 S.
Hermitage St.  He then added that KUPPELBERG remained in the house for appro
10-15 minutes.  He then saw him come out of the house at 4448 and return to
Dawns house.  GLassco then went on to say that he had a perfect view of the
rear of 4448 as he was in Dawns attic and the window in the attic faces nort
ward toward the rear of 4448 and 4450 S. Hermitage St.

                             GLASSCO then went on to say that at 0330-040
                             on 24 MAR 84 he was again looking out of the
attic window and after discovery of KUPPELBERG leaving the house he saw
KUPPELBERG enter the rear of 4448 carrying a paper bag with something inside
the bag.  Glassco then went on to say that KUPPELBERG remained in 4448 S.
Hermitage St. for approx. 15-20minutes and then runs out of the house at 444
and then east through the yards to Wood St and then south on Wood St.to
45th St. and then back into Dawns house.  Glassco stated that he saw KUPPEL-
BERG take the paper bag from next to the garbage can across the alley from
4448 S. Hermitage St.  Glassco then continued that when KUPPELBERG came back
to Dawns house he smelled from smoke and his clothes were dirty and they
had bits of paper and debris on the clothing.  He then went on to say that
ne then smelled a heavy concentration of smoke and then saw the fireand the
responding fire trucks pulling up at the house at 4448 S. Hermitage.

                             Glassco then went on to say that as the fire
                             trucks were arriving he asked KUPPELBERG
if he had set the fire and KUPPELBERG stated that he had and for GLASSCO
to keep his mouth shut.  Glassco then added that all of the people in the
house went out to watchthe fire and it was at that timethat Glassco saw KUP-
PELBERG handing out business cards and soliciting the crowd for board-up
business from the fire.  Glassco then went on to say that he has seen KUP-
PELBERG hand out business cards at other fires that KUPPELBERG had set.

                             -3 FEB 1988  11 56

                             CONTINUED ON PAGE # 7

#43

HOMICIDE/MURDER                                    F-105510
Victim, LUPERCIO, Santos                           29 JAN 88



                          Page # 7                    RECLASSIFIED

INVESTIGATION CONT'D:           Glassco then continued that he and KUPPEL-
                                BERG went back to Dawn's house and that they
went to the attic and removed the trap door in the roof and were watching the
fire.  At that time Glassco asked KUPPELBERG if he had set the fire to which
KUPPELBERG replied that he had set the fire and that Glassco had better keep
his mouth shut about the fire and the admission.  Glassco related that some-
time later the same morning he again asked KUPPELBERG why he had started the
fire and KUPPELBERG told him that he did it (set the fire) for no particular
reason.  At that time KUPPELBERG went on to tell Glassco that he liked seeing
fire trucks and he was mad at Dawn and anytime he was mad at someone he starte
a fire.  KUPPELBERG then told Glassco he set the fire because he felt like
starting a fire, so he did.  Galssco then stated that he had occasion to be
talking to KUPPELBERG within a week after the fire and at that time he asked
KUPPELBERG if he felt bad that so many people died in the fire he had started
and KUPPELBERG said that he did not bad at all and that the people should have
gotten out of the building before the flames spread to their apartment.
GLASSCO then added that several days after the fire that he had anaymously con
tacted the Back of the Yards Journal with the tip that KUPPELBERG was the of-
fender in this arson. (We-Tip cited in prior reports)  Glassco then appearred
and testified before the Grand Jury in this matter.

                                In continuance of this investigation the R/d
                                appearred and testified before the Grand Jur
on 27 JAN 88 and as a result the Grand Jury issued an arrest warrant charging
KUPPELBERG with 18 counts of Murder, 7 counts of Attempted Murder and 3 Arson
counts.  This warrant was signed by Judge Karnezis and registered with the
Clerk of the Court and lodged at the County Jail where KUPPELBERG was in cus-
tody on another charge.  The R/Ds appearred in Br. 44, 28 JAN 88 and at that
time arrested and processed KUPPELBERG on the above listed charges.  It should
be noted that at the time of this arrest KUPPELBERG was represented by Atty.
Marshall Weinberg and that KUPPELBERG invoked his cons. right to silence.
Judge Bolan then instructed the R/Ds not to question KUPPELBERG regarding this
investigation.  All charges approved by A.S.A.s Warnick and Gamboney.  As a
result of the above stated facts and the arrest and charging of the offender
in this incident the undersigned R/Ds request that this case be re-classified
from Death Investigation (5084) to Homicide/Murder (0110), Cleared by Arrest
and CLOSED.

REPORT OF                       Dets. William Foley #8108
                                     William Kelly #3644
                                Area 3 Violent Crimes

                         96 11   8861 834 8-

#44

## SUPPLEMENTARY REPORT

CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE—TIME 24 Mar 84 0409

| 1. OFFENSE/CLASSIFICATION LAST PREVIOUS REPORT | 1 UCR OFF. CODE | 2. ADDRESS OF OCCURRENCE | | 3. BEAT OF OCCUR. |
|---|---|---|---|---|
| Homicide/Murder | 0110 | 4448 S. Hermitage | ☐1 VERIFIED ☐2 CORRECTED | 913 |

| 5. VICTIM'S NAME AS SHOWN ON CASE REPORT | | 6. BEAT ASSIGNED |
|---|---|---|
| LUPERCOI, Santos | CORRECT ☐1 YES ☒X NO / IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27 | 6 ☐1 RELATED ☐2 ☐1 YES ☐2 NO / 5318 |

| 7. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED | LOCATION CODE | 8. NO. OF VICTIMS | 9. NO. OF OFFENDERS |
|---|---|---|---|
| Residence/Apartment Building | 290 | 6 | 1 |

INVESTIGATION:

The reporting detectives were assigned by Sgt. Nickeas to transport James Kluppelberg to 1121 So. State. While enroute to 1121 So. State the reporting detectives recalled of working on the Homicide of James Kulikowski which occurred on the 12th of December 1982 at 4758 S. Racine as recorded under RD#D 454053. During this investigation Kluppelberg had been charged with Murder in that he hit the victim accross the back of his head with a 2x4 board.

Further that in the month of April of 1983 while the reporting officers were working the third watch and in the area of Madison and Ashland we were stopped in traffic because of a large fire. At this time James Kluppelberg approached our vehicle and asked, "Do you remember me?" The reporting detectives immediately recognized him because of the previous murder investigation and asked him what he was doing there. He replied that he was working up a board. We then told him that this is not what we

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) | 91. DATE THIS REPORT SUBMITTED DAY MO. YR | TIME | 92. SUPERVISOR APPROVING APPROVING REPORT |
|---|---|---|---|
| Normal | 29 January 1988 | 2000 | Sgt Bonke 2108 |

| 93. REPORTING OFFICER (PRINT NAME) | STAR NO. | 94. REPORTING OFFICER (PRINT NAME) | STAR NO. | SIGNATURE |
|---|---|---|---|---|
| Det. T. Ptak | #6029 | Det. M. Duffin | #13596 | |

| SIGNATURE | SIGNATURE | 95. DATE APPROVED (DAY-MO.-YR.) | TIME |
|---|---|---|---|
| Thomas Ptak | Michael Duffin | 8 Feb 88 | 1810 |

#45

RECORD COPY

PERMANENT RETENTION FILE

CITY-KLUP_000583

Homicide/Murder                          Beat #913
LUPERCOI, Santos              RD#K 105   510

Page #2

PERMANENT RETENTION FILE

INVESTIGATION (Cont): meant and asked him why he was not in jail and he replied that he was out on bond. It should be further noted that the fire had just started and he was asked how he got there so fast and replied that he had a radio in his truck. A brief inspection of the truck revealed no such radio. He was then asked about the radio and then showed us a "Realistic" brand hand held scanner. During further conversations with James Kluppelberg he was asked how he was doing and replied that he was hustling for the board up service and also working for a lawyer in getting him personal injury cases. He then gave the reporting officers several cards with the name of his company and phone number on them, also with his name printed on them.

Detectives Thomas Ptak      #6029          Michael Duffin  #13596

             Area #3 Violent Crime Unit

# 46

CITY-KLUP_000584

mextremities arm, face color, age, height, weight, color eyes or hair, complexion, scars, marks, etc. If suspect is arrested, give name, sex, race code, age, C.B. or I.R. number, if known, and state "in Custody."

# SUPPLEMENTARY REPORT
CHICAGO POLICE – FOR USE BY B.I.S. PERSONNEL ONLY

All descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.

4. DATE OF ORIG. OCCURRENCE – TIME
DAY 24 MO. Mar YR. 84 0409 Hrs.

| 1. OFFENSE-CLASSIFICATION LAST PREVIOUS REPORT | | 1 UCR OFF. CODE 0110 | 2. ADDRESS OF ORIG. INCIDENT/OFFENSE 4448 S. Hermitage | ☒ VERIFIED ☐ 1 CORRECTED | 3. BEAT OF OCCUR. 913 |
|---|---|---|---|---|---|

Homicide/Murder

5. VICTIM'S NAME AS SHOWN ON CASE REPORT
LUPERCIO, Santos

☒ CORRECT ☐ 1 NO. 2 NO

6. IF NO, CORRECT ALL VICTIM INFORMATION IN BOXES 20 THROUGH 27.

6. FIRE RELATED ☐ 1 YES ☒ 2 NO

7. BEAT ASSIGNED 5311

8. TYPE OF LOCATION OR PREMISE WHERE INCIDENT/OFFENSE OCCURRED
residence/apartment

9. LOCATION CODE 290

10. NO. OF VICTIMS 6

10. NO. OF OFFENDERS 1

| OFFENSE STATUS | ☐ 11 VERI-FIED ☒ FIED ☐ UPDATE TO | 12. OBJECT/WEAPON | 13. FIREARM FEATURES | 14. POINT/ENTRY | 15. POINT/EXIT | 16. BURGLAR ALARM | 17. SAFE BURGLARY METHOD | 18. IF RESIDENCE WHERE WERE OCCUP. |
|---|---|---|---|---|---|---|---|---|
| | | CODE NOS. | CODE NO. | CODE NO. | CODE NO. | CODE NO. | | |

| PROPERTY | ☐ VERIFIED ☐ UPDATE TO | DESCRIBE PROPERTY IN NARRATIVE. T = TAKEN, R = RECOVERED | FILL IN THE FULL AMOUNT OF ONLY THOSE VALUES WHICH EITHER DIFFER FROM OR WERE NOT REPORTED ON THE ORIGINAL CASE REPORT OR THE LAST PREVIOUS SUPPLEMENTARY REPORT |
|---|---|---|---|

DNA

| | 1 MONEY ☐ T $ ☐ R | 2 JEWELRY ☐ T $ ☐ R | 3 FURS ☐ T $ ☐ R | 4 CLOTHING ☐ T $ ☐ R | 7 OFFICE EQUIPMENT | 8 TV, RADIO, STEREO ☐ T ☐ R |
|---|---|---|---|---|---|---|
| | 5 HOUSEHOLD GOODS ☐ T $ ☐ R | 6 CONSUM. GOODS ☐ T $ ☐ R | 1 FIREARMS ☐ T $ ☐ R | 8 NARC, DANGEROUS DRUGS | 5 OTHER | 9 NONE ☐ T ☐ R |

| VICTIMS UPDATE ONLY | 20. NAME LAST-FIRST-M.I. | 21. 1 UCR OFFENSE | 22. HOME ADDRESS (NO., DIR., STREET, APT. NO.) | 23. SEX-RACE-AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. IN. JURY. YES NO | 27. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|---|

RECORD COPY — PERMANENT RETENTION FILE

DNA

| OFFENDERS UPDATE ONLY | 28. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC.) KUPPELBERG, James | 29. HOME ADDRESS 3351 S. Bell | 30. SEX-RACE-AGE CODE HEIGHT WEIGHT EYES HAIR COMPL. M/W/22 5'7 165 Blue Blnd lt. |
|---|---|---|---|

| OFF. C.B. NO. REDACTED | I.R. NO. Y.D. NO. OR J.D.A. NO. REDACTED | C.B. NO. | R. NO., Y.D. NO. OR J.D.A. NO. | OFF. 2 24 | 31. OFFENDER REL. CODE | 32. NO. ARREST (ARRESTED/UNIT NO.) 1 632 |
|---|---|---|---|---|---|---|

| 33. OFF'S VEHICLE YEAR MAKE | BODY STYLE COLOR | V.I.N. | | STATE LICENSE NO. | STATE |
|---|---|---|---|---|---|
| ☐ USED ☐ STOLEN | | | | | |

| 49. SERIAL NOS. OR IDENTIFICATION NOS. | ☒ 1 DNA ☐ 2 VERIFIED ☐ 3 CORRECTED | LIST ALL CORRECTIONS & NEW OR ADDITIONAL NOS. OBTAINED IN NARRATIVE. |
|---|---|---|
| 50. OFFENSE CLASS, THIS DATE (IF SAME ENTER DNA) REV. CODE DNA | 51. METHOD CODE | 52. METHOD ASSIGNED UNIT NO. 632 | 53. STATUS ☒ 1 FIELD ☐ 2 SUMMARY ☐ 632 ☐ 0 PROGRESS ☐ 1 SUSPENDED ☐ 2 UNFOUNDED |

| STATUS CONT'D | 54. IF CASE CLEARED, HOW CLEARED | |
|---|---|---|
| ☒ 3 CLRD. CLOSED | ☐ 4 CLRD. OPEN | ☐ 5 EXC. CLRD. CLOSED | ☐ 6 EXC. CLRD. OPEN | ☐ 7 CLRD. NON-CRIM. | ☒ 1 ARREST & PROSEC. | ☐ 2 DIRECTED TO JUV. CRT. | ☐ 3 COMPL. REFUSD. TO PROSECUTE | ☐ 4 COMMUNITY ADJUSTMENT | ☐ 5 OTHER EXCEPT. | ☐ ADULT ☐ JUV. |

55. FOR SUMMARY CASES ONLY — THE ORIGINAL CASE REPORT IS SUBSTANTIALLY CORRECT, AND CONTACT WITH THE VICTIM HAS DISCLOSED NO ADDITIONAL PERTINENT INFORMATION.

60. NARRATIVE

INTERVIEWED:    BRITTAIN, Thomas C.    M/W/24 yrs.    DOB: REDACTED

1758 W. 35th St.    no phone    unemployed

SS# REDACTED

INVESTIGATION:    The reporting detectives learned that BRITTAIN had

additional information concerning the Homicide investigatio

of the LUPERCIO family which had previously been cleared by arrest/ closed.

The reporting detectives interviewed BRITTAIN,

Thomas who related in essence but not verbatim

| 90. EXTRA COPIES REQUIRED (NO. & RECIPIENT) Normal | 91. DATE THIS REPORT SUBMITTED DAY 2 MO. Feb YR. 89 TIME | 92. SUPERVISOR APPROVING (PRINT NAME) STAR NO. SGT. G. Corless #743 |
|---|---|---|
| 93. REPORTING OFFICER (PRINT NAME) Det. William Kelly STAR NO. 3644 | 94. REPORTING OFFICER (PRINT NAME) Det. William Foley STAR NO. 8108 | SIGNATURE Sgt G Corless |
| SIGNATURE William Kelly | SIGNATURE William Foley | DATE APPROVED DAY-MO.-YR. TIME 2 Feb 89 0905 |

* MUST BE COMPLETED IN ALL CASES.

CPD-11.411-B (Rev. 9-85)

F 105 510

#47

CITY-KLUP_000585

HOMICIDE/Murder            page 2            F 105 510
LUPERCIO, Santos

INVESTIGATION(cont):        that he has known KUPPELBERG, James for several years. BRITTAIN further related that in MARCH of 1988, he was being held in the Cook County Jail. KUPPELBERG was also being detained there at that time. BRITTAIN related that he was with KUPPELBERG in a cell along with another inmate when they were joined by a male hispanic. This male hispanic had a newspaper article about the LUPERCIO homicides and had named KUPPELBERG as the suspect who had been arrested. The male hispanic was asking KUPPELBERG if the article was about him. KUPPELBERG told them that it was and that was why he was in jail at that time. KUPPELBERG then told the Hispanic males that he did not do it.

Shortly after this, the hispanic males left the cell and BRITTAIN was left alone with KUPPELBERG. At this time BRITTAIN asked KUPPELBERG about the six murders from the fire. BRITTAIN related that KUPPELBERG then told him that he had been with his ex-girlfriend, DAWN, at her house when they had gotten into an arguement. KUPPELBERG then told BRITTAIN that he left their apartment and went into the building at 4448 S. Hermitage. KUPPELBERG told BRITTAIN that he went in there to see if he could steal anything that had been left in the vacant apartment. The conversation continued with KUPPELBERG telling BRITTAIN that he lit a piece of newspaper to use as a torch for some light. KUPPELBERG then said that he threw the lit paper on the floor and then left. KUPPELBERG claimed that the fire had been an accident. BRITTAIN indicated to KUPPELBERG that he did not believe that the fire had been an accident to which KUPPELBERG responded, " Well the house looked abandonned."

BRITTAIN further related that during this conversation, KUPPELBERG told him that he had started cars on fire while working as a security guard. KUPPELBERG told BRITTAIN that he started these fires to make it look as that the parking lot he was working needed more security.

The incident has previously been closed.

REPORT OF:            Det. W. Kelly
                    Det. W. Foley

PERMANENT RETENTION FILE

RECORD COPY

-8 FEB 1993 16    59

#48

CITY-KLUP_000586

BOMB & ARSON WORKSHEET
BOMB & ARSON SECTION/DETECTIVE DIVISION

J-545-732/F-105-510

| OFFENSE ARSON822 Bell Plaine/Death Inv. 4448 S. HERMITAGE | | LOCATION 4448 S Hermitage | |
|---|---|---|---|
| DETECTIVE ASSIGNED ROLSTON11935/SCHMITZ 14634 | | DATE ASSIGNED - TIME 12 Jan 88 | DATE OCCURRED - TIME 24 DEC 87   0400 |
| VICTIM'S NAME - AGE - DESCRIPTION, ETC. SHOMINURE, DAVID | | VICTIM'S ADDRESS 820 Bell Plaine | VICTIM'S TEL. NO |
| VICTIM'S INJURIES see narr | HOSPITALIZED AT DNA | | CONDITION - DOCTOR DNA |
| BUILDING/VEHICLE OWNER SEE NARR | BUILDING/VEHICLE DESCRIPTION SEE NARR | | AMOUNT/TYPE DAMAGE SEE NARR |
| OWNER'S ADDRESS D——————————————— | V.I.N. & VEHICLE LICENSE ————N—————————————A | | OWNER'S TEL. N |
| INSURANCE COMPANY dna | INSURANCE AGENT, REP., INVESTIG. | | AMOUNT & TYPE INSURANCE |

CAUSE & ORIGIN
cause of fire due to offender igniting available combustibles with lighter/matches

RECORD COPY              PERMANENT RETENTION FILE

| DATE DET. ARRIVED - TIME D | FIRE OFFICIAL AT SCENE N | | O.F.I. AT SCENE A |
|---|---|---|---|
| FIRE DEPT. NOTIFIED BY D——————————— | NOTIFIER ADDRESS ————————N——————————————A | | NOTIFIER TEL. N |
| BEAT PERSONNEL AT SCENE | OTHER UNITS AT SCENE | | OTHER DET. AT SCENE |
| OFFENDER'S NAME - AGE - DESCRIPTION JAMES KLUPPELBERG   AGE22 yrs | OFFENDER'S ADDRESS 3351 S. Bell | | OFFENDER'S I.R./C.B. NO. IR# REDACTED |
| ARRESTED BY ROLSTON/SCHMITZ | LOCATION OF ARREST 1121 S State | | DATE OF ARREST - TIME 12 Jan 88   2100 |
| CHARGES ARSON ( 2 Cts ) | APPROVED/DISAPPROVED BY APPR L. AXELROOD Fel Review | | COURT BRANCH - DATE 44-2 21 Jan 88 |
| MOTIVE see narr | EVIDENCE see narr | | CASE STATUS IN PROGRESS |
| WITNESS/PERSON INTERVIEWED | ADDRESS & TEL. NO. | | RELATIONSHIP TO VICTIM |
| | | | |
| | | | |
| | | | |

NARRATIVE - Include a brief account of the incident with all pertinent information included. Utility, smoke detector & sprinkler information will be included if applicable.

During investigation of arson fires recorded under J-545-732, above offender admitted to

starting these two car fires and in addition admitted to starting a series of

garage and abandoned building fires in the 009 distict during and preceeding 1984.

XX Offender also admitted to starting a fire at 4448 S. Hermitage on 24 Mar 84 in

which six persons were killed.    Oral admissions were given to both det's and ASA.

After consultation w/ spec. pros. it was decided that corroboration of offender's

confession was needed before murder charges could be approved re: fire deaths.

CPD-23.258 (8/87)

#49

CITY-KLUP_000587